Julio Mayen
15335 Castle Peak Lane
Jamul, CA 91935
ekultan@gmail.com
(619) 937-2307


FILED
17 JAN 11 AM 8:57
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# district court of the United States
# at the Southern district of California

| | |
|---|---|
| **Julio Mayen,**  *Plaintiff*  vs.  **New Penn Financial, LLC**  **dba Shellpoint Mortgage Servicing**  *Defendant* | Case No. 17CV0050 JLS MDD  **Verified Complaint for Damages**  **Trial by Jury Demanded** |

## NATURE OF THIS CLAIM/COMPLAINT

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, *15 USC 1692 et seq.* (FDCPA), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.
The California legislature wrote The Rosenthal Fair Debt Collections Act, *California Civil Code (CCC) 1788, et seq.* (Rosenthal Act).

3. This Claim for Damages is brought by an individual Plaintiff against the Defendant for actual and statutory damages, costs and attorney's fees pursuant to the FDCPA and the Rosenthal Act as a result of Defendant's conduct in the collection of an alleged consumer debt in default for over four and a half years prior to being assigned to Defendant for collection.

4. Plaintiff seeks to recover monetary damages and any other relief for Defendant's violations of the FDCPA and the Rosenthal Act.

**JURISDICTION AND VENUE**

5. This court has jurisdiction pursuant to Article 3 of the Constitution, *15 USC 1692(k)d, 28 USC 1331 and CCC 1788.30f.*

6. All conditions precedent to the bringing of this action have been performed by the Plaintiff.

7. Plaintiff resides in San Diego County, California. Defendant's conduct causing this claim occurred in San Diego County, California.

8. Venue is proper in the southern district of California.

## PARTIES & DEFINITIONS

9. The Plaintiff in this lawsuit is Julio Mayen, a natural person residing in San Diego County, California and is therefore a **person** as defined by *CCC 1788.2(g)* of the Rosenthal Act.

10. Plaintiff is a natural person allegedly obligated to pay a debt, therefore, Plaintiff is a **consumer** as defined by *15 USC 1692(a)3.*

11. Defendant seeks collection of an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such, this is a **debt** as defined by *15 USC 1692a(5)*. Furthermore, Defendant seeks money, property or their equivalent which is alleged to be due or owing from a natural person, the Plaintiff, to another person(s), the Defendant. As such, this is a **debt** as defined by *CCC 1788.2(d).*

12. Defendant seeks money, property or their equivalent which is alleged to be due or owing from a natural person, the Plaintiff, by reason of a consumer credit transaction. As such, this is a **consumer debt** as defined by *CCC 1788.2(e)*.

13. Plaintiff is a natural person whom Defendants seek to collect a consumer debt which is alleged to be due and owing to Defendant, therefore, Plaintiff is a **debtor** as defined by *CCC 1788.2(h).*

14. Defendant New Penn Financial, LLC, dba Shellpoint Mortgage Servicing (Shellpoint), is located at 75 Beattie Pl., #300, Greenville, SC 29601 and at all times relevant to this action, has been doing business in and under the laws of California and the laws of the United States. Shellpoint is a properly licensed dba of New Penn Financial, a limited liability company; a corporation. As such, they are a **person** as defined by *CCC 1788.2(g).*

15. Shellpoint collects debts via the mail on behalf of *BANK OF NEW YORK AS TRUSTEE FOR CWMBS 2005-07*, a Real Estate Mortgage Investment Conduit (REMIC). As such, Shellpoint uses any instrumentality of interstate commerce or the mails in a business, the principle purpose of which is the collection of debts and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Shellpoint is a **debt collector** as defined by *15 USC 1692a(6)*. Furthermore, Shellpoint, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. Therefore, Shellpoint is a **debt collector** as defined by *CCC 1788.2(c)*.

16. Loan Servicer's are governed by the Pooling and Servicing Agreement (PSA) as provided to the Securities and Exchange Commission (SEC) by the filing and creation of the REMIC's Prospectus, as well as the CFPB. In keeping with their business model, Shellpoint acquires or purchases defaulted consumer debt in the form of servicing rights involving portfolios of defaulted mortgage loans for the purpose of converting a defaulted loan into a performing loan using the Home Affordable Modification Program (HAMP), a federal program under the U.S. Department of the Treasury. Shellpoint acquired the servicing rights of Plaintiff's consumer debt **over four and a half years after** default and ***never*** engaged in collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity..(iii) concerns a debt which was not in default at the time it was obtained by such person. As such, Shellpoint is a **debt collector** as they fail the Loan Servicer exception of *15 USC 1692a(6)F(iii)*.

