Julio Mayen
15335 Castle Peak Lane
Jamul, CA 91935




# district court of the United States at the Southern district of California

| | |
|---|---|
| **Julio Mayen,** *Plaintiff* | **Case No.** 17CV0050 JLS MDD |
| **vs.** | **MANDATORY JUDICIAL NOTICE/ JUDICIAL NOTICE AND PLAINTIFF'S COGNIZANCE WITH CLAIM OF RIGHTS** |
| **New Penn Financial, LLC dba Shellpoint Mortgage Servicing** *Defendant* | **TRIAL BY JURY DEMANDED** |

## PLAINTIFF'S JUDICIAL NOTICE

Plaintiff, in accordance with the Federal Rules of Evidence, Rule 201 (in conjunction with the Supremacy Clause of the Constitution of the United States of America) and any other applicable authority unknown to the Plaintiff, hereby NOTICES the Court to take MANDATORY JUDICIAL NOTICE of the following laws:

Federal Evidence Rule 201, which Plaintiff moves the Court to also take JUDICIAL NOTICE pursuant to said rule.

All parties and officers of the court are hereby placed on NOTICE under the authority of the Supremacy clause, due process and equal protection clauses of the United States Constitution and the common law authorities of *Hugh v. Rowe*, 449 U.S. 5 (1980); *Haines v. Kerner*, 404 U.S. 519 (1972); *Platsky v. C.I.A.* 953 F.2d. 26 (2nd Cir. 1991); *Anastasoff v. United States,* 223 F.3d 898 (8th Cir. 2000); and *Trinsey v. Pagliaro*, 229 F.Supp. 647, 649 (D.C. Pa. 1964) and similar cases noted herein.

*Rowe and Haines* collectively states that courts *must not* hold *pro se* litigants to the same standards as a lawyer of the bar regarding procedure, etc.; that courts are to "liberally construe" *pro se* litigant's submissions and to make *"reasonable allowances"* due to their lack of legal training.

Accordingly to the cases of *Rowe*, if there are any defects in the plaintiff's moving papers, the Plaintiff, (hereinafter referred to as the "Undersigned"), respectfully requests that the Court interpret said defects and render a proper and just decision, or point out the defects for correction and grant permission and provide sufficient time to re-file said paperwork rather than penalizing Plaintiff's motion for procedure or other errors due to the Undersigned's lack of legal training.

In *Platsky*: a court errors if the court dismisses the *pro se* litigant without instruction of how pleadings are deficient and how to repair pleadings.

Regarding *Anastasoff*: The Undersigned hereby invokes the powers and protections of *Anastasoff*, part II and part III of the decision especially, wherein it speaks to the historical underpinnings of the Doctrine of Precedence. Litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a right to have their claims adjudicated according to the rule of precedent.

**COPYRIGHT NOTICE:** The Undersigned quoted citations "as purported in" context to copyrighted case law, statues, rules of court and court decision material as found in books published with Federal or State funding supplied by the Citizens of the United States of America and intended for use by attorneys, and does so under the provisions of the Fair Clause of the Copyright Laws of the United States (see 17 USC § 107).

**MANDATORY JUDICIAL NOTICE: An attorney cannot testify or authenticate evidence for its client:** An attorney's affirmation or testimony generally cannot advance substantive proof. Moreover, counsel for Defendant cannot testify or plea for its client[1] nor can counsel authenticate any document in this case regarding the alleged Contract since counsel has no personal knowledge of any alleged transaction in this matter.

---

[1] It is well established that statements of counsel of alleged facts are not sufficient to establish facts or evidence in the case for its client. See *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (D.C. Pa. 1964) ("The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6), 12(d) and 56(c). *Statements of counsel in their briefs or argument while enlightening to the court are not sufficient for purposes of granting a motion to dismiss or summary judgment.*" [emphasis added]); see also, *Loomis, In re*, 587 N.W.2d 427, 438 (S.D., 1998) ("Attorneys cannot testify on behalf of their clients"); Estes v. Millea, 464 N.W. 2d 616, 619 (S.D. 1990) ("[A]n attorney cannot testify on behalf of his client [citations omitted]. Further, the

See, e.g., *Key Bank of Me. V. Lisi*, 225 AD2d 669, 669 (2d Dept 1996) ("affirmation of . . . attorney who had no personal knowledge of the facts...did not constitute proof in admissible form and it [is] without evidentiary value")).

The Court must strike any alleged fact advanced by Defendant's counsel that is not supported by an affidavit or other authenticated document(s) from Defendant or by Defendant's corporate representative(s) that is a competent fact witness with first hand personal knowledge of the claims, facts and documents (to authenticate) employed by Defendant in this matter. See Federal Evidence Rule § 901, 902.

**FOR THE RECORD:** The Undersigned hereby ISSUES a continual objection to any purported evidence proffered by counsel for Defendant, whether in writing or in open court, that does not come from a valid document/ evidence authenticated by a competent fact witness with first hand personal knowledge of the event, document or other evidence. This is a standing and ongoing objection for any future hearings, if necessary.

**JUDICIAL COGNIZANCE**: "Judicial notice or knowledge upon which a judge is bound to act without having it proved in evidence. See Judicial notice." (***Black's Law Dictionary***, 7th Edition, page 760.

---

Communication with the circuit court was not in the form of an affidavit nor under oath. It was merely an argument in a trial brief. *This is clearly not evidence* and, thus, Williams' interrogatory answer stands uncontradicted. ..." [emphasis added]); *Amos v. Cohen*, 2004-Ohio-1265, ("Because the roles of advocate and witness are inconsistent, it is generally inappropriate for a trial attorney to testify on behalf of the client"). Statements of counsel are not evidence, *Exeter Bank Corporation, Inc. V. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995); *British Airways Bd. V. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979).

**JUDICIAL NOTICE**: "…The cognizance of certain facts which judges and jurors may properly take and act upon without proof, because they already know them. Such notice excuses party having burden of establishing fact from necessity of producing formal proof." (***Black's Law Dictionary***, 7th Edition, page 761).

The Undersigned expressively disavows all waivers of any rights that were not made upon previous actual notice in the matters at hand.

That any verified declarations made by the Undersigned under oath are admissible into the evidence record in this matter and shall only be refuted by rebuttal affidavit, verified declarations or by testimony in court under oath by Defendant or its representative with first hand personal knowledge of the matters. The Undersigned hereby claims and invokes the powers, protections and benefits of the Statute of Frauds, especially where it speaks to the fact that in order to sue and receive a judgement, a claim of debt MUST BE PROVEN. The only way to prove the existence of a debt is by evidence, in open court on the record, through the testimony, under oath, of a competent fact witness with first hand personal knowledge and subject to cross examination.

The Undersigned dispels and disavows any and all adverse ***presumptions*** in this matter.

The Undersigned does not waive any rights. All Rights Are Reserved/ Retained Without Prejudice, known and unknown.

The Undersigned herby claims the Due Process right to have Findings of Fact and Conclusion of Law included and in support of Any Order of this Court denying this motion. The United States Supreme Court in *Federal Maritime Commission v. South Carolina States Ports Authority*, 535 U.S. 743 (2002) has held, "The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record" (citing *Butz v. Economou*, 438 U.S. 478 [1978]).

Date: January 11, 2017

By: [signature]
Julio Mayen / Plaintiff