**AKERMAN LLP**
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>          Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC dba SHELLPOINT MORTGAGE SERVICING,<br><br>          Defendants | Case No. 3:17-CV-0050-JLS-MDO<br>Assigned to the Hon. Janis L. Sammartino<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES TO ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Documents Filed Herewith<br>1. Notice of Motion to Dismiss<br>2. Request for Judicial Notice<br>3. Proof of Service<br><br>Hearing Date:<br>Date:   May 25, 2017<br>Time:   1:30 p.m.<br>Crtrm.:  4D<br><br>Complaint Filed:   January 11, 2017<br>Trial Date:        None |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In 2004, Mr. Mayen and his spouse, non-party Sarah A. Mayen, borrowed over one million dollars to buy the property located at 15335 Castle Peak Lane, Jamul, California.  They then neglected to make payments and are currently over $600,000.00 past due.  Rather than trying to cure the default, Mr. Mayen has filed multiple bankruptcies, as well as this lawsuit, not only seeking to legitimize his refusal to make loan payments, but also pursuing a baseless $2,000.000.00 damages award.

Despite his exorbitant demands, Mr. Mayen's factually barren seven-page complaint fails to state a claim entitling him to relief.  **First**, judicial estoppel bars this entire action due to Mr. Mayen's *three* prior bankruptcies.  **Second**, Mr. Mayen fails to allege facts supporting claims under the Fair Debt Collection Practices Act or the Rosenthal Act.  **Third**,  Mr. Mayen fails to include Ms. Mayen despite her being a necessary and indispensable party to the suit.

These incurable deficiencies warrant dismissing with prejudice.  At a minimum the court should require Mr. Mayen to provide a more definite statement.

### II.   STATEMENT OF FACTS

#### A.   The Loan and Deed of Trust

On December 27, 2004, Julio Mayen and co-borrower Sarah A. Mayen obtained a $1,088,000.00 loan from Countrywide Home Loans, Inc., secured by a deed of trust on the property located at 15335 Castle Peak Lane, Jamul, California 91935.  (Request for Judicial Notice (**RJN**), Ex. 1.)  On June 13, 2011, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, recorded an assignment of deed of trust assigning the beneficial interest under the deed of trust to The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-Through Certificates, Series 2005-07.  (RJN, Ex. 2.)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

On February 29, 2016, the Law Offices of Les Zieve, in its capacity as substituted trustee, recorded a notice of default and election to sell under deed of trust. (RJN, Ex. 3.)  The notice reflected arrears of $633,368.93.  (*Id.*)  Four months later, on June 27, 2016, the Law Offices of Les Zieve recorded a notice of trustee's sale, with a total loan balance of $1,531,800.03.  (RJN, Ex. 4.)  No sale has taken place.

### B.   Mr. Mayen's Bankruptcy Filings

On February 21, 2013, Mr. Mayen filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California, initiating case number 3:13-01660-LT13.  (RJN, Exs 5-6.)  Mr. Mayen's filed schedules failed to disclose his present claims against Shellpoint.  (RJN, Ex. 7.)  This first bankruptcy was discharged on May 23, 2013.  (RJN, Ex. 5.)

On August 22, 2016, Mr. Mayen filed a second chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California, initiating case number 3:16-05104-LT13.  (RJN, Exs. 8-9.)  Mr. Mayen again failed to disclose his present claims against Shellpoint in his filed schedules.  (RJN, Ex. 10.)  The second bankruptcy was discharged on January 11, 2017.  (RJN, Ex. 8.)

On November 28, 2016, Mr. Mayen filed a *third* chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California, initiating case number 3:16-07181-LT13. (RJN, Exs. 11-12.)  For the third time, Mr. Mayen failed to disclose his present claims against Shellpoint in his filed schedules.  (RJN, Ex. 13.)  The third bankruptcy was dismissed on March 7, 2017.  (RJN, Ex. 14.)

## III.   <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is limited to the contents of the complaint. *Allarcom Pay Television v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

## IV. ARGUMENT

### A. Judicial Estoppel Bars this Entire Case

Mr. Mayen's claims should be held judicially estopped because he consistently failed to disclose them in his several bankruptcy proceedings. Judicial estoppel is meant to prevent litigants from "playing fast and loose" with the courts by advancing inconsistent positions in the same, or different, cases. *See Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 783 (9th Cir. 2001); *Aguilar v. Lerner*, 32 Cal. 4th 974, 986 (2004). The doctrine applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Aguilar* at 986.

