# Exhibit 1

Recording Requested By:
~~G. COOK~~

RECORDING REQUESTED BY:
COMMONWEALTH LAND TITLE COMPANY

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
MARICELA SANCHEZ-PEREZ

12612

3700692- 501

DOC # 2004-1229184

DEC 30, 2004          8:50 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        81.00
PAGES:          25          DA:          1

2004-1229184

[Space Above This Line For Recording Data]

96067 G                          0008768258412004
[Escrow/Closing #]                    [Doc ID #]

# DEED OF TRUST
MIN 1000157-0004585170-2

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated DECEMBER 27, 2004 , together with all Riders to this document.
(B) "Borrower" is
JULIO MAYEN, AND SARAH A MAYEN, HUSBAND AND WIFE AS COMMUNITY PROPERTY
WITH RIGHT OF          SURVIVORSHIP

**CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 16

-BA(CA) (0207)     CHL (09/02)(d)     VMP MORTGAGE FORMS - (800)521-7291
CONV/VA

Initials: _____
Form 3005 1/01



12613

DOC ID #: 0008768258412004

Borrower's address is
768 FOURTH AVE, CHULA VISTA, CA 91910
Borrower is the trustor under this Security Instrument.
(C) "Lender" is
COUNTRYWIDE HOME LOANS, INC.
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
4500 Park Granada, Calabasas, CA 91302-1613
(D) "Trustee" is
CTC REAL ESTATE SERVICES
155 N. LAKE AVENUE, PASADENA, CA 91109 ,
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this
Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated DECEMBER 27, 2004 . The
Note states that Borrower owes Lender
ONE MILLION EIGHTY EIGHT THOUSAND and 00/100

Dollars (U.S. $ 1,088,000.00     ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than JANUARY 01, 2035       .
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners association
or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage
to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)

(VMP) -6A(CA) (0207)        CHL (09/02)              Page 2 of 16                    Initials_____

Form 3005 1/01

12614

DOC ID #: 0008768258412004

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY                      of                      SAN DIEGO                      :
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 519-210-32-00                            which currently has the address of

15335 CASTLE PEAK LANE, JAMUL,
[Street/City]

California    91935    ("Property Address"):
            [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

-6A(CA) (0207)        CHL (09/02)              Page 3 of 16                    Initials                Form 3005 1/01

12615

DOC ID #: 0008768258412004

but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

12616

DOC ID #: 0008768258412004

   **3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.
   Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.
   The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.
   If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.
   Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

12617

DOC ID #: 0008768258412004

   **4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

   Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

   Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

   **5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

   If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

   All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of

12618

DOC ID #: 0008768258412004

paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

12619

DOC ID #: 0008768258412004

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower

Initials:

-BA(CA) (0207)    CHL (09/02)    Page 8 of 16    Form 3005 1/01

12620

DOC ID #: 0008768258412004

shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security

-6A(CA) (0207)          CHL (09/02)          Page 9 of 16          Initials [signature]     Form 3006 1/01

12621

DOC ID #: 0008768258412004

Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

12622

DOC ID #: 0008768258412004

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

VMP-6A(CA) (0207)          CHL (09/02)               Page 11 of 16                                    Initials:                Form 3005 1/01

*12623*

DOC ID #: 0008768258412004

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in

12624

DOC ID #: 0008768258412004

compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

-6A(CA) (0207)          CHL (09/02)              Page 13 of 16                    Initials          Form 3005 1/01

12625

DOC ID #: 0008768258412004

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

-6A(CA) (0207)   CHL (09/02)      Page 14 of 16                 Initials: ___   Form 3005 1/01

12626

DOC ID #: 0008768258412004

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                        JULIO MAYEN                   -Borrower

_____        _____ (Seal)
                                        SARAH A. MAYEN                -Borrower

                                        _____ (Seal)
                                                                      -Borrower

                                        _____ (Seal)
                                                                      -Borrower

12627

DOC ID #: 0008768258412004

State of California
County of San Diego
} ss.

On December 27, 2004 before me, KiM C. PHAM, Notary Public, personally appeared

Julio Mayen and Sarah A. Mayen

, personally known to me

(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ (Seal)



KIM C. PHAM
Comm. # 1353469
NOTARY PUBLIC-CALIFORNIA
County of San Diego
My Comm. Expires April 26, 2005

-6A(CA) (0207)     CHL (09/02)     Page 16 of 16

Initials
Form 3005  1/01

12628

## ADJUSTABLE RATE RIDER
(LIBOR One-Month Index – Payment Caps)

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
MARICELA SANCHEZ-PEREZ

96067 G                        0008768258412004
[Escrow/Closing #]                 [Doc ID #]

CONV
● ARM PayOption Rider            Page 1 of 7           Initials
1D729-US (07/02).01(d)

*23991*                          *08768258400001D729*

12629

DOC ID #: 0008768258412004

THIS ADJUSTABLE RATE RIDER is made this TWENTY-SEVENTH     day of
DECEMBER, 2004     , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
COUNTRYWIDE HOME LOANS, INC.

("Lender") of the same date and covering the property described in the Security Instrument and located at:
15335 CASTLE PEAK LANE
JAMUL, CA 91935
[Property Address]

**THE NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE
AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT
THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL
AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY
BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THE NOTE.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for changes in the interest rate and the monthly payments, as follows:

**2. INTEREST**
    **(A) Interest Rate**
    Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay
interest at a yearly rate of      1.000 %. The interest rate I will pay may change.
    The interest rate required by this Section 2 is the rate I will pay both before and after any default
described in Section 7(B) of the Note.

CONV
● ARM PayOption Rider
1D729-US (07/02).01                       Page 2 of 7                       Initials

*12630*

DOC ID #: 0008768258412004

**(B) Interest Rate Change Dates**

The interest rate I will pay may change on the first               day of
FEBRUARY, 2005      , and on that day every month thereafter. Each date on which my interest
rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on
each Interest Rate Change Date.

**(C) Index**

Beginning with the first Change Date, my adjustable
interest rate will be based on an Index.  The "Index" is the
average of interbank offered rates for one month U.S.
dollar-denominated deposits in the London market ("LIBOR"), as
published in The Wall Street Journal.  The most recent Index
figure available as of the date 15 days before each Change
Date is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon
comparable information. The Note Holder will give me notice of this choice.

**(D) Calculation of Interest Rate Changes**

Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding
                                                                                     percentage point(s)
TWO & 35/100
(    2.350  %) to the Current Index. The Note Holder will then round the result of this addition to the
nearest one-eighth of one percentage point (0.125%). This rounded amount will be my new interest rate until
the next Interest Rate Change Date. My interest rate will never be greater than        9.950  %.

CONV
● ARM PayOption Rider
1D729-US (07/02).01                        Page 3 of 7                    Initials

12631

DOC ID #: 0008768258412004

**3. PAYMENTS**

    **(A) Time and Place of Payments**

    I will pay principal and interest by making a payment every month.

    I will make my monthly payments on the FIRST        day of each month beginning on February, 2005    . I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on   JANUARY 01, 2035   , I still owe amounts under the Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

    I will make my monthly payments at

P.O. Box 10219, Van Nuys, CA 91410-0219

or at a different place if required by the Note Holder.

    **(B) Amount of My Initial Monthly Payments**

    Each of my initial monthly payments will be in the amount of U.S. $ 3,499.44    . This amount may change.

    **(C) Payment Change Dates**

    My monthly payment may change as required by Section 3(D) below beginning on the first        day of FEBRUARY, 2006   , and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment.

    I will pay the amount of my new monthly payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

    **(D) Calculation of Monthly Payment Changes**

    At least 30 days before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Payment Change Date in full on the maturity date in substantially equal installments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment". The Note Holder will then calculate the amount of my monthly payment due the month preceding the Payment Change Date multiplied by the number 1.075. The result of this calculation is called the "Limited Payment." Unless Section 3(F) or 3(G) below requires me to pay a different amount, my new

CONV
● ARM PayOption Rider
1D729-US (07/02).01        Page 4 of 7        Initials

12632

DOC ID #: 0008768258412004

required monthly payment will be lesser of the Limited Payment and the Full Payment. I also have the option each month to pay more than the Limited Payment up to and including the Full Payment for my monthly payment.

(E) Additions to My Unpaid Principal

My monthly payment could be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. If so, each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid principal. The Note Holder also will add interest on the amount of this difference to my unpaid principal each month. The interest rate on the interest added to Principal will be the rate required by Section 2 above.

(F) Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid principal can never exceed a maximum amount equal to
ONE HUNDRED FIFTEEN            percent (       115 %) of the Principal amount I
originally borrowed. My unpaid principal could exceed that maximum amount due to the Limited Payments and interest rate increases. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. The new monthly payment will be in an amount that would be sufficient to repay my then unpaid principal in full on the Maturity Date in substantially equal installments at the current interest rate.

(G) Required Full Payment

On the fifth Payment Change Date and on each succeeding fifth Payment Change Date thereafter, I will begin paying the Full Payment as my monthly payment until my monthly payment changes again. I also will begin paying the Full Payment as my monthly payment on the final Payment Change Date.

4. NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

CONV
● ARM PayOption Rider
1D729-US (07/02).01                    Page 5 of 7                    Initials

12633

DOC ID #: 0008768258412004

## B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

CONV
● ARM PayOption Rider
1D729-US (07/02).01                    Page 6 of 7                    Initials

12634

DOC ID #: 0008768258412004

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Adjustable Rate Rider.

