Julio Mayen
15335 Castle Peak Lane
Jamul, CA 91935
(619) 937-2307

FILED
MAY 11 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY WPL          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIO MAYEN**<br>*Plaintiff,*<br>vs.<br>**New Penn Financial, LLC, dba Shellpoint Mortgage Servicing**<br>*Defendant* | CASE: 3:17-cv-00050-JLS-MDD<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND REQUEST FOR JUDICICIAL NOTICE**<br><br><u>Hearing Date:</u><br>DATE:   May 25, 2017<br>TIME:   1:30 pm<br>Crtrm.:   4D<br><br>Action Filed: January 11, 2017<br>Trial Date: None Set<br><br>**<u>TRIAL BY JURY DEMANDED</u>** |

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE</u>

## I. INTRODUCTION

1. Comes now the Plaintiff, Julio Mayen, with Plaintiff's Objection and Opposition to Defendant's Motion to Dismiss and Defendant's Request for Judicial Notice.
2. Defendant has filed their motion to dismiss for failure to state a claim for which relief can be granted citing numerous deficiencies as well as the *Twombly* standard.
3. Plaintiff specifically objects to all claims and defenses made by the Defendant's Counsel in Defendant's Motion To Dismiss (Dkt. 6), Memorandum of Points and Authorities to its Motion to Dismiss or for a More Definitive Statement (Dkt. 6-1), Request for Judicial Notice (Dkt. 6-2), Exhibit 1 – 9 (Dkt 6-3) and Exhibit 10-14 (Dkt. 6-4).

## II. ARGUMENT

4. As the Plaintiff is pro se, the court should apply a more relaxed pleading standard as stated by the US Supreme Court in *Haines v Kerner*. In *Haines v. Kerner*, the Court held that judges should liberally construe pro se pleadings. It further stated that—

   > *"allegations such as those asserted by [the pro se] petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the*

> *plaintiff can prove no set of facts in support of his claim which would entitle him to relief"."*

5. This dispute of genuine material fact is that Shellpoint is not Plaintiff's "servicer" or "creditor" as defined by the FDCPA. As stated in the complaint, Plaintiff has repeatedly requested that Shellpoint provide validation of the "alleged" debt. Shellpoint has and continues to be unresponsive to Plaintiff's requests while continuing to violate the FDCPA and the Rosenthal Act by continuing to attempt to collect without validating the "alleged" debt. Although Shellpoint may be known as a servicer by name or in cases other than in this specific case, Shellpoint is not, and cannot prove, that they are Plaintiff's servicer in any capacity, due to the fact that they received the assignment for collecting this debt over four and a half years after the alleged default. For this reason, the FDCPA and the Rosenthal Act does apply to Shellpoint as they are acting in the capacity of a debt collector.

## Defendants Motion to Dismiss is incomplete per the Federal Rules of Civil Procedure Rule 12

6. Shellpoint's motion to dismiss is incomplete and fails. While Shellpoint has motioned the court for dismissal under rule 12(b)(6), Shellpoint is presenting new matters outside of the pleadings (Dkt. 6-2). In doing so and if not excluded by the court, Rule 12(d) applies and has not been addressed or complied with, rendering the Defendants' motion to dismiss deficient and fails.

Rule 12 (d) States: -
   Result of Presenting Matters Outside the Pleadings. *"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule*

*56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion ".*

7. In Plaintiff's Judicial Notice (Dkt. 2) as follows in part and filed with the complaint stands unrebutted by Shellpoint.

