**AKERMAN LLP**
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC dba SHELLPOINT MORTGAGE SERVICING,<br><br>　　　　　Defendants | Case No. 3:17-CV-0050-JLS-MDO<br>Assigned to the Hon. Janis L. Sammartino<br><br>**DEFENDANT'S REPLY SUPPORTING ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Hearing Date:<br>Date:   May 25, 2017<br>Time:   1:30 p.m.<br>Crtrm.: 4D<br><br>Complaint Filed:   January 11, 2017<br>Trial Date:            None |

Shellpoint replies supporting its motion to dismiss plaintiff Julio Mayen's complaint with prejudice.

## I. INTRODUCTION

Like the flawed complaint before it, Mr. Mayen's opposition betrays a misunderstanding of the nonjudicial foreclosure process and fails to meaningfully oppose the substantive and procedural bars to relief raised in Shellpoint's motion to dismiss. Relying on what can only be described as his own unsupported opinions, Mr. Mayen does not refute the deficiencies brought to light in the motion, namely those concerning judicial estoppel, the inapplicability of the FDCPA and RFDCPA, Mr. Mayen's failure to meet the heightened pleading standard for FDCPA and RFDCPA claims, or Mr. Mayen's failure to include Sarah A. Mayen as a necessary party.

Mr. Mayen simply insists he did not take inconsistent positions warranting estoppel, argues he has established claims for RFDCPA and FDCPA because his loan was in default when Shellpoint assumed servicing and, finally, reasons because he and Ms. Mayen are divorced, she need not be included in this suit.

Mr. Mayen's arguments are ineffective. The complaint is riddled with incurable deficiencies and should be dismissed with prejudice.

## II. ARGUMENT

### A. Shellpoint Properly Requests Judicial Notice.

Mr. Mayen's argument that Shellpoint "is presenting new matters outside of the pleadings," (Opp., ¶ 6), seems to challenge Shellpoint's request for judicial notice.

"A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Shellpoint has asked the court take judicial notice of the deed of trust, the notice of default, the notice of trustee's sale, and Mr. Mayen's publicly filed bankruptcy documents. (*See, generally,* RJN.) The content of these documents is not subject to reasonable dispute. And, contrary to Mr. Mayen's suggestion otherwise, California federal courts considering foreclosure cases regularly take judicial notice of documents like those attached to Shellpoint's RJN. *See, e.g.*, *Villavalzo v. America's*

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Servicing Co.*, No. CV 11–4868 CAS (MANx), 2012 WL 3018059, at *1 n.1 (C.D. Cal. July 23, 2012); *Brown v. U.S. Bancorp*, No. CV 11–6125 CAS (PJWx), 2012 WL 665900, at *1 n.1 (C.D. Cal. Feb. 27, 2012).

The California Court of Appeal considered a similar objection to judicial notice in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011).  There, the court made it clear the legal effect of publicly recorded and attested documents "assures their reliability" and places "such documents beyond reasonable dispute."  *Id.* at 265. In light of *Fontenot*'s persuasive reasoning, the court need not accept Mr. Mayen's unfounded allegations the proffered documents are "new matters outside the pleadings" and may take judicial notice of their contents.  *Id.*  ("[T]he court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face").

The court should likewise disregard any objection by Mr. Mayen to judicial notice of his own bankruptcy documents.  *E.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); *see also Hayes v. Wells Fargo Bank, N.A.*, No. 3:13–CV–0420 KAW, 2013 WL 4117050, at *3–4 (N.D.Cal. Aug. 12, 2013) (taking judicial notice of the plaintiffs' bankruptcy docket).

### B.   Judicial Estoppel Bars this Entire Case.

Mr. Mayen insists "the alleged bankruptcies have been withdrawn by plaintiff and as a result have no bearing on the claims of the defendants making their claims moot as a result."  (Opp., ¶ 18.)  And he denies maintaining an inconsistent position in his prior bankruptcies, (Opp., ¶¶ 19-20), relying on his 2013 bankruptcy where he "disputed" his mortgage loan when he listed it as an unsecured nonpriority debt.  These arguments entirely miss the purpose behind judicial estoppel.

The pendency of the bankruptcies at the time of filing this action and any purported "withdrawal" of the petitions are irrelevant.  Regardless of the disposition of Mr. Mayen's *three* previous bankruptcies, he did not schedule his present claims and

judicial estoppel should apply. By 2016—when Mr. Mayen's two most recent bankruptcy petitions were filed—he was aware of the claims in this lawsuit, which by his own account arose in 2014. Despite this, Mr. Mayen failed to properly schedule the claims and misrepresented his assets to the bankruptcy court and creditors. Once a debtor invokes bankruptcy relief and obtains its benefits, there is a duty to disclose all assets, including contingent and unliquidated claims. In *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782-783 (9th Cir. 2001), the court held "Hamilton clearly asserted inconsistent positions. He failed to list his claims against State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the same claims." *Id*. at 784. This nondisclosure was "the most compelling reason to bar him from prosecuting claims against State Farm." *Id*. at 785. The same circumstances exist here; the same conclusion should follow.

