**AKERMAN LLP**
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>        Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC dba SHELLPOINT MORtTGAGE SERVICING,<br><br>        Defendants. | Case No. 3:17-cv-00050 JLS MDD<br>Assigned to the Hon. Janis L. Sammartino<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT**<br><br><u>Documents Filed Herewith</u><br>1. Notice of Motion to Dismiss<br>2. Memorandum of Points & Authorities<br>3. Order<br>4. Proof of Service<br><br>Date:         November 16, 2017<br>Time:         1:30 p.m.<br>Courtroom: 4D<br><br>Complaint filed:   January 11, 2017<br>Trial:                    None |

**TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** defendant New Penn Financial, LLC dba Shellpoint Mortgage Servicing (**Shellpoint** or **defendant**) requests the Court take judicial notice of the following matters or materials set forth below, pursuant to

Federal Rule of Evidence 201, in connection with its motion to dismiss plaintiff Julio Mayen's (**plaintiff**) first amended complaint or for a more definite statement.

Under Rule 201(d), judicial notice is **mandatory** "if requested by a party and [the court is] supplied with the necessary information." Rule 201(b) further provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As such, a "court may take judicial notice of matters of **public record**" (emphasis added). *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. Cal. 2001). Courts have taken judicial notice of recorded documents such as a deed of trust, assignment of deed of trust, and notice of default "as they are matters of public record whose accuracy cannot be questioned." *Castaneda v. Saxon Mortg. Services, Inc.*, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009). District courts have also taken judicial notice of "Deeds of Trust and Riders, Adjustable Rate Notes and addenda, Notices of Assignment Sale or Transfer of Servicing Rights, a Notice of Default, and a Trustee's Deed Upon Sale…[b]ecause these documents either are referenced in the [complaint] or are matters of public record." *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 408 (N.D. Cal. 2009). The Court may therefore take judicial notice of the documents set forth herein as Exhibits "1" through "14."

Defendant provides the Court and the parties herein with the following:

1. Attached hereto as **Exhibit 1** is a true and accurate copy of the deed of trust, dated December 27, 2004, related to 15335 Castle Peak Lane, Jamul, California 91935 (the **property**), executed by Julio Mayen and co-borrower Sarah A. Mayen. This document is a public record, having been recorded in the San Diego County Recorder's Office (**Recorder's Office**) on December 30, 2004 as document number 2004-1229184 and contains facts and propositions not reasonably subject to dispute.

2. Attached hereto as **Exhibit 2** is a true and correct copy of the assignment of deed of trust executed by Mortgage Electronic Registration Systems, Inc. on June 6, 2011, related to the property. This document is a public record, having been recorded in the Recorder's Office on June 13, 2011 as document number 2011-0300032 and contains facts and propositions not reasonably subject to dispute.

3. Attached hereto as **Exhibit 3** is a true and correct copy of the notice of default and election to sell under deed of trust, executed by the Law Offices of Les Zieve, in its capacity as substituted trustee on February 25, 2016. This document is public record, having been recorded in the Recorder's Office on February 29, 2016 as document number 2016-0088447 and contains facts and propositions not reasonably subject to dispute.

4. Attached hereto as **Exhibit 4** is a true and accurate copy of the notice of trustee's sale. This document is public record, having been recorded in the Recorder's Office on June 27, 2016 as document number 2016-0318459 and contains facts and propositions not reasonably subject to dispute.

5. Attached hereto as **Exhibit 5** is a true and accurate copy of the United States Bankruptcy Court for the Southern District of California (**USBC**) docket in case No. 3:13-01660-LT13 (**First Bankruptcy**). This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

6. Attached hereto as **Exhibit 6** is a true and accurate copy of the voluntary petition filed by plaintiff on February 21, 2013 in the First Bankruptcy. This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

7. Attached hereto as **Exhibit 7** is a true and accurate copy of the balance of schedules, statements, and/or Chapter 13 plan filed by plaintiff on March 22, 2013 in the First Bankruptcy. This document is both a court record and public record and

3  CASE NO. 3:17-cv-00050-JLS-MDD
**REQUEST FOR JUDICIAL NOTICE**

43077490;1

contains facts and propositions not reasonably subject to dispute.

8. Attached hereto as **Exhibit 8** is a true and accurate copy of the USBC docket in case No. 3:16-05104-LT13 (**Second Bankruptcy**). This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

9. Attached hereto as **Exhibit 9** is a true and accurate copy of the voluntary petition filed by plaintiff on August 22, 2016 in the Second Bankruptcy. This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

10. Attached hereto as **Exhibit 10** is a true and accurate copy of the balance of schedules, statements, and/or Chapter 13 plan filed by plaintiff on September 20, 2016 in the Second Bankruptcy. This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

11. Attached hereto as **Exhibit 11** is a true and accurate copy of the USBC docket in case No. 3:16-07181-LT13 (**Third Bankruptcy**). This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

12. Attached hereto as **Exhibit 12** is a true and accurate copy of the voluntary petition filed by plaintiff on November 28, 2016 in the Third Bankruptcy. This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

13. Attached hereto as **Exhibit 13** is a true and accurate copy of the balance of schedules, statements, and/or Chapter 13 plan filed by plaintiff on January 4, 2017 in the Third Bankruptcy. This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

/ / /

/ / /

14. Attached hereto as **Exhibit 14** is a true and accurate copy of the notice of entry of order dismissing case and vacating all automatic stays and injunctions filed on March 9, 2017 in the Third Bankruptcy. This document is both a court record and public record and contains facts and propositions not reasonably subject to dispute.

Dated: October 10, 2017

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Parisa Jassim*

Preston K. Ascherin
Parisa Jassim
Attorneys for Defendant
NEW PENN FINANCIAL, LLC
dba SHELLPOINT MORTGAGE SERVICING