Julio Mayen
15335 Castle Peak Lane
Jamul, CA 91935
(619) 937-2307



**FILED**

Jan 03 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ markl      DEPUTY

# UNITED STATES DISTRICT COURT

NUNC PRO TUNC
12/28/2017

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIO MAYEN**<br><br>*Plaintiff,*<br><br>vs.<br><br>**New Penn Financial, LLC, dba**<br><br>**Shellpoint Mortgage Servicing**<br>*Defendant* | **CASE: 3:17−cv−00050−JLS−MDD**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS**<br><br>Hearing Date:<br>DATE:   January 11, 2018<br>TIME:    1:30 pm<br>Crtrm.:   4D<br><br>**Action Filed: January 11, 2017**<br>**Trial Date: None Set**<br><br>**<u>TRIAL BY JURY DEMANDED</u>** |

## PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

## I.   INTRODUCTION

1.   Comes now the Plaintiff, Julio Mayen, with Plaintiff's Response in Opposition and Objection to Defendant's/ Shellpoint's Motion to Dismiss or for a More Definative Statement and Objection to Defendant's/ Shellpoint's Request for Judicial Notice Exhibits.

2.   Defendant/ Shellpoint has filed their motion to dismiss for failure to state a claim for which relief can be granted citing numerous deficiencies as well as the *Twombly* standard.

3.   Plaintiff specifically objects to all claims and defenses made by the Defendant's/ Shellpoint's Counsel in Defendant's/ Shellpoint's Motion To Dismiss (Dkt. 18), Defendant/ Shellpoint's Memorandum of Points and Authorities to its Motion to Dismiss or for a More Definite Statement (Dkt. 18-1), Request for Judicial Notice in Support of Defendant's/ Shellpoint's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 18-2), Exhibit 1 – 14 (Dkt 18-3).

4.   Plaintiff's Judicial Notice (Dkt 1-2 and 17) incorporated into this document.

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **2** of **24**

## II.   ARGUMENT

5.   As the Plaintiff is pro se, the court should apply a more relaxed pleading standard as stated by the US Supreme Court in *Haines v Kerner*. In *Haines v. Kerner*, the Court held that judges should liberally construe pro se pleadings.  It further stated that—

> "*allegations such as those asserted by [the pro se]*
> *petitioner, however inartfully pleaded, are sufficient*
> *to call for the opportunity to offer supporting*
> *evidence. We cannot say with assurance that under*
> *the allegations of the pro se complaint, which we hold*
> *to less stringent standards than formal pleadings*
> *drafted by lawyers, it appears "beyond doubt that the*
> *plaintiff can prove no set of facts in support of his*
> *claim which would entitle him to relief".*

6.   This dispute of genuine material fact is that Shellpoint is a "debt collector" as defined by the FDCPA.  As stated in Plaintiff's First Amended Complaint, Plaintiff in fact has sent timely debt disputes and repeatedly requested that Defendant/ Shellpoint provide validation of the "alleged" debt.  Defendant/ Shellpoint has and continues to be unresponsive to Plaintiff's requests while continuing to violate the FDCPA by continuing to attempt to collect without validating the "alleged" debt.  Although Defendant/ Shellpoint may be known as a servicer by name or in cases other than in this specific case, Shellpoint is not, and cannot prove, that they are Plaintiff's servicer in any capacity, due to the fact that they received the assignment for collecting this alleged debt ***over four and a half years***

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **3** of **24**

1     ***after the alleged default***.  For this reason, the FDCPA does apply to

2     Defendant/ Shellpoint as they are acting in the capacity of a debt

3     collector and have not verified/ validated the disputed alleged debt.

4

5     **Defendants Motion to Dismiss is incomplete per the Federal Rules of Civil**

6     **Procedure Rule 12**

7     **7.**     Defendant's/ Shellpoint's motion to dismiss is incomplete and fails.