17. The terms –
    A) **Dunning letter**, *an accounting term also used by the CFPB and many courts, means a letter sent to a customer, stating that the customer is overdue in paying an account receivable to the sender.*

*B) **Debt validation letter*** *means a request from the alleged debtor to the debt collector to provide account-level documentation from **the original creditor** that substantiates the amount owed is correct and valid. Also known as a bill of particulars or a full accounting starting from the time the debt started and showing all debits and credits of the account. Often used in combination with a debt dispute letter to a debt collector.*

## BACKGROUND

18. Plaintiff obtained a residential home loan from Countrywide Home Loans, Inc. (Countrywide) for which a deed of trust (DOT) was recorded against Plaintiff's real property located at 15335 Castle Peak Lane, Jamul, CA 91935 on or about December 27, 2004 in the amount of $1,088,000.00.
19. On March 1, 2009, Plaintiff allegedly defaulted on the loan.
20. On December 24, 2013, Resurgent Capital Services L.P (Resurgent) sent Plaintiff a letter stating they have acquired the servicing rights of Plaintiffs defaulted loan.
21. On January 31, 2014, Plaintiff sent Resurgent a debt validation letter disputing the amount and validity of the debt.
22. On February 14, 2014, Plaintiff received a notice from Resurgent and Shellpoint transferring servicing rights to Shellpoint.
23. On March 31, 2014, Plaintiff sent Shellpoint a debt validation letter disputing the amount and validity of the debt.
24. In response to Plaintiff's disputes, Shellpoint has provided documents as if plaintiff has requested a Qualified Written Request (QWR) instead of account-level documents substantiating the amount and validity of the debt. To this date, Defendant has never validated or verified the alleged debt.

## FACTUAL ALLEGATIONS

25. Defendant, for the past 12 months, has sent Plaintiff six demands for payment without providing any account-level documentation substantiating the amount of the debt. As such, Defendant has continued collection activity

of a disputed debt. Consequently, Defendant has violated *15 USC 1692g(b)* six times. As this law is incorporated in the Rosenthal Act, Defendant has also violated *CCC 1788.17* six times.

26. Defendant has never substantiated the principle amount of this alleged debt as true and accurate. Furthermore, Defendant's correspondence regarding debt amounts due are very inconsistent and confusing. As such, Defendant has falsely represented the character and amount of this debt. Consequently, Defendant has violated *15 USC 1692e(2)A*. As this law is incorporated in the Rosenthal Act, Defendant has also violated *CCC 1788.17*.

27. Defendant's conduct of multiple violations of Federal and State Laws has and is causing the Plaintiff the following damages:
    a. personal expenses related to seeking remedy in this proceeding;
    b. physical injury to Plaintiff resulting in emotional distress, frustration, mental anguish, embarrassment, humiliation and loss of happiness;
    c. a diminished credit score and credit reputation which may hinder Plaintiff's ability to obtain credit or a job in the future.

## COUNT I OF CLAIM
### Violations of the FDCPA

28. Plaintiff repeats and re-alleges each and every allegation stated above.
29. Defendant's aforementioned acts constitute numerous and multiple knowing and/or willful violations of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:
   a. Adjudging that Defendant willfully violated the FDCPA;
   b. Awarding Plaintiff statutory damages, pursuant to *15 USC 1692k*, of $1,000;
   c. Awarding Plaintiff actual damages of $2,000,000, Attorney's fees and costs pursuant to *15 USC 1692k*.

Awarding any injunctive or further relief the court deems proper including, but not limited to the issuance of an injunction against Defendant to cease collection activity until the alleged debt is properly validated

## COUNT II OF CLAIM

### Violations of the Rosenthal Act

30. Plaintiff repeats and re-alleges each and every allegation stated above.
31. Defendant's aforementioned acts constitute numerous and multiple knowing and/or willful violations of the Rosenthal Act.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a. Adjudging that Defendant willfully violated the Rosenthal Act;
   b. Awarding Plaintiff statutory damages, pursuant to ***CCC 1788.30b***, of $1,000;
   c. Awarding Plaintiff actual damages of $2,000,000, Attorney's fees and costs pursuant to ***CCC 1788.***

Awarding any injunctive or further relief the court deems proper including, but not limited to the issuance of an injunction against Defendant to cease collection activity until the alleged debt is properly validated.

### Demand for a Trial by Jury

Plaintiff demands a Trial by Jury, pursuant to Article 7 of the Constitution.

Respectfully submitted,

Dated: January 11, 2017

By: *Julio Mayen*
Julio Mayen, Plaintiff

**VERIFICATION**

The undersigned, for himself declares:

I am the Plaintiff in the above-entitled action. I have read the forgoing complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United State of America, that the forgoing is true and correct.

Date: JANUARY 11, 2017

By: _____
Julio Mayen