Mr. Mayen's complaint alludes to conduct that occurred between 2014 and 2016. (Compl. ¶¶ 21-24.) Two of Mr. Mayen's three bankruptcies were initiated after this time, though neither mention this dispute. (RJN, Exs. 8-14.) Under the bankruptcy code, all of a debtor's interests in property at the time his petition is filed, including any claims he may have, must be added to the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). Mr. Mayen abused the bankruptcy process by failing to schedule the claims

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

he now alleges against Shellpoint in his bankruptcy schedules.  (*See* RJN, Exs. 7, 10, 13.)  When a debtor fails to disclose all of his or her assets to the bankruptcy court, the debtor is then judicially estopped from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  Without judicial estoppel, the debtor "would gain a windfall by receiving the protection of the bankruptcy court without having disclosed a potential asset while retaining the possibility of a settlement or verdict" on the undisclosed claim.  *Caviness v. England,* No. CIV S-04-2388 GEB DAD PS, 2007 WL 1302522, at *10-11 (E.D. Cal. May 3, 2007).

The same is true even where the bankruptcy is ultimately dismissed, as was the case with Mr. Mayen's third bankruptcy.  (RJN, Ex. 14.)  *See Swendsen v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-02082, 2014 WL 1155794, at *6 (E.D. Cal. Mar. 21, 2014) ("Here, Plaintiff received the benefit of automatic stays under the bankruptcy code for both of his bankruptcies [including his second dismissed bankruptcy].  The bankruptcy court assumed the truth of Plaintiff's schedules, which stated that he did not have any potential claims when indeed he did."); *Sharp v. Nationstar Mortgage LLC*, No. 14-CV-00831, 2014 WL 4365116, at *6 (N.D. Cal. Sept. 3, 2014) (applying judicial estoppel where plaintiff's successive bankruptcy petitions were dismissed).

## B.   Mr. Mayen Cannot State a Claim for "Violations of the FDCPA"

Mr. Mayen accuses Shellpoint of "knowingly and willfully" violating the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (**FDCPA**), by providing him with payment demands missing "account-level documentation."  (Compl. ¶¶ 25, 29.)  The claim is insufficiently pled and inapplicable to Shellpoint.

FDCPA regulates "debt collectors," defined by statute as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692(a)(6).  A debt collector does not include a mortgage servicing

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208  (5th Cir. 1985); *see, e.g., Connors*, 2009 WL 1615989, at *5 (*following Perry*).  Mr. Mayen has not alleged Shellpoint began servicing his loan after he had already defaulted.  As the complaint currently stands, it is altogether unclear what the status of the loan was at the time of the service transfer to Shellpoint.

Mr. Mayen's claim additionally fails because his loan obligation serviced by Shellpoint is not a "consumer debt" for FDCPA purposes.  *See Walker v. Equity 1 Lenders Group,* No. 09cv325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) ("[T]he allegations in the Complaint support that Defendants were foreclosing on the Property, which is not the collection of a debt within the meaning of the FDCPA or RFDCPA."); *Fuentes v. Deutsche Bank*, No. 09 Civ. 502, 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009) ("[A] residential mortgage is not a debt and a home foreclosure is not debt collection within the meaning of the [FDCPA]").

Even assuming Mr. Mayen could survive these legal barriers, the complaint does not contain a single specific fact connecting Shellpoint's conduct to any FDCPA prohibition.  This is the exact pleading style the Supreme Court sought to stamp out in *Twombly* and *Iqbal*.  *See Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM(RBB), 2009 WL 514254, at *4 (S.D. Cal. March 2, 2009) (dismissing FDCPA cause of action for failure to identify what defendant did to violate it).

### C.    "Violations of the Rosenthal Act" Fails

Mr. Mayen's second claim for violations of the Rosenthal Act asks the court to refer to other conclusory paragraphs complaining Shellpoint failed to provide him with "account-level documentation." (Compl. ¶¶ 25, 31.)    The Rosenthal Act does not apply.  Even if it did, Mr. Mayen could not state a claim under the statute.