_____ (Seal)
JULIO MAYEN                     -Borrower

_____ (Seal)
SARAH A. MAYEN                  -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

CONV
● ARM PayOption Rider
1D729-US (07/02).01            Page 7 of 7

File No: 03700692

12635

## EXHIBIT "A"

All that certain real property situated in the County of San Diego, State of California, described as follows:

Parcel A:

Parcel 1 of Parcel Map No. 3504, in the County of San Diego, State of California, filed in the office of the County Recorder of San Diego County, February 14, 1975 as File No. 75-035535 of Official Records, together with that portion of the Southeast Quarter of the Southeast Quarter of Section 36, Township 16 South, Range 1 East, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey thereof, lying Northerly and Northeasterly of the center line of County Road Survey No. 1173-64 (known as Skyline Truck Trail).

Parcel B:

An easement for roadway and utility purposes and appurtenances thereto over, under, along and across a strip of land 40.00 feet in width lying within that portion of Parcel 3 of Parcel Map No. 3504, in the County of San Diego, State of California, filed in the office of the County Recorder of San Diego County, February 14, 1975 as File No. 75-035535 of Official Records, the centerline of said strip being described as follows:

Commencing at the Northwest corner of said Parcel 3; thence along the Northerly line of said Parcel 3, South 87° 38' 50" East, 62.52 feet to the true point of beginning;

Thence South 59° 38' 27" East, 787.56 feet to the Northeasterly boundary of said Parcel 3. Said easement to terminate Northwesterly in the Northerly line of said parcel 3, together with an easement for roadway and utility purposes and appurtenances thereto over the North 45.00 feet of said Parcel 3.

Excepting from said North 45.00 foot easement that portion lying Easterly of the following described line:

Commencing at the Northwest corner of said Parcel 3;

Thence South 87° 38' 50" East 62.52 feet (Record 62.45 feet) to the true point of beginning;

Thence South 59° 56' 27" East, 787.56 feet.

And further excepting therefrom that portion of said 40.00 foot easement lying within that strip of land delineated and designated on said Parcel Map as "Proposed 60' private road easement".

File No: 03700692

*12636*

#### Parcel C:

An easement for roadway and utility purposes over those portions of Parcels 2, 3 and 4 of Parcel Map No. 3504 in the County of San Diego, State of California, filed in the Office of the County Recorder of San Diego County, February 14, 1975 as File No. 75-035535 of Official Records, which are shown on said Parcel Map as "Proposed 60' Private Road Easement".

#### Parcel D:

An easement for roadway and utility purposes and appurtenances thereto over, under, along and across those portions of Parcels 1, 2 and 4 of Parcel Map No. 10538, in the County of San Diego, State of California, filed in the Office of the County Recorder of San Diego County, October 2, 1980 as File No. 80-324093 of Official Records, delineated and designated on said Parcel Map as "proposed private road easement" and "proposed 60' private road easement".

# Exhibit 2

DOC # 2011-0300032

JUN 13, 2011      3:38 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:          21.00
                              DA:          1
6680               PAGES:          2

Recording Requested By:
**Bank of America**
Prepared By: Edward Gallegos
450 E. Boundary St.
Chapin, SC 29036
888-603-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID#    4508768258476375
Property Address:
**15335 CASTLE PEAK LANE**
**Jamul, CA 91935**
CAO-ADT 13694463          6/3/2011

This space for Recorder's use

MIN #: 1000157-0004585170-2          MERS Phone #; 888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-07, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-07** whose address is 101 BARCLAY ST - 4W, NEW YORK, NY 10286 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | **COUNTRYWIDE HOME LOANS, INC.** |
| Original Borrower(s): | **JULIO MAYEN, AND SARAH A MAYEN, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP** |
| Original Trustee: | **CTC REAL ESTATE SERVICES** |
| Date of Deed of Trust: | **12/27/2004** |
| Original Loan Amount: | **$1,088,000.00** |

Recorded in San Diego County, CA on: 12/30/2004, book N/A, page 12612 and instrument number 2004-1229184

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

6/6/11

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____

Christopher Herrera, Assistant Secretary

6681

State of California
County of Ventura

On _June 6, 2011_ before me, Norma Rojas, Notary Public, personally appeared Christopher Herrera, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____          (Seal)
Notary Public: Norma Rojas
My Commission Expires: 2/14/2015

NORMA ROJAS
Commission # 1925662
Notary Public - California
Ventura County
My Comm. Expires Feb 14, 2015

attached: Assignment of Deed of Trust
borrowers: Julio Mayen
           Sarah A Mayen

# **Exhibit 3**

RECORDING REQUESTED BY:
Law Offices of Les Zieve

WHEN RECORDED MAIL TO:

**Law Offices of Les Zieve**
30 Corporate Park, Suite 450
Irvine, CA 92606

DOC# **2016-0088447**

Feb 29, 2016  04:58 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $27.00

PAGES: 4

---

TS No.: 15-38959
APN: 519-210-32-00

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE
## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by

paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is __$633,368.93__ as of __2/25/2016__, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or mortgage, the Beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the Beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.

**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**
TS No. 15-38959

However, you and your Beneficiary or mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) Provide additional time in which to cure the default by transfer of the property or otherwise; or (2) Establish a schedule of payments in order to cure your default; or, both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**
New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing as servicer for,
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH
TRUST 2005-07, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-07
Phone: 888-404-5175
C/O Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: 714-848-7920

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That LAW OFFICES OF LES ZIEVE is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated 12/27/2004, executed by JULIO MAYEN, AND SARAH A MAYEN, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP, as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC as Beneficiary, recorded 12/30/2004, as Instrument No. 2004-1229184, in Book ---, Page ---, of Official Records in the Office of the Recorder of San Diego County, California describing land therein as: As more particularly described on said Deed of Trust.

The subject obligation includes NOTE(S) FOR THE ORIGINAL sum of $1,088,000.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:
The monthly installment which became due on 3/1/2009, along with late charges, and all subsequent monthly installments.

You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to; foreclosure trustee fees and costs, advances and late charges.

Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.

**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**
TS No. 15-38959

Nothing in this Notice of Default should be construed as a waiver of any fees owing to the beneficiary under the Deed of Trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING. YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF UPON WRITTEN REQUEST WITHIN THIRTY (30) DAYS. THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO SO, THE DEBT WILL BE CONSIDERED VALID. IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

The loan servicer has fulfilled its obligation under either California Civil Code section 2923.5 or 2923.55 (as applicable). Please see Declaration of Compliance attached hereto.

Dated: 2/25/2016

LAW OFFICES OF LES ZIEVE, as Trustee

Patricia Sanchez, Trustee Sale Officer

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):     JULIO MAYEN, AND SARAH A MAYEN, HUSBAND AND WIFE AS
                 COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP
Loan No.:        0515393708
Property Address: 15335 CASTLE PEAK LANE
                 JAMUL, CA 91935
Trustee's Sale No.:  15-54380

The undersigned declares as follows:

   I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following.

☐   The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☑   The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐   The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐   No contact was made with the borrower pursuant to California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan described in California Civil Code § 2924.15(a)

Executed on August 20, 2015, at Houston, TX.

New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing

By: _D. Kemp_
   Name:  Doaquita Kemp
   Title:  Fulfillment

# **Exhibit 4**

DOC# 2016-0318459

Jun 27, 2016  04:59 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $21.00

PAGES: 2

[RECORDING REQUESTED BY]
LAW OFFICES OF LES ZIEVE

[WHEN RECORDED MAIL TO:]
Law Offices Of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606

T.S. No. 15-38959                 APN: 519-210-32-00

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

## NOTICE OF TRUSTEE'S SALE

PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO
BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE
COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注 : 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/27/2004. UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank,
check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan
association, or savings association, or savings bank specified in Section 5102 of the Financial Code and
authorized to do business in this state will be held by the duly appointed trustee as shown below, of all
right, title, and interest conveyed to and now held by the trustee in the hereinafter described property
under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or
warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining
principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as
provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges
and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale)
reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: JULIO MAYEN, AND SARAH A MAYEN, HUSBAND AND WIFE AS COMMUNITY PROPERTY
WITH RIGHT OF SURVIVORSHIP

Duly Appointed Trustee: LAW OFFICES OF LES ZIEVE · Deed of Trust recorded 12/30/2004 as
Instrument No. 2004-1229184 in book --, page --  of Official Records in the office of the Recorder of San
Diego County, California,

Date of Sale:7/22/2016 at 10:30 AM

Place of Sale:    AT THE ENTRANCE TO THE EAST COUNTY REGIONAL CENTER BY STATUE, 250 E.
MAIN STREET, EL CAJON, CA 92020

Estimated amount of unpaid balance and other charges: **$1,531,800.03**
Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of       **15335 CASTLE PEAK LANE**
real property:                                       **JAMUL, CA 91935**
Described as follows:
  AS MORE FULLY DESCRIBED ON SAID DEED OF TRUST

A.P.N #.: **519-210-32-00**
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 848-9272 or visit this Internet Web site www.elitepostandpub.com, using the file number assigned to this case 15-38959. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Dated: **6/24/2016**           **LAW OFFICES OF LES ZIEVE, as Trustee**
                                **30 Corporate Park, Suite 450**
                                **Irvine, CA 92606**
                                **For Non-Automated Sale Information, call: (714) 848-7920**
                                **For Sale Information: (714) 848-9272 or   www.elitepostandpub.com**