"It is well established that statements of counsel of alleged facts are not sufficient to establish facts or evidence in the case for its client. See *Trinsey v. Pagliaro,* 229 F. Supp. 647, 649 (D.C. Pa. 1964) ("The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). *Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment.*" [emphasis added]); see also, *Loomis, In re,* 587 N.W.2d 427, 438 (S.D., 1998) ("Attorneys cannot testify on behalf of their clients"); *Estes v. Millea,* 464 N.W.2d 616, 619 (S.D. 1990) ("[A]n attorney cannot testify on behalf of his client [citations omitted]. Further, the communication with the circuit court was not in the form of an affidavit nor under oath. It was merely argument in a trial brief. *This is clearly not evidence* and, thus, Williams' interrogatory answer stands uncontradicted ...." [emphasis added]); *Amos v. Cohen,* 2004Ohio-1265, ~7 ("Because the roles of advocate and witness are inconsistent, it is generally inappropriate for a trial attorney to testify on behalf of the

client"). Statements of counsel are not evidence. *Exeter Bank Corporation, Inc. v. Kemper Securities Group, Inc.,* 58 F.3d 1306, 1312 n.5 (8th Cir. 1995); *British Abways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979)."

8. Shellpoint's motion to dismiss is unsupported by affidavit or declaration and is incomplete pursuant to Fed. R. Civ. P. Rule 56(c). Shellpoint has no foundational witness with any first hand personal knowledge of the facts in this case to support allegations and alleged claims.

9. Attorney cannot testify or authenticate evidence for its client. Counsel is expecting the court to accept Counsel's pleadings as facts when in fact Counsel cannot act in the capacity of advocate and witness at the same time.

10. As stated in Plaintiffs Judicial Notice (Dkt 2) it stands unrebutted by Shellpoint,

> "An attorney cannot testify or authenticate evidence for its client: An attorney's affirmation or testimony generally cannot advance substantive proof. Moreover, counsel for Defendant cannot testify or plea for its client nor can counsel authenticate any document in this case regarding the alleged Contract since counsel has no personal knowledge of any alleged transaction in this matter. See, e.g., *Key Bank of Me. v. Lisi,* 225 AD2d 669, 669 (2d Dept 1996) ("affirmation of ... attorney who had no personal knowledge of the facts . . . did not constitute proof in admissible form and it [is] without evidentiary value")). The Court must strike any alleged fact advanced by Defendant's counsel that is not supported by an affidavit or other authenticated document(s) from Defendant or by Defendant's corporate

representative that is a competent fact witness with personal knowledge of the claims, facts and documents (to authenticate) employed by Defendant in this matter. *See* Federal Evidence Rule §§ 901,902. For the record: The Undersigned hereby ISSUES a continual objection to any purported evidence proffered by counsel for Defendant, whether in writing or in open court, that does not come from a valid document! evidence authenticated by a competent fact witness with personal knowledge of an event, document or other evidence."

## DEFENDANT'S COUNSEL ATTEMPTS TO MAKE THIS COMPLAINT ABOUT AN "ALLEGED" DEBT WHEN IT IS NOT

11. All documents that Shellpoint is trying to have judicially noticed are trying to make this case about the alleged debt. All documents/exhibits provided by Shellpoint are irrelevant in this case for the simple reason that this case is about the *conduct* of Shellpoint as they attempted to collect an alleged debt.

12. Plaintiff's claim has nothing to do with any alleged debt.

13. There is no claim made in this lawsuit about a debt.

14. Once again, Shellpoint attempts to use smoke and mirrors to muddy the waters to confuse the court.

15. The court should NOT allow Shellpoint to do so.

16. This is a very straight forward claim for violations of the FDCPA and the Rosenthal Act resulting from Shellpoint's conduct and has nothing to do with any alleged debt.

### Judicial Estoppel Does not Bar Plaintiff's Case

17. Shellpoint's claim of Judicial estoppel about the alleged debt is a distraction for the court and is irrelevant and immaterial to the real cause of the action brought in this lawsuit.

18. The alleged bankruptcies have been withdrawn by plaintiff and as a result have no bearing on the claims of the defendants making their claims moot as a result.