### C. Mr. Mayen's FDCPA and RFDCPA Claims Fail.

Mr. Mayen's opposition fails to adequately address the deficiencies raised in Shellpoint's motion to dismiss against his FDCPA and RFDCPA claims. Mr. Mayen's opposition is entirely devoted to establishing his loan was in default at the time Shellpoint began servicing his loan. (Opp., ¶¶ 23-35, generally.) Assuming this is true, Mr. Mayen nonetheless ignores Shellpoint's additional arguments, waiving any opposition. *See, e.g., Johnson v. Homecomings Fin.*, No. 09CV1262 L (NLS), 2010 WL 3075189, *3 (S.D. Cal. Aug. 5, 2010) (*citing City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n. 16 (N.D. Cal. 2003) (failure to address arguments in response to a motion to dismiss resulted in waiver of any opposition).

Mr. Mayen's RFDCPA and FDCPA claims fail because his loan obligation serviced by Shellpoint is not a "consumer debt" for FDCPA purposes. Nor does Mr. Mayen respond to Shellpoint's arguments concerning his complaint's failure to allege a single specific fact connecting Shellpoint's conduct to any RFDCPA or FDCPA prohibition. The heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply to RFDCPA claims and they are unmet in Mr. Mayen's complaint.

Mr. Mayen points the court to other "aforementioned" acts listed elsewhere in the complaint. (Compl. ¶ 31.) These "aforementioned" acts reference Mr. Mayen's boilerplate claim Shellpoint sent "demands for payment" without providing any "account-level" documentation substantiating the amount of the debt. (Compl. ¶ 25.) The opposition does not nothing to illuminate his claims, and Shellpoint is *still* forced to speculate what statements Mr. Mayen is referring to, what errors he claims are contained in those statements, and what resulting prejudice he suffered. Mr. Mayen neglects to allege any actual facts to describe Shellpoint's alleged misconduct, and if or how Shellpoint's statements were false, deceptive or misleading in any way. Mr. Mayen further fails to inform the court or Shellpoint when these purportedly unlawful communications occurred or by whom.

### D.  Sarah A. Mayen Remains a Necessary and Indispensable Party.

Mr. Mayen disputes Sarah A. Mayen is an indispensable party because they are no longer married and because his lawsuit does not concern an alleged debt. (Opp., ¶ 38, 43, 45, 46.) In the same vein, Mr. Mayen states the lawsuit actually relates to Shellpoint's efforts to collect on a debt. (Opp., ¶ 40, 41, 43, 47.) The distinction Mr. Mayen draws is not only unclear, it is immaterial to the indispensability of Ms. Mayen.

Ms. Mayen is not only a co-borrower on the loan, she is a documented and of-record co-owner of the property, rendering her an indispensable party under the purview of Federal Rule of Civil Procedure 19. *See also Susilo v. Wells Fargo Bank, N.A.*, 2012 WL 5878201 at *6 (C.D. Cal. 2012) (court held "current owner of the property" is deemed a Rule 19 indispensable party). As a record owner, Ms. Mayen's interests in the property are directly affected by this litigation, and her absence would "impair or impede [her] ability to protect th[at] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Further, Shellpoint would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if Ms. Mayen is not joined as an indispensable party, as she may subsequently file her own suit. Fed. R. Civ. P. 19(a)(1)(B)(ii).

Ms. Mayen's non-joinder is in itself sufficient basis for dismissal of this action. Mr. Mayen should not be permitted to continue this litigation until and unless Ms. Mayen is joined voluntarily or involuntarily as a party to the action.

## V. CONCLUSION

Mr. Mayen's complaint faces insurmountable procedural and substantive hurdles, none of which were convincingly defended or otherwise remedied in the opposition. These deficiencies warrant dismissal and Shellpoint respectfully requests this court grant its motion with prejudice.

Dated: May 18, 2017

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Parisa Jassim*
    Preston K. Ascherin
    Parisa Jassim
Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On **May 18, 2017**, I served the following documents

**DEFENDANT'S REPLY SUPPORTING ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Julio Mayen<br>5335 Castle Peak Lane<br>Jamul, CA  91935 | Tel:  619.937.2307<br>Fax:<br>email:<br>mailto:jgersh@gershlegal.com ekultan@gmail.com | *Plaintiff in Pro Per* |

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 18, 2017, at Los Angeles, California.

Helen E. Serrano-Port
(Type or print name)

*(Signature)*

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342