8             While Defendant/ Shellpoint has motioned the court for dismissal

9             under rule 12(b)(6), Defendant/ Shellpoint is  presenting new matters

10            outside of the pleadings (Dkt. 18-2). In doing so and if not excluded

11            by the court, Rule 12(d) applies and has not been addressed or

12            complied with, rendering the Defendant's/ Shellpoint's motion to

13            dismiss deficient and fails.
             Rule 12 (d) States: -

14            Result of Presenting Matters Outside the Pleadings. *"If, on a*

15            *motion under Rule 12(b)(6) or 12(c), matters outside the*

16            *pleadings are presented to and not excluded by the court, the*

17            *motion must be treated as one for summary judgment under*
             *Rule 56. All parties must be given a reasonable opportunity to*

18            *present all the material that is pertinent to the motion* ".

19

20    **8.**     When Deciding whether to Grant a Motion to Dismiss, the court

21            generally "may not consider any material beyond the pleadings".  Hal

22            Roach Studios, Inc. v. Richard Feiner & Co., 896 F .2d 1542, 1555 n.

23            19 (9th Cir. 1990).

24    **9.**     The Court must also construe the alleged facts in the light most

25            favorable to the Plaintiff. *Love v. United States, 915 F.2d 1242, 1245*

26            *(9th Cir. 1988).*

27

28

10. In Plaintiff's Judicial Notice (Dkt. 1-2 and 17) as follows in part and filed with the complaint stands unrebutted by Defendant/ Shellpoint.

"It is well established that statements of counsel of alleged facts are not sufficient to establish facts or evidence in the case for its client. See *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (D.C. Pa. 1964) ("The defendants' motion to dismiss for failure to state a claim unsupported by affidvits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). *Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."* [emphasis added]); see also, *Loomis, In re,* 587 N.W.2d 427, 438 (S.D., 1998) ("Attorneys cannot testify on behalf of their clients"); *Estes v. Millea,* 464 N.W.2d 616, 619 (S.D. 1990) ("[A]n attorney cannot testify on behalf of his client [citations omitted]. Further, the communication with the circuit court was not in the form of an affidavit nor under oath. It was merely an argument in a trial brief. *This is clearly not evidence* and, thus, Williams' interrogatory answer stands uncontradicted ...." [emphasis added]); *Amos v. Cohen, 2004* Ohio-1265, ~7 ("Because the roles of advocate and witness are inconsistent, it is generally inappropriate for a trial attorney to testify on behalf of the client"). Statements of counsel are not evidence. *Exeter Bank Corporation, Inc.* v. *Kemper Securities Group, Inc.,*

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page 5 of 24

58 F.3d 1306,1312 n.5 (8th Cir. 1995); *British Airways Bd.* v. *Boeing Co., 585* F.2d 946,952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979)."

11. Defendant's/ Shellpoint's motion to dismiss is unsupported by affidavit or declaration and is incomplete pursuant to Fed. R. Civ. P. Rule 56(c). Shellpoint has no foundational witness with any first hand personal knowledge of the facts in this case to support allegations and alleged claims.

12. Attorney cannot testify or authenticate evidence for its client. Counsel is expecting the court to accept Counsel's pleadings as facts when in fact Counsel cannot act in the capacity of advocate and witness at the same time.

13. As stated in Plaintiffs Judicial Notice (Dkt 2) and stands unrebutted by Defendant/ Shellpoint,

> "An attorney cannot testify or authenticate evidence for its client: An attorney's affirmation or testimony generally cannot advance substantive proof. Moreover, counsel for Defendant cannot testify or plea for its client nor can counsel authenticate any document in this case regarding the alleged Contract since counsel has no personal knowledge of any alleged transaction in this matter. See, e.g., *Key Bank of Me.* v. *Lisi,* 225 AD2d 669, 669 (2d Dept 1996) ("affirmation of ... attorney who had no personal knowledge of the facts . . . did not constitute proof in admissible form and it [is] without evidentiary value"). The Court must strike any alleged fact advanced by Defendant's counsel that is not supported by an affidavit or other authenticated document(s) from Defendant or by Defendant's corporate representative that is a competent fact witness with personal knowledge of the claims, facts and documents (to

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **6** of **24**

authenticate) employed by Defendant in this matter. *See* Federal Evidence Rule §§ 901,902. For the record: The Undersigned hereby ISSUES a continual objection to any purported evidence proffered by counsel for Defendant, whether in writing or in open court, that does not come from a valid document or evidence authenticated by a competent fact witness with personal knowledge of an event, document or other evidence."