The Rosenthal Fair Debt Collection Practices Act, *Civil Code* § 1788, *et seq*. (**RFDCPA**), largely incorporates the substantive FDCPA provisions.  To be held liable for a violation, a defendant *must*—as a threshold requirement—fall within the

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

definition of a debt collector.  *Heintz v. Jenkins*, 541 U.S. 291, 294 (1995).  "The law is well settled that the FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.' "  *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).  "The RFDCPA does in fact mirror in the FDCPA, their intentions were the same and exclusive, and, as such, *a loan servicer is not a debt collector under these acts*."  *Lal*, 680 F. Supp. 2d at 1224 (emphasis added).

As the loan servicer, Shellpoint may not be held liable under RFDCPA. Likewise, the loan is not a "debt" for RFDCPA purposes.  *See Fuentes v. Deutsche Bank*, No. 09 Civ. 502 JM (PCL), 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009); *see also Pittman v. Barclays Capital Real Estate Inc.*, No. 09 CV 241, 2009 WL 1108889, at *3 (S.D. Cal. April 24, 2009) ("residential mortgage loan does not qualify as a 'debt'" under RFDCPA).

Again, Mr. Mayen could not allege a RFDCPA claim even if it applied.  *See Marley v. JP Morgan Chase Bank*, 2013 WL 4536650 at *4 (C.D. Cal. 2013) ("Plaintiff must allege sufficiently relevant and specific facts" to state a claim under RFDCPA); *see also Valenzuela v. Wells Fargo Bank Nat. Ass'n*, *slip op.*, 2014 WL 309438 at *18 (E.D. Cal. 2014).  The heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply to RFDCPA claims.  *See Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at *21 (N.D. Cal. Jan. 3, 2011) (requiring Rosenthal Act allegations based on "statements that are alleged to have been misleading" to satisfy Rule 9(b)); *Day v. American Home Mortg. Servicing, Inc.*, 2010 WL 2231988 at *3 (E.D. Cal. 2010).  Rule 9(b) provides "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be 'specific enough to give defendants notice of the particular misconduct...so that they

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

can defend against the charge and not just deny that they have done anything wrong'" (emphasis added).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

Mr. Mayen simply refers the court to other "aforementioned" acts listed elsewhere in the complaint. (Compl. ¶ 31.)   These "aforementioned" acts again reference Mr. Mayen's boilerplate claim Shellpoint sent "demands for payment" without providing any "account-level" documentation substantiating the amount of the debt.  (Compl. ¶ 25.)  Shellpoint is left to speculate what statements Mr. Mayen is referring to, what errors he claims are contained in those statements, and what resulting prejudice he suffered.  Mr. Mayen neglects to allege any actual facts to describe Shellpoint's alleged misconduct, and if or how Shellpoint's statements were false, deceptive or misleading in any way.  Mr. Mayen further fails to inform the court or Shellpoint when these purportedly unlawful communications occurred or by whom.

### D.   Sarah A. Mayen is a Necessary and Indispensable Party

Mr. Mayen is only one of two borrowers on this loan.  (RJN, Ex. 1.)  His co-borrower, Sarah A. Mayen, is not a named party and, in her absence, the court cannot hear this case.  A party to a contract generally is a necessary and indispensable party. *Martin v. City of Corning*, 25 Cal. App. 3d 165, 169 (1972); *accord Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."); *see also School Dist. of the City of Pontiac v. Sec. of the U.S. Dep't of Ed.*, 584 F.3d 253 (6th Cir. 2009) ("It is hornbook law that all parties to a contract are necessary in an action challenging its validity or interpretation.").  The loan agreement at issue was plainly a contract.  *See, e.g.*, *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 478-80 (1989) (recognizing loan agreement is a contract).

Ms. Mayen is a co-borrower on the loan whose rights and obligations would be impacted by the outcome in this case and it cannot not go forward without her.

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## V.  <u>CONCLUSION</u>

The complaint requires Shellpoint to speculate on the factual bases for the stated claims and, as pled, it does not state a plausible ground for Mr. Mayen's suit. Notwithstanding these factual deficiencies, Mr. Mayen's claims are judicially estopped due to his prior bankruptcies.

The complaint should be dismissed in its entirety or, at the very least, Mr. Mayen should be required to re-plead his case with far more definite, factual statements explaining the bases of his claims and why he believes they are viable.

Dated: March 17, 2017

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Parisa Jassim*
      Preston K. Ascherin
      Parisa Jassim
Attorneys for Defendant
NEW PENN FINANCIAL, LLC
dba SHELLPOINT MORTGAGE
SERVICING

**AKERMAN LLP**

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{41178805;1}