                                **Ashley Walker, Trustee Sale Officer**

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAINED WILL BE USED FOR THAT
PURPOSE

# **Exhibit 5**

**Closed**

# U.S. Bankruptcy Court
## Southern District of California (San Diego)
### Bankruptcy Petition #: 13-01660-LT13

| | |
|---|---|
| *Assigned to:* Chief Judge Laura S. Taylor | *Date filed:* 02/21/2013 |
| Chapter 13 | *Date terminated:* 05/23/2013 |
| Voluntary | *Debtor dismissed:* 05/03/2013 |
| Asset | *341 meeting:* 03/29/2013 |

*Debtor disposition:* Dismissed for Other Reason

**Debtor**                                              represented by **Julio Werner Mayen**
**Julio Werner Mayen**                                                    PRO SE
15335 Castle Peak Lane
Jamul, CA 91935
SAN DIEGO-CA
619-669-9904
SSN / ITIN: xxx-xx-5487
Tax ID / EIN: 51-0441990

*Trustee*
**David L. Skelton**
525 B St., Suite 1430
San Diego, CA 92101-4507
619-338-4006

*United States Trustee*
**United States Trustee**
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511
619-557-5013

| Filing Date | # | Docket Text |
|---|---|---|
| 02/21/2013 | <u>1</u><br>(9 pgs; 3 docs) | Chapter 13 Voluntary Petition, Schedules & Statements Fee Amount $ 281.00. Schedules A-J due 3/7/2013. State. of Fin. Affairs due 3/7/2013. Summary of schedules due 3/7/2013. Statistical Summary of Certain Liabilities due 3/7/2013. Chapter 13 Plan due 3/7/2013.Statement of Current Monthly Income and Disposable Income Form 22C: 3/7/2013. Incomplete Filings due by 3/7/2013, Filed by Julio Werner Mayen. (Duneghy, J.) Additional attachment(s) added on 2/21/2013 (Duneghy, J.) (Entered: 02/21/2013) |

California Southern Bankruptcy Court ( LIVE )                                         Page 2 of 5

| | | |
|---|---|---|
| 02/21/2013 | 2<br>(7 pgs; 4 docs) | Meeting of Creditors & Notice of Appointment of Trustee David L. Skelton and Notice Regarding Interpreters. 341(a) **meeting to be held on 03/29/2013 at 09:00 AM at 402 W. Broadway, Emerald Plaza Building, Suite 660 (B), Hearing Room B, San Diego, CA 92101 (Ch13),,** Complaint to determine dischargeability of certain debts deadline: 05/28/2013. Proof of Claim due by 06/27/2013. (Duneghy, J.) (Entered: 02/21/2013) |
| 02/21/2013 | 3<br>(1 pg) | Request for Waiver of Diskette Requirement filed by Julio Werner Mayen (Duneghy, J.) (Entered: 02/21/2013) |
| 02/21/2013 | 4 | Receipt of Statement of Social Security Number COURT NOTE: The PDF document is a secured image. filed by Julio Werner Mayen . (Duneghy, J.) (Entered: 02/21/2013) |
| 02/21/2013 | 5<br>(1 pg) | Declaration Re: Filing of Petition, Schedules & Statements on Diskette filed by Julio Werner Mayen . (Duneghy, J.) (Entered: 02/21/2013) |
| 02/21/2013 | 6<br>(1 pg) | Certificate of Credit Counseling for Debtor filed by Julio Werner Mayen . (Duneghy, J.) (Entered: 02/21/2013) |
| 02/21/2013 | 7 | Receipt of Chapter 13 Filing Fee - $281.00 by JD. Receipt Number 221330. (Admin.) (Entered: 02/21/2013) |
| 02/21/2013 | 8<br>(4 pgs) | Court Certificate of Mailing re Notice Debtor(s) not represented by an Attorney - BNC (related documents 2 Meeting of Creditors) Notice Date 02/23/2013. (Admin.) (Entered: 02/23/2013) |
| 02/21/2013 | 9<br>(4 pgs) | Court Certificate of Mailing re Notice of Incomplete Schedules Due- BNC (related documents 1 Chapter 13 Voluntary Petition) Notice Date 02/23/2013. (Admin.) (Entered: 02/23/2013) |
| 02/21/2013 | 10<br>(5 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 2 Meeting of Creditors) Notice Date 02/23/2013. (Admin.) (Entered: 02/23/2013) |
| 03/05/2013 | 11<br>(2 pgs; 2 docs) | Motion to Extend Time to file schedules filed by Julio Werner Mayen (Attachments: # 1 Certificate of Service) (Beckett-Brown, C.) (Entered: 03/06/2013) |
| 03/07/2013 | 12<br>(1 pg) | *Trustee's Response to Motion for Extension of Time to File Remaining Documents* filed by David L. Skelton 2 on behalf of David L. Skelton. (related documents 11 Motion to Extend Time) (Skelton 2, David) (Entered: 03/07/2013) |
| 03/08/2013 | 13<br>(3 pgs; 2 docs) | Order Regarding Motion to Extend Time (granting partial relief); with Service by BNC (Related Doc # 11) signed on 3/8/2013. Incomplete Filings due by 3/21/2013, (Beckett-Brown, C.) (Entered: 03/11/2013) |

California Southern Bankruptcy Court ( LIVE )                                              Page 3 of 5

| 03/11/2013 | 14<br>(4 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 13 Order re: Motion to Extend Time) Notice Date 03/13/2013. (Admin.) (Entered: 03/13/2013) |
| 03/21/2013 | 15<br>(6 pgs; 2 docs) | Initial Chapter 13 Plan filed by Julio Werner Mayen . (related documents 1 Chapter 13 Voluntary Petition)(Beckett-Brown, C.) (Entered: 03/22/2013) |
| 03/21/2013 | 16<br>(8 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income (related documents 1 Chapter 13 Voluntary Petition) filed by Julio Werner Mayen . (Beckett-Brown, C.) (Entered: 03/22/2013) |
| 03/21/2013 | 17<br>(32 pgs) | Balance of Schedules: *Schedules A-J* , *Statement of Financial Affairs*, *Summary of Schedules*, *Statistical Summary of Certain Liabilities*, *Statment of Current Monthly Income*, *Chapter 13 Plan*, with Certificate of Service (related documents 1 Chapter 13 Voluntary Petition, 13 Order re: Motion to Extend Time) filed by Julio Werner Mayen . (Beckett-Brown, C.) (Entered: 03/22/2013) |
| 03/22/2013 | 18<br>(7 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 15 Chapter 13 Plan) Notice Date 03/24/2013. (Admin.) (Entered: 03/24/2013) |
| 04/02/2013 | 19 | Objection to Confirmation of Chapter 13 Plan and Request for Hearing. Meeting of Creditors Held and Concluded *Debtor appeared.* (Skelton, David) (Entered: 04/02/2013) |
| 04/03/2013 | 20<br>(5 pgs; 2 docs) | Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Case. Filed by David L. Skelton on behalf of David L Skelton (Skelton, David) (related document 15 Chapter 13 Plan )(Entered: 04/03/2013) (Entered: 04/03/2013) |
| 04/03/2013 | 21<br>(2 pgs; 2 docs) | Notice of Hearing on Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss. Filed by David L. Skelton on behalf of David L. Skelton Scheduled for 05/07/2013 at 10:00AM at Courtroom 3, Room 129 Jacob Weinberger U.S. Courthouse (related document 20 Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Case ) (David L. Skelton) (Entered: 04/03/2013) (Entered: 04/03/2013) |
| 04/03/2013 | 22<br>(6 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 20 Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Case) Notice Date 04/05/2013. (Admin.) (Entered: 04/05/2013) |
| 04/03/2013 | 23<br>(3 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 21 Notice of Hearing on Objection to Confirmation of Chapter 13/12 Plan) Notice Date 04/05/2013. (Admin.) (Entered: 04/05/2013) |
| 04/08/2013 | | |

California Southern Bankruptcy Court ( LIVE )                                          Page 4 of 5

| | | |
|---|---|---|
| | 24<br>(2 pgs; 2 docs) | Notice of Requirement to file Financial Management Course Certificate. (Admin) (Entered: 04/08/2013) |
| 04/08/2013 | 25<br>(3 pgs) | Court Certificate of Mailing re Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management- BNC (related documents 24 Notice of Requirement to file Financial Management Course Certificate) Notice Date 04/10/2013. (Admin.) (Entered: 04/10/2013) |
| 04/29/2013 | 26<br>(1 pg) | Statement *of Case Status* filed by David L. Skelton 4 on behalf of David L. Skelton. (Skelton 4, David) (Entered: 04/29/2013) |
| 05/01/2013 | 27<br>(2 pgs; 2 docs) | Request by Debtor for Dismissal of Chapter 13 Bankruptcy Case filed by Julio Werner Mayen (Attachments: # 1 Proof of Service) (Kelly, H) (Entered: 05/02/2013) |
| 05/03/2013 | 28<br>(4 pgs; 4 docs) | Order Regarding Request by Debtor for Dismissal of Chapter 13 Bankruptcy Case **as to Debtor Julio Werner Mayen**; with BNC Service. (Related Doc # 27) signed on 5/3/2013. (Kelly, H) (Entered: 05/03/2013) |
| 05/03/2013 | 29<br>(3 pgs) | Court Certificate of Mailing re Notice of Entry of Order Dismissing Case and Vacating All Automatic Stays and Injunctions; with Service by BNC. Notice Date 05/05/2013. (Admin.) (Entered: 05/05/2013) |
| 05/03/2013 | 30<br>(3 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 28 Order re: Request by Debtor for Dismissal of Chapter 13 Bankruptcy Case) Notice Date 05/05/2013. (Admin.) (Entered: 05/05/2013) |
| 05/07/2013 | 31<br>(1 pg) | **Minute Order. Hearing DATE: 05/07/2013,** MATTER: OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS CASE FILED BY TRUSTEE. **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (293205)). (related documents 20 Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Case) (Dahl, S.) (Entered: 05/07/2013) |
| 05/23/2013 | 32<br>(3 pgs; 2 docs) | Chapter 13 Trustee's Final Report and Account . (Skelton 4, David) (Entered: 05/23/2013) |
| 05/23/2013 | 33 | Order Approving Account, Discharging Chapter 13 Trustee and Closing Estate. It appearing to the Court that, the Chapter 13 Trustee, has performed all duties required in the administration of this case; the Trustee has made distribution of all funds coming into his possession as required by order of this Court and has rendered a full and complete account, and the Trustee has performed all other duties required of him in the administration of this case; IT IS ORDERED the accounts of the Trustee be approved and allowed; the Trustee be discharged and relieved of his trust; the bond of the Trustee, or blanket bond be canceled and any sureties be released from further |