19. Plaintiff now Objects specifically and addresses the 5 prongs of the Judicial Estoppel doctrine:
    - (1) <u>Same party has taken two positions</u> - False.  Plaintiff has always maintained the same position throughout all if his bankruptcy cases including the instant case before the court. Plaintiff's position is and has always been that the alleged debt is and has been disputed and not validated from the time that Shellpoint send Plaintiff their initial dunning letter to this date.
    - (2) <u>The positions were taken in judicial or quasi-judicial administrative proceedings</u> - False.  Plaintiff maintains, asserts and specifically states that his position regarding Shellpoint has never changed as a result of their never validating or verifying the alleged debt while continuing to attempt to collect the alleged debt.
    - (3) <u>The party was successful in asserting the first position</u> – False. *(Read Section #20 below).*
    - (4) <u>The two positions are totally inconsistent</u> – False.  Plaintiff has consistently maintained, asserted and alleged in any and all alleged proceedings that Shellpoint is a debt collector and that the alleged amount of the debt is disputed.

- (5) <u>And the first position was not taken as a result of ignorance, fraud or mistake.</u> – False. Plaintiff is not an attorney and has never studied law and as a result is not aware of all the pitfalls that are in this field of study. Plaintiff is not schooled or versed in "Legalese" and is not aware of every pitfall or snare to every situation. As a result, if Plaintiff made any unknowing mistakes they would be as a result of ignorance or mistake. The court should realize this and take into account Plaintiff's Rights and Claims filed in his Request for Judicial Notice (Dkt. 2) which is unrebutted also mentioned earlier in this opposition that Plaintiff cannot be held to the same standard as an attorney, (Haines v Kerner).

20. Furthermore, a close review will show that Plaintiff has always contended that the alleged creditors account was disputed in all three bankruptcies by plaintiff checking off the "disputed" box and listing the defendant as a debt collector, showing the ongoing violations by the Defendants.

- "Judicial admissions" of facts are binding. You cannot submit or ask for evidence that contradicts those facts.
- "Judicial admissions" are distinguishable from "evidentiary admissions".
- "Evidentiary admissions" can be contradicted by other evidence.
- Bankruptcy courts themselves treat admissions made in a different proceeding as *evidentiary admissions* when there is a contested matter. "[O]n the other hand, because schedules are filed in the 'main' case as opposed to a particular

- adversary proceeding or contested matter, they may simply be considered *evidentiary admissions* rather than *judicial admissions*." See In re Cobb, 56 B.R. 440, 442 n.3 (Bankr. N.D.Ill. 1985).
- Also, [a]dmissions made in another proceeding **are not conclusive and binding judicial admissions**. See Universal American Barge Corp. v. J-Chem, Inc., 946 F. 2d 1131 (5th Cir. 1991). Moreover, "[b]ut *judicial admissions* are not conclusive and binding in a separate case from the one in which the admissions were made. See State Farm Mut. Auto Ins. Co. v. Worthington, 405 F. 2d 683, 686 (8th Cir. 1968). This includes admissions made in other motions or adversary proceedings, which were conducted in the same bankruptcy case. While these may be admissions as an admission of a party-opponent, they were **not** *judicial admissions* with conclusive effect because they were not made in the same proceeding. See Jenkins v. Tomlinson, 182 B.R. 489, at 492.
- As you can see, whether or not an admission is within the same proceeding is something that should be a factor in determining whether an admission is considered a *judicial or evidentiary admission*, **especially when there is a contested matter**. (As in this instant matter; the "ALLEGED" debt has been disputed and contested which is a consistent position by the plaintiff).
- There is a very crucial distinction between taking judicial notice of the fact that one has filed a document in a case, or in a related case, on a given date, i.e., the existence thereof,

and taking judicial notice of the truth or falsity of the contents of any such a document for the purposes of finding a fact. See In re Earl, 140 B.R. 728, 731 n.2 (Bankr. N.D. Ind. 1992), citing In re Cobb, 56 B.R. 440.

- Taking judicial notice of records as conclusively establishing facts is widely criticized in the bankruptcy courts and is generally not competent evidence of the truth of the matters asserted within those documents. See In re Bestway Products, Inc., 151 B.R. 530, at 540 n.33: "[t]he third, and widely-criticized, use of judicial notice of court records is to take as conclusively established extrajudicial facts that are mentioned in the records, thereby depriving a party of the right to dispute the facts and eviscerating the doctrine of collateral estoppel".