## DEFENDANT'S COUNSEL ATTEMPTS TO MAKE THIS COMPLAINT ABOUT AN "ALLEGED" DEBT WHEN IT IS NOT

14. All documents that Defendant/ Shellpoint is attempting to have judicially noticed are in an effort to misguide and bamboozle the court into thinking/ believing that this case is about an alleged debt, it is not. All of Defendant's documents requested to be Judicially Noticed/ exhibits provided by Defendant/ Shellpoint are irrelevant in this case for the simple reason that this case is about the ***conduct*** of Defendant/ Shellpoint as they attempted to collect an alleged debt.

15. Plaintiff's claim has nothing to do with any debt or alleged debt.

16. There is no claim made in this law suit about a debt or alleged debt.

17. Once again, Defendant/ Shellpoint attempts to use smoke and mirrors to muddy the waters to confuse the court.

18. The court should NOT allow Defendant/ Shellpoint to do so.

19. This is a very straight forward claim for violations of the FDCPA and the Rosenthal Act resulting from Defendant's/ Shellpoint's conduct and has nothing to do with any alleged debt.

### Defendant's Judicial Notice

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **7** of **24**

1     **20.**    Plaintiff Specifically objects to Defendant/ Shellpoint's Request for

2           Judicial Notice of Exhibits 1-14 as they are outside of the four corners

3           of the complaint and not relevant to this case.

4     **21.**    Exhibit 1, (Dkt 18-3, pg. 1-26) / Deed of Trust – Plaintiff specifically

5           objects to this document being introduced into evidence since it is a

6           resulting document that by being obtained from the county recorder's

7           office ONLY proves that it exists BUT is not presented with ANY

8           true evidence of the contents of the document or supporting facts and

9           factual documents that lead to its creation or that substantiate the

10         authenticity of the contents within the document.  Where are the

11         agreements, faxes, emails and related documents from the original

12         "Lender" or creditor that preceded and caused this document to be

13         created?

14    **22.**    Defendant/ Shellpoint has not supplied any facts to support the

15          creation of this document.

16    **23.**    Exhibit 2, (Dkt. 18-3, pg. 27-29) / Assignment of Deed of Trust -

17          Plaintiff specifically objects to this document being introduced into

18          evidence since it is a resulting document that by being obtained from

19          the county recorder's office ONLY proves that it exists BUT is not

20         presented with ANY true evidence of the contents of the document or

21         supporting facts and factual documents that lead to its creation or that

22         substantiate the authenticity of the contents within the document.

23         Where are the agreements, faxes, emails and related documents from

24         the original "Lender" or creditor that preceded this document and

25         caused this document to be created?

26    **24.**    The Defendant/ Shellpoint has not supplied any facts to support the

27          creation of this document.

28

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR
JUDICICIAL NOTICE EXHIBITS

Page **8** of **24**

25. Pursuant to the Pooling and Servicing Agreement this assignment had to have been effectuated PRIOR to the closing date for the trust which in this case was January 27, 2005.

26. Nothing per the PSA could be transferred into the trust afterwards unless it was a replacement for a non performing loan.

27. Exhibit 2 was not created until June 6, 2011 and recorded on June 13, 2011, both of which were over two (2) years and three (3) months AFTER Plaintiff's alleged default.

28. This fact makes the named assignee; THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-07, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-07 whose address is 101 Barclay St. – 4W, New York, NY 10286 , a DEBT COLLECTOR also since this assignment came after Plaintiff's alleged default.

29. These facts make exhibit 2 a VOID assignment and everything else behind it is VOID.

30. Exhibit 3, (Dkt. 18-3, pg. 30-34) / Notice of Default and Election to Sell Under Deed of Trust - Plaintiff specifically objects to this document being introduced into evidence since it is a resulting document that by being obtained from the county recorder's office ONLY proves that it exists BUT is not presented with ANY true evidence of the contents of the document or supporting facts and factual documents that lead to its creation or that substantiate the authenticity of the contents within the document.  Where are the agreements, faxes, emails and related documents from the alleged

1    Lender or creditor that preceded this document and caused this
2    document to be created?

3    **31.**    Defendant/ Shellpoint has not provided any facts to support the
4    creation of this document.