| | | |
|---|---|---|
| | | liability, except any liability which may have accrued during the time such bond was in effect; and the case is hereby closed. The debtor is relieved of any further responsibility for keeping this Court and the Trustee advised of a current mailing address. Barry K. Lander, Clerk (Beckett-Brown, C.) (Entered: 05/23/2013) |
| 05/23/2013 | 34 (4 pgs) | Court Certificate of Mailing re Chapter 13 Trustee's Final Report and Account; with service- BNC (related documents 32 Chapter 13 Trustee's Final Report and Account) Notice Date 05/25/2013. (Admin.) (Entered: 05/25/2013) |

# Exhibit 6

MSF
Rev. 01/13

## United States Bankruptcy Court
### Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101–6991

Telephone: 619–557–5620
Website: www.casb.uscourts.gov
Hours: 9:00am–4:00pm Monday–Friday

**Julio Werner Mayen**
 15335 Castle Peak Lane
Jamul, CA 91935
xxx–xx–5487
*No Known Aliases*

Case number:  13–01660–13
Chapter:  13
Judge

### Important Notice To (Attorney For) Debtor
#### Notice of Missing Schedule(s), Statement(s) and/or Chapter 13 Plan

The petition for relief you have filed was missing one or more of the following papers:

**Schedules A–J**
**Statement of Financial Affairs**
**Summary of Schedules**
**Statistical Summary of Certain Liabilities and Related Data**
**Chapter 13 Plan**
**Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income**
**(Chapter 13 debtor(s))**

 Failure to file the missing papers within 14 days following the date the petition was filed (30 days for a Chapter 7 *Debtor's Statement of Intention,* if required), or the date a notice or an order converting was entered, will cause your case to be dismissed pursuant to 11 U.S.C. §707(a)(3) without further notice.

Please note that Local Bankruptcy Rule 1007–4 and 1009–2 (described below) requires you to serve a copy of any late–filed schedules, statements, and(or) amendments on any trustee and, if a Chapter 11 case, the United States Trustee, and any member of the official creditors committee. Local Form CSD 1099, *Balance of Schedules* and(or) *Chapter 13 Plan,* with proof of service must accompany the originals filed with the Court. Compliance with *Special Requirements for Mailing Addresses,* (Form CSD 1007), is also required.

Unless you have already done so, you must file with the Court a statement setting forth the amount of fees paid or promised to you for services rendered in connection with the filing of this case. A *Disclosure of Compensation of Attorney for Debtor,* (Form CSD 1009), may be obtained from the Court without cost. This Disclosure Statement must be filed with the Court before the date scheduled for the Section 341(a) Meeting.

Dated: 2/21/13

Barry K. Lander
Clerk of the Bankruptcy Court

**1007–4. REQUIRED NOTICE WHEN SCHEDULES ARE FILED AFTER THE DATE THE PETITION IS FILED**

Before filing with the clerk any lists, statements and(or) schedules that were not filed, the debtor shall:

1. Serve a copy of these papers on the United States Trustee, any interim trustee, trustee and each member of any committee appointed in this case; and

2. Give notice of the date of filing the petition to any entity who was not named in the original lists, schedules and statements filed at the commencement of the case. If applicable, the notice shall be accompanied by:

    1. a copy of the "*Order for and Notice of Section 341(a) Meeting*"; and

    2. any "*Discharge of Debt*" or "*Notice of Order Confirming Plan*"; and

    3. in a chapter 13 case, a claim form and the date, time and location of any pending Section 341(a) meeting or confirmation hearing currently scheduled; and

3. Attach to the papers filed with the court a proof of service showing compliance with this rule; and

4. In a chapter 7, 11, or 12 case, when noticing any entity not previously named in the original mailing matrix, comply with Local Bankruptcy Rule 1007–1.


**1009–2. AMENDMENT; NOTICE.**

Any amendment filed shall substantially conform to Local Form CSD 1100, **AMENDMENT**. Service shall be made in the manner required by Local Bankruptcy Rule 1007–4 and shall substantially conform to Local Form CSD 1101, **NOTICE TO CREDITORS OF THE ABOVE–NAMED DEBTOR ADDED BY AMENDMENT.**


*Forms may be obtained at the Courthouse or from the Court's website:   www.casb.uscourts.gov*

## Notice Recipients

District/Off: 0974-3          User: jduneghy          Date Created: 2/21/2013
Case: 13-01660-13            Form ID: 184            Total: 1


**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Julio Werner Mayen          15335 Castle Peak Lane          Jamul, CA 91935

                                                                            TOTAL: 1

Case 13-01660-LT13   Filed 02/21/13   Entered 02/21/13 16:08:20   Doc 1-2   Pg. 1 of 6

B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of California | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>(alleged debtor) Mayen, Julio, Werner | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>n/a |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>n/a |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>5487 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>n/a |
| Street Address of Debtor (No. and Street, City, and State):<br>15335 Castle Peak Lane<br>Jamul, CA<br>ZIP CODE 91935 | Street Address of Joint Debtor (No. and Street, City, and State):<br>n/a<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>San Diego | County of Residence or of the Principal Place of Business:<br>n/a |
| Mailing Address of Debtor (if different from street address):<br>Same as above<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>n/a<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br><br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br><br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☐ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☐ Chapter 11      Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☑ Chapter 13      Recognition of a Foreign<br>                  Nonmain Proceeding<br><br>**Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer   ☐ Debts are primarily<br>debts, defined in 11 U.S.C.         business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment<br>on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1) (4/10)            Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>(alleged debtor) Mayen, Julio, Werner |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed:  none | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed:  none | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor:<br>none | Case Number: | Date Filed: |
|---|---|---|
| District:  Southern District of California | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

  ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

  ☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

                        _____<br>                       (Name of landlord that obtained judgment)

                        _____<br>                       (Address of landlord)

  ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | (alleged debtor) Mayen, Julio, Werner |

**Signatures**

<table>
<tr><td><b>Signature(s) of Debtor(s) (Individual/Joint)</b></td><td><b>Signature of a Foreign Representative</b></td></tr>
<tr><td>

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   619-669-9904
   Telephone Number (if not represented by attorney)

   02/21/2013
   Date

</td><td>

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

</td></tr>
<tr><td><b>Signature of Attorney*</b></td><td><b>Signature of Non-Attorney Bankruptcy Petition Preparer</b></td></tr>
<tr><td>

X _____
   Signature of Attorney for Debtor(s)

   _____
   Printed Name of Attorney for Debtor(s)

   _____
   Firm Name

   _____
   _____
   Address

   _____
   Telephone Number

   _____
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td><td>

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

   _____
   Printed Name and title, if any, of Bankruptcy Petition Preparer

   _____
   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

   _____

</td></tr>
<tr><td><b>Signature of Debtor (Corporation/Partnership)</b></td><td></td></tr>
<tr><td>

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

   _____
   Printed Name of Authorized Individual

   _____
   Title of Authorized Individual

   _____
   Date

</td><td>

   _____
   Address

X _____

   _____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td></tr>
</table>

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re _(Alleged) Julio Mayen_ | Case No._____ |
| Debtor | (if known) |

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) -- Cont.

Page 2

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]*

❐ Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❐ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor

Date: 02/21/2013

COUNTRYWIDE HOME LOANS, INC.
4500 Park Granada
Calabasas, CA  91302-1613


BANK OF AMERICA, N.A.
Attn: Foreclosure Dept.
400 National Way
SIMI VALLEY, CA  93065


RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA  93063


THE BANK OF NEW YORK MELLON
101 Barclay Street - 4W
NEW YORK, NY  10286

# Exhibit 7

Case 13-01660-LT13   Filed 03/21/13   Entered 03/22/13 15:20:56   Doc 17   Pg. 1 of 32

CSD 1099 [09/26/06]
Name, Address, Telephone No. & I.D. No.

Julio W. Mayen
15335 Castle Peak Lane
SAN DIEGO, CA  919353
Pro Se

FILED

2013 MAR 21  PM 3: 44

U.S. BANKRUPTCY CT.
S● DIST. ●. CALIF.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Julio W. Mayen

BANKRUPTCY NO. 13-01660-LT13

*Alleged*   Debtor.