- A previously filed court document will generally not be competent evidence of the truth of the matters asserted therein solely because the court has taken judicial notice of the existence. See Nantucket Investors II v. California Federal Bank (In re Indian Palms Associates), 61 F.3d 197, 204 (3d Cir. 1995). In re Indian Palms Assoc., the court reversed since the documents were used to determine disputed facts relating to the merits of the case, which goes against the rule requiring evidentiary competence.

- Bankruptcy courts have adversarial proceedings regarding contested issues that are separate from the bankruptcy case, in the adversarial proceedings, *they do not accept the truth of the facts contained in documents filed in the main*

<u>bankruptcy case</u>; even though the documents are filed with the same court. While the Bankruptcy courts may take judicial notice of its own records, it may not "infer the truth of the facts contained in documents, unfettered by the rules of evidence or logic, simply because such documents were filed with the court." See Staten Island Savings Bank v. Scarpinito (In re Scarpinito), 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996) (citing Russell, Bankruptcy Evidence Manual § 201.5 at 201 (West 1995)).

## FDCPA and The Rosenthal Act

21. Shellpoint in their Memorandum of Points and Authorities (Dkt. 6-1) attempts to once again deceive the court. This time into believing that Plaintiff has failed to state a claim in his complaint, this is simply not true.

22. Shellpoint has provided misapplied case law which in fact supports Plaintiff's claim while proving that Shellpoint is, without a doubt, a debt collector as defined by the FDCPA and the Rosenthal Act.

23. Shellpoint on (Dkt. 6-1, pg 4:24-28 and pg 5:1-3) states the definition of a debt collector but they fail to focus on the controlling and operative half of the sentence on (Dkt. 6-1, pg. 5:1-2) which states "…, <u>as long as the debt was NOT in default at the time is was assigned</u>". Citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1983) and *Conners*, 2009 WL 1615989, at *5 *(Following Perry)*. This benefits the Plaintiff by confirming this undisputable fact.

24. Plaintiff in his complaint (Dkt. 1, pg 2, #3:14-18) states clearly:

> *"This claim for damages against the Defendant for actual and statutory damages, costs and attorney's fees pursuant to the FDCPA and the Rosenthal Act as a result of Defendant's conduct in the collection of an <u>alleged consumer debt in default for over four and a half years prior to being assigned to Defendant for collection</u>".*

25. Plaintiff in his complaint (Dkt. 1, pg. 4:19-25) again states that Shellpoint did not start attempting to collect the alleged debt until AFTER the alleged debt was allegedly in default while citing 15 USC 1692a(6)F(iii).

26. Plaintiff in his complaint (Dkt. 1, pg. 5, #19 line 11) states that the alleged default date of the alleged loan was March 1, 2009 which was at least four and a half years prior to Shellpoint getting an alleged assignment to collect.

27. Plaintiff in his complaint (Dkt 1, pg. 5, #20:12-14) states that on December 24, 2013, Resurgent Capitol Services L.P. sent Plaintiff a letter stating that they had acquired the servicing rights of Plaintiff's allegedly defaulted loan. *This was four years and nine months after the alleged default* making them a debt collector under the FDCPA and the Rosenthal Act.

28. Plaintiff in his complaint (Dkt. 1, pg. 5, #21:15-16) states that on January 31, 2014, Plaintiff sent Resurgent a debt validation letter disputing the amount and validity of the debt.

29. Resurgent never responded to Plaintiff's January 31, 2014 Request for Validation and Notice of Dispute letter.

30. Plaintiff in his complaint (Dkt. 1, pg 5, #22:17-20) states that on February 14, 2014, Plaintiff received a notice from Resurgent/ Shellpoint transferring servicing rights to Shellpoint.