5    **32.**    VOID exhibit 2 renders this document (exhibit 3) VOID as well.

6    **33.**    Exhibit 4, (Dkt. 18-3, pg. 35-37) / Notice of Trustee's Sale - Plaintiff
7    specifically objects to this document being introduced into evidence
8    since it is a resulting document that by being obtained from the county
9    recorder's office ONLY proves that it exists BUT is not presented
10    with ANY true evidence of the contents of the document or
11    supporting facts and factual documents that lead to its creation or that
12    substantiate the authenticity of the contents within the document.
13    Where are the agreements, faxes, emails and related documents from
14    the alleged Lender or creditor that preceded this document and caused
15    this document to be created?

16    **34.**    Defendant/ Shellpoint has not provided any facts to support the
17    creation of this document.

18    **35.**    Exhibit 1, (Dkt. 18-3, pg. 3: (C)) / Deed of Trust – specifically lists
19    "Lender" (capitol "L" gives specific meaning to the definition of
20    "Lender" in this specific document).  The definition given in (c) is:
21    "Lender" is COUNTRYWIDE HOME LOANS, INC.  Lender is a
22    CORPORATION organized and existing under the laws of NEW
23    YORK.  "Lender's" address is: 4500 Park Granada, Calabasas, CA
24    91302-1613.

25    **36.**    This specific definition DOES NOT include successors or assigns.

26    **37.**    Exhibit 1, (Dkt. 18-3, pg. 15, #24) – **Substitute Trustee**. –

27
28    _____

"**Lender**", at its option, may from time to time appoint a successor trustee, to any Trustee appointed hereunder by an instrument executed and acknowledged by "**Lender**" and recorded in the office of the Recorder of the county in which the property is located. The instrument shall contain the name of the original "**Lender**", Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor or trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. ***THIS PROCEDURE FOR SUBSTITUTION OF TRUSTEE SHALL GOVERN TO THE EXCLUSION OF ALL OTHER PROVISIONS FOR SUBSTITUTION.***(Emphasis added).   *Dimock v. Emerald Properties,* **81 Cal.App.4th 868 (2000)**.  "*This plain reading of the statute is consistent with the law as it existed before the predecessor statute was enacted in 1935 and the power to substitute a trustee **depended solely on the express provisions of a deed of trust**". (See Witter v. Bank of Milpitas (1928) 204 Cal. 570, 577-578 [ 269 P. 614]; Pacific S. & L. Co. v. N. American etc. Co. (1940) 37 Cal.App.2d 307, 309-310 [99 P.2d 355 ].)*

38. The substitution of trustee leading up to this point did not follow the protocol of the alleged Deed of Trust.

39. Exhibit 4 is a VOID document and should not be judicially noticed.

40. Exhibit 5-14, are distractions for the court and not relevant to this case as described below.

41. Defendant/ Shellpoint has not supplied ANY facts to support the admission of these documents other than asserted claims naked of facts specific to this case as outlined below.

42. All of Defendant/ Shellpoint's Request for Judicial Notice exhibits should be stricken from the record and not allowed in this case.

**Plaintiff's Claims are not Barred by Judicial Estoppel**

**43.** The Ninth Circuit generally limits judicial estoppel to situations "where the court relied on, or accepted, the party's previous inconsistent position." *Id. At 783.* Thus, when a defendant seeks to estop a plaintiff from asserting claims omitted from a bankruptcy petition, the defendant must point to more than just the omission itself; instead, there has to be evidence, circumstantial or otherwise, showing that the plaintiff's non-disclosure was relied upon in some way during the process, either by creditors or by the bankruptcy court adjudicating the estate. See *Id.* at 784; see also *New Hampshire,* 532 U.S. at 750-51 ("Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, ' and thus poses little threat to judicial integrity.") see also *Ah Quin v. Cnty of Kauai Dep't of Transp.,* 733 F.3d 267, 271 (9th Cir. 2013) ("In the bankruptcy context, the federal courts have developed a basic default rule:  If a plaintiff-debtor omits a pending (or soon to be filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action.").  Without proof of such reliance, it cannot be said that the plaintiff obtained an advantage from inconsistent positions.