## BALANCE OF SCHEDULES, STATEMENTS, AND/OR CHAPTER 13 PLAN

Presented herewith are the original with the number of copies required by Local Bankruptcy Rule 1007-2(b) of the following [Check one or more boxes as appropriate]:

[✓]  Summary of Schedules
[✓]  Statistical Summary of Certain Liabilities and Related Data
[✓]  Schedule A - Schedule of Real Property
[✓]  Schedule B - Schedule of Personal Property
[✓]  Schedule C - Schedule of Property Claimed Exempt
[✓]  Schedule D - Creditors Holding Secured Claims
[✓]  Schedule E - Creditors Holding Unsecured Priority Claims
[✓]  Schedule F - Creditors Holding Unsecured Nonpriority Claims
[✓]  Schedule G - Schedule of Executory Contracts & Unexpired Leases
[✓]  Schedule H - Schedule of Co-Debtor
[✓]  Schedule I - Current Income of Individual Debtor(s)
[✓]  Schedule J - Current Expenditures of Individual Debtor(s)
[✓]  Statement of Financial Affairs
[  ]  Statement of Current Monthly Income and Means Test Calculation (Form B22A)
[  ]  Statement of Current Monthly Income (Form B22B)
[✓]  Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C)
[✓]  Chapter 13 Plan

**IF ADDITIONAL CREDITORS ARE ADDED AT THIS TIME, THE FOLLOWING ARE REQUIRED:**
1.   Computer diskette containing only the added names and addresses (when the Balance of Schedules are filed on paper).
2.   Local Form CSD 1101, *NOTICE TO CREDITORS OF THE ABOVE-NAMED DEBTOR ADDED BY AMENDMENT OR BALANCE OF SCHEDULES*, as required by Local Bankruptcy Rule 1007-4. See instructions on reverse side.

Dated: March 21, 2013            Signed: _____
                                            Attorney for Debtor

I [We] Julio W. Mayen         and _____, the undersigned debtor(s), hereby declare under penalty of perjury that the information set forth in the balance of schedules and/or chapter 13 attached hereto, consisting of  *48*  pages, and on the creditor matrix diskette, if any, is true and correct to the best of my [our] information and belief.

Dated: March 21, 2013

*Alleged*   Debtor                              Joint Debtor

CSD 1099                        REFER TO INSTRUCTIONS ON REVERSE SIDE

CSD 1099 (Page 2) [09/26/06]

### INSTRUCTIONS

1.    Local Form CSD 1101, *NOTICE TO CREDITORS OF THE ABOVE-NAMED DEBTOR ADDED BY AMENDMENT OR BALANCE OF SCHEDULES*, may be used to notify any added entity. When applicable, copies of the following notices shall accompany the notice: Order for and Notice of Section 341(a) Meeting, Discharge of Debtor, Notice of Order Confirming Plan, and Proof of Claim.

2.    If not filed previously and this is an ECF case, the *DECLARATION RE: ELECTRONIC FILING OF PETITION, SCHEDULES & STATEMENTS* (Local Form CSD 1801) must be filed in accordance with General Order #162.

### CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on   21   day of March 2013                      , I served a true copy of the within BALANCE OF SCHEDULES AND/OR CHAPTER 13 PLAN by [describe here mode of service]

    Personal Service

on the following persons [set forth name and address of person served]:

[   ] For Chpt. 7, 11, & 12 cases:      [   ] For ODD numbered Chapter 13 cases:      [✓] For EVEN numbered Chapter 13 cases:

UNITED STATES TRUSTEE                THOMAS H. BILLINGSLEA, JR., TRUSTEE      DAVID L. SKELTON, TRUSTEE
Department of Justice                530 "B" Street, Suite 1500              525 "B" Street, Suite 1430
402 West Broadway, Suite 600         San Diego, CA 92101                     San Diego, CA 92101-4507
San Diego, CA 92101

[   ]    Chpt. 7 Trustee, if any:

[   ]    If Chpt. 11, each member of any committee appointed:

I certify under penalty of perjury that the foregoing is true and correct.

Executed on   March 21, 2013                 Pamela Chyba   *Pamela Chyba*
            (Date)                           (Typed Name and Signature)

                                              c/o PO Box 500501
                                              (Address)

                                              San Diego, CA  92150
                                              (City, State, ZIP Code)

CSD 1099

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Southern District of California

In re _Julio W. Mayen_____,       Case No. _13-01660-LT13___
      *Alleged* **Debtor**

Chapter _____13_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 776,600.00 | | |
| B - Personal Property | | | $ 20,000.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 0.00 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ 12,000.00 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ 1,075.00 |
| TOTAL | | | $ 796,600.00 | $ 0.00 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### Southern District of California

In re Julio W. Mayen                    ,                    Case No. 13-01660-LT13
          Alleged    Debtor

                                        Chapter            13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 12,000.00 |
| Average Expenses (from Schedule J, Line 18) | $ 1,075.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ 1,000.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0 |
| 4. Total from Schedule F | | $ 0 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 0 |

B6A (Official Form 6A) (12/07)

In re   Julio W. Mayen                                  ,          Case No.  13-01660-LT13
        Alleged   **Debtor**                                                (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G – Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| ALLEGED  15335 Castle Peak Ln Jamul, CA  91935 | Residence | | 776,600.00 | NONE |
| | | Total▶ | 776,600.00 | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re _Julio W. Mayen_____ ,        Case No. _13-01660-LT13___
      A+leged   **Debtor**                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY

     Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

     **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | With me, residence or none | | 0 - 1000 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking - Union Bank of California | | 0 - 1000 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Minimal basic furnishings, TV, video and audio over 10 years old | | 2,500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) — Cont.

In re  Julio W. Mayen                                            ,                         Case No.  13-01660-LT13
        Alleged Debtor                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | ROTH IRA | | *Aprox.*   7,700.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A — Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re   Julio W. Mayen _____ ,   Case No. __13-01660-LT13__
         A**lleged**   Debtor                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 85 MBZ 300D 2002 Ford Excursion | | 7,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Computer | | 200.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 2 mixbreed dogs from resque shelter | | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | | Miscelanious | | 500.00 |

_____ continuation sheets attached     Total▶  $ 17,900

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B 6C (Official Form 6C) (04/10)

In re _Julio W. Mayen_____,                Case No. _13-01660-LT13_____
         *Alleged*   Debtor                                      *(If known)*

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                             $146,450.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Residence | Homestead Act | 75,000.00 | 776,600.00 |

* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re  Julio W. Mayen                         ,        Case No.   13-01660-LT13
        Alleged        Debtor                                      (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ | $ |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) – Cont.                                                        2

In re  Julio W. Mayen                        ,        Case No.  13-01660-LT13
       Alleged Debtor                                          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

Sheet no.____of____continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)► (Total(s) of this page)       $                  $

Total(s) ► (Use only on last page)          $                  $

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/10)

In re  Julio W. Mayen
       Alleged  Debtor

Case No. 13-01660-LT13
              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/10) – Cont.

In re  Julio W. Mayen _____ ,      Case No._13-01660-LT13_____
        Alleged         Debtor                              (if known)

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* *Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____ continuation sheets attached

B 6E (Official Form 6E) (04/10) – Cont.

In re  Julio W. Mayen _____ ,        Case No.  13-01660-LT13 _____
      Alleged      **Debtor**                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Sheet no. ___ of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims | | | Subtotals▶ (Totals of this page) | | | | $ | $ | |
| | | | Total▶ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | | | | $ | | |
| | | | Totals▶ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | $ | $ |

B 6F (Official Form 6F) (12/07)

In re ___Julio W. Mayen_____,     Case No. ___13-01660-LT13___
     *Alleged* **Debtor**                                           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. (alleged) 2584 — Countrywide Home Loans, Inc 4500 Park Granada Calabasas, CA 91302 — I DEMAND strict proof of claim/ownership including Alleged Lien Associated with it | X | | 12-30-04 / TOTAL Alleged debt of Note + Deed of Trust is disputed Validation demanded + NOT NO Reply | | | X | OUT OF BUSINESS Discharge + Avoiding Any ATTACHED LIENS 0.00 |
| ACCOUNT NO. (alleged) 2584 — Bank of America N.A. 400 National Way Simi Valley, CA 93065 — I DEMAND STRICT PROOF OF CLAIM/ownership including Alleged Lien associated with it. | X | | NEVER / TOTAL Alleged debt, NOTE + DEED OF TRUST IS DISPUTED Validation Request Sent NOT PROVIDED | | | X | Discharge + Avoiding Any ATTACHED LIENS 0.00 |
| ACCOUNT NO. (alleged) 2584 — Recontrust Co. N.A — 1800 Tapo Canyon RD Simi Valley, CA 93063 — I DEMAND STRICT PROOF OF CLAIM/ownership including Alleged Lien ASSOCIATED with it. | X | | debt, NOTE + Deed OF TRUST IS DISPUTED Validation Request sent not provided | | | X | Discharge + Avoiding Any ATTACHED LIENS 0.00 |
| ACCOUNT NO. (alleged) 2584 — The Bank of NY Mellon 100 Barclay St. — 4W New York, NY 10286 | X | | NEVER / TOTAL ALLEGED debt, NOTE + DEED OF TRUST IS DISPUTED Validation Request sent NO response | | | X | Discharge + Avoiding Any ATTACHED LIEN. 0.00 |

I DEMAND STRICT PROOF OF claim or ownership including Alleged LIEN ASSOCIATED with it.