31. Plaintiff in his complaint (Dkt. 1, pg. 5, # 23:19-20) states that on March 31, 2014 he sent Shellpoint a debt Validation letter disputing the amount and validity of the debt.

32. Shellpoint has never validated the alleged debt to Plaintiff.

33. Plaintiff in his complaint (Dkt. 1, pg. 5, #24:24) states that Shellpoint has never validated or verified the alleged debt.

34. Plaintiff in his complaint (Dkt. 1, pg. 5, #25:26-28 and pg. 6:1-3) has stated that Shellpoint, for the last 12 months prior to Plaintiff filing this lawsuit, has sent six different demands for payment without providing any account-level documentation substantiating the amount of the alleged debt. As such, Shellpoint has continued collection activity of a disputed debt making this lawsuit ripe and proper for this claim.

35. PLUS Shellpoint sent their most recent attempt to collect the alleged debt in a letter dated March, 13, 2017 DURING THIS LAWSUIT!!!

36. Based on the facts stated here, it is clear that Shellpoint is a repeat offender that has no issue with violating state and federal law, this must be put to an end immediately.

37. Shellpoint continues to try to deceive the court and to make this complaint about an alleged debt when it is NOT. There are NO allegations anywhere in Plaintiff's complaint that make any inference to any foreclosure as Shellpoint asserts (Dkt. 6-1, pg 5:7-14). This allegation and supporting case law is misplaced and not within the four corners of Plaintiff's complaint and should be stricken.

### Indispensible Party

38. Plaintiff Objects specifically and explicitly to Shellpoint's attempt to muddy the waters by attempting to make Plaintiff's claim about an alleged debt and bringing in Sarah Mayen (Sarah) as an indispensable party.

39. Plaintiff and Sarah were legally divorced in 2009 and Sarah has not resided with Plaintiff since January 4, 2009.

40. Plaintiff's lawsuit and claim is specifically about the conduct of Shellpoint resulting in ongoing violations of the FDCPA and the Rosenthal Act regarding an alleged debt.

41. Sarah has nothing to do with this claim whatsoever; the violations relate specifically and only to the Plaintiff. Sarah is not a relevant party as she has not sustained injury as a result of defendant's conduct.

42. **Sarah is not a relevant party to the claims made in this lawsuit / complaint.**

43. Plaintiff's complaint has nothing to do with any alleged mortgage, alleged Note or alleged debt. It is strictly a claim relating to the actions of Shellpoint in attempting to collect an alleged unvalidated debt. It has nothing to do with any alleged debt. Therefore Sarah is not and cannot be an indispensable party and has no part in this case.

44. The court should take notice that the claims made under the FDCPA and the Rosenthal Act are related only to the actions of the defendant in attempting to collect an alleged debt.

45. **This lawsuit in no manner whatsoever is about a debt.**

46. Shellpoint again tries to muddy the waters and deceive the court to believe that this lawsuit is about an alleged debt, it is NOT.

47. It is strictly related to the actions of Shellpoint in attempting to collect an alleged debt as a debt collector under the FDCPA and the Rosenthal Act.

48. Therefore, Sarah is NOT in any way involved nor could she be in any way involved with the claims brought as a result of the actions of Shellpoint in attempting to collect an unverified and unvalidated alleged debt while continuing to violate as they continue to collect an alleged debt.

## III. CONCLUSION

49. Wherefore, plaintiff respectfully requests this honorable court to deny Defendant's motion to dismiss and order the Defendants to answer this claim. In the alternative, should this court grant this motion, plaintiff respectfully requests it be dismissed without prejudice with leave to amend to correct deficiencies identified by the court.

Respectfully submitted
Dated: May 11, 2017

By: Julio Mayen, Plaintiff

**Proof of Service**

I certify that I have served a copy of **PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND REQUEST FOR JUDICICIAL NOTICE** on May 11, 2017 by First Class US Certified Mail #7012 3050 0001 8906 4534 to:

**AKERMAN LLP**
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

By/ Julio Mayen, Plaintiff
15335 Castle Peak Lane
Jamul, CA  91935