**44.** While "courts have observed that the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *New Hampshire v. Maine, 532U.S. 742, 750 (2001) (quoting Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982)).*

**45.** Defendant/ Shellpoint's claim of Judicial Estoppel about the alleged debt is a distraction for the court and is irrelevant and immaterial to the real cause of the action brought in this law suit.

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **12** of **24**

**46.** All three of Plaintiff's alleged bankruptcies were withdrawn by plaintiff and as a result have no bearing on the claims of the defendants making their claims moot as a result.

**47.** Plaintiff's 2013 bankruptcy took place and was voluntarily dismissed BEFORE Defendant/ Shellpoint had even acquired the alleged servicing rights as a debt collector.

**48.** Plaintiff could have never anticipated this suit with Defendant/ Shellpoint ***BEFORE*** Defendant/ Shellpoint was known to Plaintiff and when he filed his February 21, 2013 chapter 13 bankruptcy.

**49.** This is a RIDICULOUS attempt by the Defendant/ Shellpoint to support their claim although Defendant/ Shellpoint was not a party to anything related to the Plaintiff at this point in time.

**50.** Plaintiff did not anticipate this suit when filing his August 22, 2016 chapter 13 bankruptcy.

**51.** Plaintiff did not anticipate this suit when filing his November 28, 2016 chapter 13 bankruptcy.

**52.** Plaintiff now objects specifically and addresses the five prongs of the Judicial Estoppel doctrine:

- (1) <u>Same party has taken two positions</u> - **False**.  Plaintiff has always maintained the same position throughout all if his bankruptcy cases including the instant case before the court. Plaintiff's position is and has always been that the alleged debt is and has been disputed and not validated from the time that Defendant/ Shellpoint sent Plaintiff their initial dunning letter to this date.

- (2) <u>The positions were taken in judicial or quasi-judicial administrative proceedings</u> - **False**.  Plaintiff maintains, asserts

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE EXHIBITS

Page **13** of **24**

and specifically states that his position regarding Shellpoint has never changed as a result of their never validating or verifying the alleged debt while continuing to attempt to collect the alleged debt.

- (3) <u>The party was successful in asserting the first position</u> – **False**. *(See Section #53 below)*.
- (4) <u>The two positions are totally inconsistent</u> – **False**. Plaintiff has consistently maintained, asserted and alleged in any and all alleged proceedings that Shellpoint is a debt collector and that the alleged amount of the debt is disputed.
- (5) <u>And the first position was not taken as a result of ignorance, fraud or mistake.</u> – **False**. Plaintiff is not an attorney and has never studied (legalese)/ law and as a result is not aware of all the pitfalls that are in this field of study. Plaintiff is not schooled or versed in "Legalese" and is not aware of every pitfall or snare to every situation. As a result, "**IF**" Plaintiff made any unknowing mistakes they would be as a result of ignorance or mistake. The court should realize this and take into account Plaintiff's Rights and Claims filed in his Request for Judicial Notice (Dkt. 2) which is unrebutted also mentioned earlier in this opposition that Plaintiff cannot be held to the same standard as an attorney, (Haines v Kerner).

**53.** Furthermore a close review will show that Plaintiff has always contended that the alleged creditors account was disputed in all three bankruptcies showing the ongoing violations by the Defendant/ Shellpoint.

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **14** of **24**

- "Judicial admissions" of facts are binding. You cannot submit or ask for evidence that contradicts those facts.
- "Judicial admissions" are distinguishable from "evidentiary admissions".
- "Evidentiary admissions" can be contradicted by other evidence.
- Bankruptcy courts themselves treat admissions made in a different proceeding as *evidentiary admissions* when there is a contested matter. "[O]n the other hand, because schedules are filed in the 'main' case as opposed to a particular adversary proceeding or contested matter, they may simply be considered *evidentiary admissions* rather than *judicial admissions*." See In re Cobb, 56 B.R. 440, 442 n.3 (Bankr. N.D.Ill. 1985).
- Also, [a]dmissions made in another proceeding ***are not conclusive and binding judicial admissions***. See Universal American Barge Corp. v. J-Chem, Inc., 946 F. 2d 1131 (5th Cir. 1991). Moreover, "[b]ut *judicial admissions* are not conclusive and binding in a separate case from the one in which the admissions were made. See State Farm Mut. Auto Ins. Co. v. Worthington, 405 F. 2d 683, 686 (8th Cir. 1968). This includes admissions made in other motions or adversary proceedings, which were conducted in the same bankruptcy case. While these may be admissions as an admission of a party-opponent, they were **not** *judicial admissions* with conclusive effect because they were not