___ continuation sheets attached

Subtotal ▶ $ 0.00

Total ▶ $ 0.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  Julio W. Mayen                          ,        Case No.  13-01660-LT13
        *Alleged*  Debtor                                            (if known)

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. (alleged) 2584<br><br>0-100 John Does<br><br>*I DEMAND STRICT PROOF of CLAIM of ownership including* | x | | *TOTAL ALLEGED debt, NOTE or DEED OF TRUST IS DISPUTED.* | | *Alleged* | x | *DISCHARGE & AVOIDING ANY ATTACHED LIEN*<br>0.00<br>*LIEN ASSOCIATED with it.* |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no._____ of_____ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ 0.00

Total▶ | $ 0.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re  Julio W. Mayen                                    ,           Case No.  13-01660-LT13
         *Alleged*   Debtor                                                              (if known)

## SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

B 6H (Official Form 6H) (12/07)

In re __Julio W. Mayen_____,       Case No. __13-01660-LT13_____
   *Alleged*  Debtor                                          (if known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Allegedly<br>Sarah Mayen<br>c/o 15335 Castle Peak Lane<br>Jamul, CA 91935 | Alleged - *See attached matrix list*<br><br>*SAME AS DEBTOR* |
| Allegedly<br>Sarah Mayen<br>c/o 15335 Castle Peak Lane<br>Jamul, CA 91935 | Alleged - |
| Allegedly<br>Sarah Mayen<br>c/o 15335 Castle Peak Lane<br>Jamul, CA 91935 | Alleged - |
| Allegedly<br>Sarah Mayen<br>c/o 15335 Castle Peak Lane<br>Jamul, CA 91935 | Alleged - |
| Allegedly<br>Sarah Mayen<br>c/o 15335 Castle Peak Lane<br>Jamul, CA 91935 | Alleged -   0 -100 John Does |

B6I (Official Form 6I) (12/07)

In re _Julio W. Mayen_____ ,          Case No. _13-01660-LT13_____

*Alleged* Debtor                                              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Divorced | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): daughter and son | AGE(S): 9 / 5 |

| Employment: | *Alleged* DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Administrative | N/A |
| Name of Employer | JME Enterprises, Inc. | |
| How long employed | 15 years | |
| Address of Employer | 15335 Castle Peak Lane A Jamul, CA 91935 | |

|  | DEBTOR | SPOUSE |
|---|---|---|
| INCOME: (Estimate of average or projected monthly income at time case filed) | | |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 1,000.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ |
| 3. SUBTOTAL | $ 1,000.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 168.00 | $ |
| b. Insurance | $ 0.00 | $ |
| c. Union dues | $ 0.00 | $ |
| d. Other (Specify): _____ | $ 0.00 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 168.00 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 832.00 | $ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ |
| 8. Income from real property | $ 0.00 | $ |
| 9. Interest and dividends | $ 0.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ |
| 11. Social security or government assistance (Specify): _____ | $ 0.00 | $ |
| 12. Pension or retirement income | $ 0.00 | $ |
| 13. Other monthly income (Specify): _____ | $ 0.00 | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ 832.00 | $ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 832.00 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

N/A

**B6J (Official Form 6J) (12/07)**

In re  Julio W. Mayen _____ ,         Case No.  13-01660-LT13 _____

    *Alleged*  **Debtor**                                  **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

    Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐    Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 0.00 |
|   a. Are real estate taxes included? | Yes _____ No ✔ | |
|   b. Is property insurance included? | Yes _____ No ✔ | |
| 2. Utilities:  a. Electricity and heating fuel | | $ 0.00 |
|        b. Water and sewer | | $ 0.00 |
|        c. Telephone | | $ 0.00 |
|        d. Other _____ | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 400.00 |
| 5. Clothing | | $ 0.00 |
| 6. Laundry and dry cleaning | | $ 0.00 |
| 7. Medical and dental expenses | | $ 0.00 |
| 8. Transportation (not including car payments) | | $ 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 0.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | | $ 0.00 |
|     b. Life | | $ 0.00 |
|     c. Health | | $ 0.00 |
|     d. Auto | | $ 0.00 |
|     e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | | $ 0.00 |
|     b. Other _____ | | $ 0.00 |
|     c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 675.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other _____ | | $ 0.00 |

| | |
|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 1,075.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

    N/A

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
|   a. Average monthly income from Line 15 of Schedule I | $ 832.00 |
|   b. Average monthly expenses from Line 18 above | $ 1,075.00 |
|   c. Monthly net income (a. minus b.) | $ -243.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re Julio W. Mayen _____ ,          Case No. 13-01660-LT13 _____
   *Alleged*          Debtor                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date 03/21/2013 _____          Signature: _____
                                                                  *Alleged*      Debtor

Date _____          Signature: _____
                                                                  (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and Title, if any,                       Social Security No.
of Bankruptcy Petition Preparer                                   *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____                    _____
Signature of Bankruptcy Petition Preparer                       Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____

                                                           _____
                                                           [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

### Southern District of California

In re: Julio W. Mayen
*Alleged* _____ Debtor,

Case No. 13-01660-LT13
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

1. **Income from employment or operation of business**

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $1,000.00 | JME Enterprises, Inc. |

2

**2.  Income other than from employment or operation of business**

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                            SOURCE

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint petition(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

3

None
☑   c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☑   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☑   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☑   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

**6.   Assignments and receiverships**

None

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
| --- | --- | --- | --- |

**7.   Gifts**

None
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8.   Losses**

None
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

5

**9.   Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Cricket debt Counseling | 2-20-13 | $35.∞ |
| US BANKRUPTCY COURT 325 W. F ST San Diego, CA 92101 | 2-21-13 | $281.∞ |

**10.   Other transfers**

None
☑

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☑

b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.   Closed financial accounts**

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.   Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.   (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

6

**12. Safe deposit boxes**

None


List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF BANK OR<br>OTHER DEPOSITORY | NAMES AND ADDRESSES<br>OF THOSE WITH ACCESS<br>TO BOX OR DEPOSITORY | DESCRIPTION<br>OF<br>CONTENTS | DATE OF TRANSFER<br>OR SURRENDER,<br>IF ANY |
|---|---|---|---|

**13. Setoffs**

None


List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF<br>SETOFF | AMOUNT<br>OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS<br>OF OWNER | DESCRIPTION AND<br>VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

7

**16. Spouses and Former Spouses**

None
☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Sarah Mayen

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☑

a.  *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

8

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None ☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

    NAME                 ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ☑   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

    NAME AND ADDRESS                 DATES SERVICES RENDERED

None ☑   b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

    NAME                 ADDRESS                 DATES SERVICES RENDERED

9

None ☑  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

NAME                                                        ADDRESS

None ☑  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

**20. Inventories**

None ☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
| --- | --- | --- |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None ☑  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN |
| --- | --- |
| DATE OF INVENTORY | OF INVENTORY RECORDS |

**21 . Current Partners, Officers, Directors and Shareholders**

None ☑  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☑  b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
| --- | --- | --- |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

10

**22 . Former partners, officers, directors and shareholders**

None ☑   a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None ☑   b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|

**24. Tax Consolidation Group.**

None ☑   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|

**25. Pension Funds.**

None ☑   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

\* \* \* \* \* \*

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    03/21/2013            Signature of Debtor   Alleged

                                   Signature of Joint Debtor

Date                                    (if any)

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date                                    Signature

                                   Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer       Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

Address

Signature of Bankruptcy Petition Preparer                Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

# **Exhibit 8**

**Closed**

# U.S. Bankruptcy Court
## Southern District of California (San Diego)
## Bankruptcy Petition #: 16-05104-LT13

|  |  |
|---|---|
| | *Date filed:* 08/22/2016 |
| | *Date terminated:* 01/11/2017 |
| | *Debtor dismissed:* 11/15/2016 |
| | *341 meeting:* 09/23/2016 |

*Assigned to:* Chief Judge Laura S. Taylor
Chapter 13
Voluntary
Asset


*Debtor disposition:* Dismissed for Other Reason


*Debtor*                                          represented by **Julio Werner Mayen**
**Julio Werner Mayen**                                          PRO SE
15335 Castle Peak Lane
Jamul, CA 91935
SAN DIEGO-CA
619-669-9904
SSN / ITIN: xxx-xx-5487
Tax ID / EIN: 51-0441990
*fdba* **JME Enterprises**

*Trustee*
**David L. Skelton**
525 B St., Suite 1430
San Diego, CA 92101-4507
619-338-4006