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **15** of **24**

made in the same proceeding. See Jenkins v. Tomlinson, 182 B.R. 489, at 492.

- As you can see, whether or not an admission is within the same proceeding is something that should be a factor in determining whether an admission is considered a *judicial or evidentiary admission*, **especially when there is a contested matter**. (As in this instant matter; the "ALLEGED" debt has been disputed and contested which is a consistent position by the Plaintiff).

- There is a very crucial distinction between taking judicial notice of the fact that one has filed a document in a case, or in a related case, on a given date, i.e., the existence thereof, and taking judicial notice of the truth or falsity of the contents of any such a document for the purposes of finding a fact. See In re Earl, 140 B.R. 728, 731 n.2 (Bankr. N.D. Ind. 1992), citing In re Cobb, 56 B.R. 440.

- Taking judicial notice of records as conclusively establishing facts is widely criticized in the bankruptcy courts and is generally not competent evidence of the truth of the matters asserted within those documents. See In re Bestway Products, Inc., 151 B.R. 530, at 540 n.33: "[t]he third, and widely-criticized, use of judicial notice of court records is to take as conclusively established extrajudicial facts that are mentioned in the records, thereby depriving a party of the right to dispute the facts and eviscerating the doctrine of collateral estoppel".

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **16** of **24**

- A previously filed court document will generally not be competent evidence of the truth of the matters asserted therein solely because the court has taken judicial notice of the existence. See Nantucket Investors II v. California Federal Bank (In re Indian Palms Associates), 61 F.3d 197, 204 (3d Cir. 1995). In re Indian Palms Assoc., the court reversed since the documents were used to determine disputed facts relating to the merits of the case, which goes against the rule requiring evidentiary competence.

- Bankruptcy courts have adversarial proceedings regarding contested issues that are separate from the bankruptcy case, in the adversarial proceedings, *they do not accept the truth of the facts contained in documents filed in the main bankruptcy case*; even though the documents are filed with the same court. While the Bankruptcy courts may take judicial notice of its own records, it may not "infer the truth of the facts contained in documents, unfettered by the rules of evidence or logic, simply because such documents were filed with the court." See Staten Island Savings Bank v. Scarpinito (In re Scarpinito), 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996) (citing Russell, Bankruptcy Evidence Manual § 201.5 at 201 (West 1995)).

### FDCPA and The Rosenthal Act

**54.** Defendant/ Shellpoint in their Memorandum of Points and Authorities (Dkt. 18-1) attempts to once again deceive the court into believing

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **17** of **24**

1    that Plaintiff has failed to state a claim in his complaint, this is simply

2    not true.

3  **55.**  The FDCPA in Section 1692g(a)(3) states in part:

4        *"...a statement that unless the consumer, within thirty days **OF***

5        ***RECEIPT** of the notice, disputes the validity of the debt, or any*

6        *portion thereof,..."*

7  **56.**  The court supports this in it's August 16, 2017 Order (Dkt 11, pg 11:

8    27-28 and pg 12: 1)

9  **57.**  Plaintiff clearly stated in his Verified First Amended Complaint that

10    the first correspondence from Defendant/ Resurgent who was bought

11    and absorbed by Defendant/ Shellpoint was ***RECEIVED*** by Plaintiff

12    on January 7, 2014.

13  **58.**  Plaintiff disputed Defendant/ Resurgent's initial communication by

14    responding with a dispute and request for validation letter on January

15    31, 2014. (Ex B), (Dkt 15, pg 21-23).

16  **59.**  Defendant/ Shellpoint has not provided any evidence or submitted any

17    affidavit(s) signed by anyone with ***FIRSTHAND PERSONAL***

18    ***KNOWLEDGE*** to refute this fact, only hearsay allegations.