*United States Trustee*
**United States Trustee**
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511
619-557-5013

| Filing Date | # | Docket Text |
|---|---|---|
| 08/22/2016 | <u>1</u><br>(11 pgs; 3 docs) | Chapter 13 Voluntary Petition for Individuals,, Schedules & Statements Fee Amount $ 310.00. Schedules A-J due 9/6/2016. State. of Fin. Affairs due 9/6/2016. Summary of schedules due 9/6/2016. Chapter 13 Plan due 9/6/2016. Statement of Monthly Income and Calculation (122C-1) Due: 9/6/2016. Incomplete Filings due by 9/6/2016, Filed by Julio Werner Mayen. (Elimu, M.) Additional attachment(s) added on 8/22/2016 (Elimu, M.). (Entered: 08/22/2016) |

| | | |
|---|---|---|
| 08/22/2016 | 2<br>(7 pgs; 4 docs) | Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Trustee David L. Skelton, and Notice Regarding Interpreters. **341(a) meeting to be held on 09/23/2016 at 02:00 PM at 402 W. Broadway, Emerald Plaza Building, Suite 660 (B), Hearing Room B, San Diego, CA 92101 (Ch13),.** Complaint to determine dischargeability of certain debts deadline: 11/22/2016. Proof of Claim due by 12/22/2016. Government Proof of Claim due by 02/21/2017. (Elimu, M.) (Entered: 08/22/2016) |
| 08/22/2016 | 3 | Receipt of Statement About Your Social Security Number COURT NOTE: The PDF document is a secured image. filed by Julio Werner Mayen . (Elimu, M.) (Entered: 08/22/2016) |
| 08/22/2016 | 4<br>(1 pg) | Certificate of Credit Counseling for Debtor filed by Julio Werner Mayen . (Elimu, M.) (Entered: 08/22/2016) |
| 08/22/2016 | 5 | Photo identification requirement for persons filing a petition without attorney representation. *ID checked, petition filed by debtor(s)* COURT NOTE: The PDF document is a secured image. (Elimu, M.) (Entered: 08/22/2016) |
| 08/22/2016 | 6 | Receipt of Chapter 13 Filing Fee - $310.00 by ME. Receipt Number 229638. (Admin.) (Entered: 08/22/2016) |
| 08/22/2016 | 7<br>(3 pgs) | Court Certificate of Mailing re Notice Debtor(s) not represented by an Attorney - BNC (related documents 2 Notice of Chapter 13 Bankruptcy Case & Meeting of Creditors) Notice Date 08/24/2016. (Admin.) (Entered: 08/24/2016) |
| 08/22/2016 | 8<br>(3 pgs) | Court Certificate of Mailing re Notice of Incomplete Schedules Due- BNC (related documents 1 Chapter 13 Voluntary Petition) Notice Date 08/24/2016. (Admin.) (Entered: 08/24/2016) |
| 08/22/2016 | 9<br>(4 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 2 Notice of Chapter 13 Bankruptcy Case & Meeting of Creditors) Notice Date 08/24/2016. (Admin.) (Entered: 08/24/2016) |
| 08/23/2016 | | Notice of Debtor's Prior Filings for debtor Julio Werner Mayen Case Number 13-01660, Chapter 13 filed in California Southern Bankruptcy Court on 02/21/2013 , Dismissed for Other Reason on 05/03/2013.(Admin) (Entered: 08/23/2016) |
| 09/06/2016 | 10<br>(2 pgs) | Debtor's Motion to Extend Time to file Schedules and/or Statements; with Proof of Service and Request by Debtor for statement of Position...filed by Julio Werner Mayen (related documents 1 Chapter 13 Voluntary Petition) (Lewis, L.) Modified on 9/7/2016 (Lewis, L.). (Entered: 09/07/2016) |
| 09/06/2016 | 11<br>(2 pgs) | |

|  |  |  |
|---|---|---|
|  |  | Proof of Service (related documents 10 Motion to Extend Time) filed by Julio Werner Mayen . (Lewis, L.) (Entered: 09/07/2016) |
| 09/12/2016 | 12 | Notice to Debtor(s) of Errors and/or Deficiencies in Document by the Chapter 13 Trustee. The Debtors Request for Statement of Position is defective for the following reasons: (related document 10 Request by Debtor for Statement of Position of Chapter 13 Trustee) (David Skelton-C) (Entered: 09/12/2016) |
| 09/14/2016 | 13 (3 pgs) | Statement of Position filed by David L. Skelton on behalf of David L. Skelton. (related documents 10 Motion to Extend Time) (Skelton, David) (Entered: 09/14/2016) |
| 09/19/2016 | 14 (51 pgs) | Balance of Schedules: *Schedules A/B - J* , *Statement of Financial Affairs, Summary of Assets and Liabilities and Statistical Information* , *Summary of Schedules and Statistical Summary* , with Proof of Service. (related documents 1 Chapter 13 Voluntary Petition) filed by Julio Werner Mayen . (DeBose, D.) (Entered: 09/20/2016) |
| 09/19/2016 | 15 (3 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years . Disposable Income Is Not Determined (related documents 1 Chapter 13 Voluntary Petition) filed by Julio Werner Mayen . (DeBose, D.) (Entered: 09/20/2016) |
| 09/19/2016 | 16 (13 pgs; 2 docs) | Initial Chapter 13 Plan filed by Julio Werner Mayen . (related documents 1 Chapter 13 Voluntary Petition)(DeBose, D.) (Entered: 09/20/2016) |
| 09/20/2016 | 17 (13 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 16 Chapter 13 Plan) Notice Date 09/22/2016. (Admin.) (Entered: 09/22/2016) |
| 09/26/2016 | 18 | Objection to Confirmation of Chapter 13 Plan and Request for Hearing. Meeting of Creditors Held and Concluded *Debtor appeared.* (Skelton, David) (Entered: 09/26/2016) |
| 09/28/2016 | 19 (4 pgs; 2 docs) | Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Case. Filed by David L. Skelton on behalf of David L Skelton (Skelton, David) (related document 16 Chapter 13 Plan )(Entered: 09/28/2016) (Entered: 09/28/2016) |
| 09/28/2016 | 20 (2 pgs; 2 docs) | Notice of Hearing on Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss. Filed by David L. Skelton on behalf of David L. Skelton Scheduled for 11/15/2016 at 10:00AM at Department 3, Room 129 Jacob Weinberger U.S. Courthouse (related document 19 Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Case ) (David L. Skelton) (Entered: 09/28/2016) (Entered: 09/28/2016) |
| 09/28/2016 |  |  |

| | | |
|---|---|---|
| | 21<br>(4 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 19 Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Case) Notice Date 09/30/2016. (Admin.) (Entered: 09/30/2016) |
| 09/28/2016 | 22<br>(2 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 20 Notice of Hearing on Objection to Confirmation of Chapter 13/12 Plan) Notice Date 09/30/2016. (Admin.) (Entered: 09/30/2016) |
| 10/07/2016 | 23<br>(2 pgs; 2 docs) | Notice of Requirement to file Financial Management Course Certificate. (Admin) (Entered: 10/07/2016) |
| 10/07/2016 | 24<br>(2 pgs) | Court Certificate of Mailing re Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management- BNC (related documents 23 Notice of Requirement to file Certification of Financial Management Course) Notice Date 10/09/2016. (Admin.) (Entered: 10/09/2016) |
| 11/07/2016 | 25<br>(3 pgs; 2 docs) | Statement *of Case Status (for 11/15/16)* filed by David L. Skelton on behalf of David L. Skelton. (Attachments: # 1 Proof of Service) (Skelton, David) (Entered: 11/07/2016) |
| 11/10/2016 | 26<br>(3 pgs; 2 docs) | Request by Debtor for Dismissal of Chapter 13 Bankruptcy Case filed by Julio Werner Mayen (Attachments: # 1 Proof of Service) (DeBose, D.) (Entered: 11/14/2016) |
| 11/14/2016 | 27<br>(4 pgs; 4 docs) | Order Regarding Request by Debtor for Dismissal of Chapter 13 Bankruptcy Case **as to Debtor Julio Werner Mayen;** with BNC Service. (Related Doc # 26) signed on 11/14/2016. (DeBose, D.) (Entered: 11/15/2016) |
| 11/15/2016 | 28<br>(2 pgs) | Court Certificate of Mailing re Notice of Entry of Order Dismissing Case and Vacating All Automatic Stays and Injunctions; with Service by BNC. Notice Date 11/17/2016. (Admin.) (Entered: 11/17/2016) |
| 11/15/2016 | 29<br>(2 pgs) | Court Certificate of Mailing with Service by BNC. (related documents 27 Order re: Request by Debtor for Dismissal of Chapter 13 Bankruptcy Case) Notice Date 11/17/2016. (Admin.) (Entered: 11/17/2016) |
| 11/15/2016 | 30<br>(1 pg) | **Minute Order.** Hearing DATE: 11/15/2016, MATTER: OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS CASE FILED BY TRUSTEE **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (492234)). (related documents 19 )(Shawna Dahl) (Entered: 11/18/2016) |
| 12/28/2016 | 31<br>(2 pgs) | Chapter 13 Trustee's Final Report and Account . (Skelton, David) (Entered: 12/28/2016) |

| 12/28/2016 | 32<br>(3 pgs) | Court Certificate of Mailing- BNC (related documents 31 Chapter 13 Trustee's Final Report and Account) Notice Date 12/30/2016. (Admin.) (Entered: 12/30/2016) |
| 12/28/2016 | 33 | Court Notice Served On: 12/30/2016. Due on 01/27/2017 unless an objector is entitled to additional time under FRBP 9006. (related document 32 Chapter 13 Trustee's Final Report and Account) (Admin) (Entered: 12/31/2016) |
| 01/11/2017 | 34 | Order Approving Account, Discharging Chapter 13 Trustee and Closing Estate. It appearing to the Court that, the Chapter 13 Trustee, has performed all duties required in the administration of this case; the Trustee has made distribution of all funds coming into his possession as required by order of this Court and has rendered a full and complete account, and the Trustee has performed all other duties required of him in the administration of this case; IT IS ORDERED the accounts of the Trustee be approved and allowed; the Trustee be discharged and relieved of his trust; the bond of the Trustee, or blanket bond be canceled and any sureties be released from further liability, except any liability which may have accrued during the time such bond was in effect; and the case is hereby closed. The debtor is relieved of any further responsibility for keeping this Court and the Trustee advised of a current mailing address. Barry K. Lander, Clerk (DeBose, D.) (Entered: 01/11/2017) |

# **Exhibit 9**

MSF
Rev. 12/15

## United States Bankruptcy Court
Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101−6991

Telephone: 619−557−5620
Website: www.casb.uscourts.gov
Hours: 9:00am−4:00pm Monday−Friday

**Julio Werner Mayen**
 15335 Castle Peak Lane
Jamul, CA 91935
xxx−xx−5487
*Debtor Aliases:*  JME Enterprises

Case number:  16−05104−13
Chapter:  13
Judge

**Important Notice To (Attorney For) Debtor**
**Notice of Missing Schedule(s), Statement(s) and/or Chapter 13 Plan**

The petition for relief you have filed was missing one or more of the following papers:

**Schedules A/B−J**
**Statement of Financial Affairs**
**Summary of Assets and Liabilities and Statistical Information**
**Chapter 13 Plan**
**Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (122C−1)**

Failure to file the missing papers within 14 days following the date the petition was filed (30 days for a Chapter 7 *Debtor's Statement of Intention*, if required), or the date a notice or an order converting was entered, will cause your case to be dismissed pursuant to 11 U.S.C. §707(a)(3) without further notice.