19  **60.**  Plaintiff disputed the alleged debt within the 30 day guidelines of

20    1692g(a) and 1692g(b).

21  **61.**  Defendants/ Resurgent/ Shellpoint never responded to Plaintiff's

22    January 31, 2014 Request for Validation and Notice of Dispute letter.

23  **62.**  Plaintiff clearly stated in his Verified First Amended Complaint that

24    the first correspondence from Defendant/ Shellpoint who bought and

25    absorbed Defendant/ Resurgent was ***RECEIVED*** by Plaintiff on

26    March 4, 2014.

27

28

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **18** of **24**

**63.** Plaintiff disputed Defendant/ Shellpoint's initial communication by responding with a dispute and request for validation letter on March 31, 2014. (Ex D), (Dkt. 15, pg 29-31).

**64.** Defendant/ Shellpoint has not provided any evidence or submitted any affidavit(s) signed by anyone with ***FIRSTHAND PERSONAL KNOWLEDGE*** to refute this fact, only hearsay allegations.

**65.** Plaintiff disputed the alleged debt within the 30 day guidelines of 1692g(a) and 1692g(b).

**66.** Defendant/ Shellpoint never responded to Plaintiff's March 31, 2014 Request for Validation and Notice of Dispute letter.

**67.** Defendant/ Shellpoint has provided misapplied case law which in fact supports Plaintiff's claim while proving that Shellpoint is, without a doubt, a debt collector as defined by the FDCPA and the Rosenthal act.

**68.** Defendant/ Shellpoint on (Dkt. 18-1, pg 7:18-22) attempt to spin the facts showing Defendant/ Shellpoint's document dated February 14, 2014 and postmarked on February 20, 2014 as a fail on Plaintiff's part to support Plaintiff's admission of timeliness.

**69.** The fact that there is a 6 day delay in a document being postmarked from the Defendants/ Shellpoint (most likely from a Pitney Bowes postage machine commonly in use by major corporations) is very suspicious and creates ***REASONABLE DOUBT*** as to when the document "actually" made it into the hands of the post office for delivery.

**70.** Plaintiff reiterates that he received the above mentioned document on March 4, 2014

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **19** of **24**

**71.** Plaintiff reiterates that he responded to the above mentioned document on March 31, 2014.

**72.** Plaintiff's responses were timely pursuant to FDCPA 1692g(a) and 1692g(b).

**73.** Plaintiff in his First Amended Complaint (Dkt. 15, pg. 6: #25:14-17) has stated that Defendant/ Shellpoint, for the last 12 months prior to Plaintiff filing this lawsuit, Defendant/Shellpoint has sent seven different demands for payment without providing any account-level documentation substantiating the amount of the alleged debt.

**74.** Plaintiff in his First Amended Complaint (Dkt. 15, pg. 6: #26:21-24) has stated that Defendant/ Shellpoint, during the course of this lawsuit, has sent Plaintiff two additional demands for payment without verifying/ validating the alleged debt or providing any account-level documentation substantiating the amount of the debt as true and correct.

**75.** The Rosenthal Act follows the FDCPA so the Rosenthal Act Claim should be upheld by the court.

**76.** Defendant/ Shellpoint continues to try to deceive the court and to make this complaint about an alleged debt when it is NOT.  There are NO allegations anywhere in Plaintiff's complaint that make any inference to any foreclosure as Defendant/Shellpoint asserts (Dkt. 18-1, pg 2: #1: 2-9).  This allegation and supporting case law is misplaced and not within the four corners of Plaintiff's complaint and should be stricken.

## Indispensible Party

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **20** of **24**

77.  Plaintiff objects specifically and explicitly to Shellpoint's attempt to muddy the waters by attempting to make Plaintiff's claim about an alleged debt and bringing in Sarah Mayen (Sarah) as an indispensable party.