Please note that Local Bankruptcy Rule (LBR) 1007−4 and 1009−1 (described below) requires you to serve a copy of any late−filed schedules, statements, and(or) amendments on any trustee and, if a Chapter 11 case, the United States Trustee, and any member of the official creditors committee. Local Form CSD 1099, *Balance of Schedules* and(or) *Chapter 13 Plan,* with proof of service must accompany the originals filed with the Court. Compliance with *Special Requirements for Mailing Addresses,* (Form CSD 1007), is also required.

Unless you have already done so, you must file with the Court a statement setting forth the amount of fees paid or promised to you for services rendered in connection with the filing of this case. A *Disclosure of Compensation of Attorney for Debtor,* (Form CSD 2030), may be obtained from the Court without cost. This Disclosure Statement must be filed with the Court before the date scheduled for the Section 341(a) Meeting.

Dated: 8/22/16

Barry K. Lander
Clerk of the Bankruptcy Court

**1007−4. Required Notice When Schedules Are Filed After the Petition Date.**

When filing any lists, statements, or schedules after the Petition Date, the debtor must:

   a. Service. File and serve a Proof of Service of a copy of these Documents on the U.S. Trustee, any interim trustee or trustee, and each member of any committee appointed in the case; and

   b. Notice. Give notice of the Petition Date to any Entity or Individual newly listed in the lists, schedules, and statements. If applicable, this notice must be accompanied by:

      1. a copy of the "*Order for and Notice of Section 341(a) Meeting*";

      2. any "*Discharge of Debt*" or "*Notice of Order Confirming Plan*"; and

      3. in a chapter 13 case, a claim form and the date, time and location of any pending section 341(a) meeting or confirmation hearing currently scheduled.

   c. Form of Notice. When noticing any Entity or Individual not previously named in the original mailing matrix, the debtor must comply with LBR 1007−1

**1009−1. Amendment; Notice.**

Any amendment filed shall substantially conform to Local Form CSD 1100, **Amendment**. Service shall be made in the manner required by LBR 1007−4 and shall substantially conform to Local Form CSD 1101, **Notice to Creditors of the Above−Named Debtor Added by Amendment or Balance of Schedules.**

*Forms may be obtained at the Courthouse or from the Court's website:   www.casb.uscourts.gov*

# Notice Recipients

| District/Off: 0974-3 | User: Admin. | Date Created: 8/22/2016 |
|---|---|---|
| Case: 16-05104-13 | Form ID: 184 | Total: 1 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db    Julio Werner Mayen    15335 Castle Peak Lane    Jamul, CA 91935

TOTAL: 1

**Fill in this information to identify your case:**

United States Bankruptcy Court for the: # 229 638

_____ District of _____

Case number (If known): 16-5104

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy   12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Julio<br>First name<br>Werner<br>Middle name<br>Mayen<br>Last name<br>_____<br>Suffix (Sr., Jr., II, III) | None<br>First name<br>None<br>Middle name<br>None<br>Last name<br>None<br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | None<br>First name<br>None<br>Middle name<br>None<br>Last name<br>None<br>First name<br>None<br>Middle name<br>None<br>Last name | None<br>First name<br>None<br>Middle name<br>None<br>Last name<br>None<br>First name<br>None<br>Middle name<br>None<br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 5 4 8 7<br>OR<br>9 xx – xx – N O N E | xxx – xx – N O N E<br>OR<br>9 xx – xx – N O N E |

Debtor 1     **Julio Werner Mayen**
     First Name    Middle Name      Last Name            Case number (if known)_____

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ☐ I have not used any business names or EINs.<br><br>**JME Enterprises**<br>Business name<br><br>_____<br>Business name<br><br>5 1 - 0 4 4 1 9 9 0<br>EIN<br><br>___ - ___ ___ ___ ___ ___ ___<br>EIN | ☐ I have not used any business names or EINs.<br><br>None<br>Business name<br><br>_____<br>Business name<br><br>___ - ___ ___ ___ ___ ___ ___<br>EIN<br><br>___ - ___ ___ ___ ___ ___ ___<br>EIN |
| **5. Where you live** |  | If Debtor 2 lives at a different address: |
|  | 15335 Castle Peak Lane<br>Number    Street<br><br>_____<br><br>Jamul          CA    91935<br>City           State   ZIP Code<br><br>San Diego<br>County<br><br>**If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.**<br><br>Same as above<br>Number    Street<br><br>_____<br>P.O. Box<br><br>_____<br>City           State   ZIP Code | None<br>Number    Street<br><br>_____<br><br>_____<br>City           State   ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.**<br><br>None<br>Number    Street<br><br>_____<br>P.O. Box<br><br>_____<br>City           State   ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)<br><br>_____<br>_____<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)<br><br>_____<br>_____<br>_____ |

Case 16-05104-LT13   Filed 08/22/16   Entered 08/22/16 09:18:27   Doc 1-2   Pg. 3 of 8

Debtor 1   __Julio Werner Mayen_____
          First Name   Middle Name   Last Name

Case number (if known)_____

---

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

❏ Chapter 7

❏ Chapter 11

❏ Chapter 12

☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

❏ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

❏ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

❏ No
☑ Yes.   District  Southern California    When  02/21/2013   Case number  13-01660-LT13
                                              MM / DD / YYYY

          District  _____   When  _____   Case number  _____
                                              MM / DD / YYYY

          District  _____   When  _____   Case number  _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
❏ Yes.   Debtor  _____   Relationship to you  _____
          District  _____   When  _____   Case number, if known_____
                                              MM / DD / YYYY

          Debtor  _____   Relationship to you  _____
          District  _____   When  _____   Case number, if known_____
                                              MM / DD / YYYY

**11. Do you rent your residence?**

☑ No.   Go to line 12.
❏ Yes.  Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

        ❏ No. Go to line 12.

        ❏ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Debtor 1    **Julio Werner Mayen**_____     Case number (if known)_____
         <small>First Name     Middle Name     Last Name</small>

## Part 3:   Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

    None_____
    <small>Name of business, if any</small>

    _____
    <small>Number    Street</small>

    _____

    _____
    <small>City       State    ZIP Code</small>

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☑ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

## Part 4:   Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.   What is the hazard?    None_____

    _____

    If immediate attention is needed, why is it needed?  None_____

    _____

    Where is the property?   None_____
                     <small>Number    Street</small>

    _____

    _____
    <small>City       State    ZIP Code</small>

Debtor 1 ___Julio Werner Mayen_____   Case number (if known)_____
            First Name    Middle Name    Last Name

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

   Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

   Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

   To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

   Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

   If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

   Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

   ☐ Incapacity.   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ Disability.   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ Active duty. I am currently on active military duty in a military combat zone.

   If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

   Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

   Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

   To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

   Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

   If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

   Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

   ☐ Incapacity.   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ Disability.   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ Active duty. I am currently on active military duty in a military combat zone.

   If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1 ___Julio Werner Mayen_____
        First Name      Middle Name        Last Name

Case number *(if known)*_____

---

**Part 6:    Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.
None

---

**17. Are you filing under Chapter 7?**

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☑ No.  I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Part 7:    Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ *Julio Mayen*                          ✗ None
Signature of Debtor 1                    Signature of Debtor 2

Executed on 08/22/2016                   Executed on _____
          MM / DD /YYYY                              MM / DD /YYYY

---

Debtor 1  __Julio Werner Mayen__
          First Name  Middle Name      Last Name

Case number *(if known)*_____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ __None_____
  Signature of Attorney for Debtor

Date  _____
      MM   /   DD  / YYYY

__None_____
Printed name

__None_____
Firm name

__None_____
Number    Street

__None_____

__None_____
City                          State        ZIP Code

Contact phone _____

Email address __None_____

__None_____
Bar number                        State

---

Debtor 1    Julio Werner Mayen                                    Case number (if known)_____
            First Name   Middle Name   Last Name

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No
☐ Yes. Name of Person_____.
      Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ *Julio Mayen*                          ✗ None
   Signature of Debtor 1                    Signature of Debtor 2

Date    08/22/2016                        Date    _____
        MM / DD / YYYY                            MM / DD / YYYY

Contact phone  (619) 669-9904             Contact phone  _____

Cell phone     (619) 908-9796             Cell phone      _____

Email address  ekultan@gmail.com          Email address   _____