78.  As the Defendant/ Shellpoint clearly points out in their Memorandum of Points and Authorities to its Motion to Dismiss or for a More Definitive Statement as to Plaintiff's First Amended Complaint (Dkt. 18-1, pg. 6:3-7), *"To state a claim under the FDCPA, a Plaintiff must show: (1) he is a consumer; (2) the debt arises out of a transaction entered into for personal, family, or household purposes; (3) the defendant qualifies as a debt collector under 15 U.S.C. §1692a(6); and (4) the defendant violated one of the provisions of the FDCPA. Freeman v. ABC Legal Servs., Inc., 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011).*

79.  None of the provisions outlined by the FDCPA suggest that a co borrower is an indispensable party and must be included in a suit.

80.  The Defendant/ Shellpoint's caselaw is misplaced and does not match the specific fact pattern of this case.

81.  Plaintiff and Sarah were legally divorced in 2009 and Sarah has not resided with Plaintiff since January 4, 2009.

82.  Plaintiff's lawsuit and claim is specifically about the conduct of Defendant/ Shellpoint resulting in ongoing violations of the FDCPA and the Rosenthal Act regarding an alleged debt.

83.  Sarah is not aware of, has nothing to do with and wants nothing to do with this claim whatsoever; the violations relate specifically and only to the Plaintiff. Sarah is not a relevant or injured party.

**84.** **Sarah is not a relevant party to the claims made in this law suit / complaint.**

**85.** Plaintiff's complaint has nothing to do with any alleged mortgage, alleged Note or alleged debt.  It is strictly a claim relating to the actions of Defendant/ Shellpoint in attempting to collect an alleged unvalidated debt.  It has nothing to do with any alleged debt.

**86.** Sarah is not and cannot be an indispensable party and has no part in this case.

**87.** The court should take notice that the claims made under the FDCPA and the Rosenthal Act are related only to the actions of the defendant in attempting to collect an alleged debt.

**88.** **This lawsuit is in no manner whatsoever about a debt.**

**89.** Defendant/ Shellpoint again tries to muddy the waters and deceive the court to believe that this law suit is about an alleged debt, it is NOT.

**90.** It is strictly related to the actions of Defendant/ Shellpoint in attempting to collect an alleged debt as a debt collector under the FDCPA and the Rosenthal Act.

**91.** Therefore, Sarah is NOT in any way involved nor could she be in any way involved with the claims brought as a result of the actions of Defendant/ Shellpoint in attempting to collect an unverified and unvalidated alleged debt while continuing to violate as they continue to collect an alleged debt.

# III. <u>CONCLUSION</u>

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

Page **22** of **24**

92. Wherefore, plaintiff respectfully requests this honorable court to deny Defendant's motion to dismiss and order the Defendants to answer this claim. In the alternative, should this court grant this motion, plaintiff respectfully requests it be dismissed without prejudice with leave to amend to correct deficiencies identified by the court.

Respectfully submitted
Dated: December 28, 2017

By: Julio Mayen, Plaintiff

PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR JUDICICIAL NOTICE EXHIBITS

1

## Proof of Service

2

3   I certify that I have served a copy of **PLAINTIFF'S RESPONSE IN
4   OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO
    DISMISS OR FOR A MORE DEFINITIVE STATEMENT AND REQUEST
5   FOR JUDICICIAL NOTICE** on December 28, 2017 by First Class Mail to:

6

7   **AKERMAN LLP**
    PRESTON K. ASCHERIN (SBN 260361)
8   Email: preston.ascherin@akerman.com
9   PARISA JASSIM (SBN 273915)
    Email: parisa.jassim@akerman.com
10  601 West Fifth Street, Suite 300
    Los Angeles, CA 90071
11
12  Telephone: (213) 688-9500
    Facsimile: (213) 627-6342
13

14  Attorneys for Defendant
15  NEW PENN FINANCIAL, LLC dba
    SHELLPOINT MORTGAGE SERVICING

16

17

18

19                          By: Julio Mayen, Plaintiff
                            15335 Castle Peak Lane
20                          Jamul, CA 91935

21

22

23

24

25

26

27

28
    PLAINTIFF'S RESPONSE IN OPPOSITION AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS
    OR FOR A MORE DEFINITIVE STATEMENT AND OBJECTION TO DEFENDANT'S REQUEST FOR
    JUDICICIAL NOTICE EXHIBITS                    Page 24 of 24