**AKERMAN LLP**
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
601 West 5th Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC dba SHELLPOINT MORTGAGE SERVICING,<br><br>Defendants | Case No. 3:17-CV-0050-JLS-MDO<br>Assigned to the Hon. Janis L. Sammartino<br><br>**DEFENDANT'S REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT**<br><br>Hearing Date:<br>Date: January 11, 2018<br>Time: 1:30 p.m.<br>Crtrm.: 4D<br><br>Complaint Filed: January 11, 2017<br>Trial Date: None |

Shellpoint replies supporting its motion to dismiss plaintiff Julio Mayen's first amended complaint with prejudice.

## I. INTRODUCTION

Mr. Mayen's untimely opposition[1] does not respond to a majority of the arguments raised in Shellpoint's motion to dismiss. It warrants only a short reply. Putting aside its prejudicial untimeliness, Mr. Mayen's opposition fails to meaningfully oppose the substantive and procedural bars to relief. Relying on his own unsupported opinions, Mr. Mayen does not refute the deficiencies concerning judicial estoppel, the tardiness of his debt disputes under the FDCPA, or his failure to include Sarah A. Mayen as a necessary party. As in the past, he simply insists he did not take inconsistent positions warranting estoppel, haphazardly argues he states RFDCPA and FDCPA claims and, finally, reasons because he and Ms. Mayen are divorced, she need not be included in this suit.

## II. ARGUMENT

### A. Shellpoint Properly Requests Judicial Notice.

Mr. Mayen's claim Shellpoint "is presenting new matters outside of the pleadings" (Opp., 4) seems to challenge Shellpoint's request for judicial notice.

"A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Shellpoint requests judicial notice of the deed of trust, notices of default and sale, and Mr. Mayen's public bankruptcy records. (*See, generally,* RJN.) The content of these documents is not subject to reasonable dispute. And, contrary to Mr. Mayen's suggestion otherwise, California federal courts considering foreclosure cases regularly take judicial notice of documents like those attached to Shellpoint's RJN. *See, e.g.*, *Villavalzo v. America's Servicing Co.*, No. CV 11–4868 CAS (MANx), 2012 WL 3018059, at *1 n.1 (C.D. Cal. July 23, 2012); *Brown v. U.S. Bancorp*, No. CV 11–6125 CAS (PJWx), 2012 WL 665900, at *1 n.1 (C.D. Cal. Feb. 27, 2012).

---

[1] Mr. Mayen's opposition was due December 28, 2017. Plaintiff apparently filed but did not serve the opposition. Shellpoint only received it January 4, 2018, the date of its deadline to file this reply, when the Court uploaded the document to the docket. Because of the untimeliness and failure to serve, Shellpoint was forced to file a late reply brief early on January 5, 2018.

The California Court of Appeal considered a similar objection to judicial notice in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011). There, the court made clear the legal effect of publicly recorded and attested documents "assures their reliability" and places "such documents beyond reasonable dispute." *Id.* at 265. In light of *Fontenot*'s persuasive reasoning, the court need not accept Mr. Mayen's unfounded allegations the proffered documents are "new matters outside the pleadings" and may take judicial notice of their contents. *Id.* ("[T]he court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face").

The Court should likewise disregard any objection to judicial notice of Mr. Mayen's own bankruptcy documents. *E.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); *see also Hayes v. Wells Fargo Bank, N.A.*, No. 3:13–CV–0420 KAW, 2013 WL 4117050, at *3–4 (N.D. Cal. Aug. 12, 2013) (taking notice of bankruptcy docket).

**B.     Judicial Estoppel Bars This Entire Case.**

Once again, Mr. Mayen insists "the alleged bankruptcies have been withdrawn by plaintiff and as a result have no bearing on the claims of the defendants making their claims moot as a result." (Opp., 13:1-3.) And he denies maintaining an inconsistent position in his prior bankruptcies (Opp., 13:19-25), relying on his 2013 bankruptcy where he "disputed" his mortgage loan by listing it as an unsecured nonpriority debt. These arguments entirely miss the purpose behind judicial estoppel.

The pendency of the bankruptcies at the time of filing this action and any purported "withdrawal" of the petitions are irrelevant. Regardless of the disposition of Mr. Mayen's *three* previous bankruptcies, he did not schedule his present claims and judicial estoppel should apply. By 2016—when Mr. Mayen's two most recent bankruptcy petitions were filed—he was aware of the claims in this lawsuit, which by his own account arose in *2014*. Despite this, he failed to properly schedule the claims and misrepresented assets to the bankruptcy court and creditors. Once a debtor invokes

bankruptcy relief and obtains its benefits, there is a duty to disclose all assets, including contingent and unliquidated claims. In *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782-783 (9th Cir. 2001), the court held "Hamilton clearly asserted inconsistent positions. He failed to list his claims against State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the same claims." *Id*. at 784. This nondisclosure was "the most compelling reason to bar him from prosecuting claims against State Farm." *Id*. at 785.

### C.   Mr. Mayen's FDCPA and RFDCPA Claims Fail.

Mr. Mayen's opposition fails to adequately address the deficiencies raised in Shellpoint's motion to dismiss against his FDCPA and RFDCPA claims. Under sections 1692g(a) and (b), a consumer wishing to dispute a debt must do so within thirty days of receipt of notice of debt. As the Court rightly recognized in its August 16, 2017 order, a "tardy request for verification of the debt [does] not trigger any obligation on the part of the [debt collector] to verify the debt." *Mahon v. Credit Bureau, Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999).

Mr. Mayen's *own* exhibits establish his debt disputes fell outside the thirty day window permitted. His untimely opposition does not dispute the postmarked dates of the notices received or the dates of his subsequent disputes. Instead, he simply states he "received" the debt notices on later dates, without providing any supporting explanation. It is well settled, however, where there is a conflict between the allegations in a complaint and exhibits thereto, the exhibits control and the Court may disregard the allegations. *Ott v. Home Savings & Loan Ass'n*, 265 F.2d 643, 646 n.1 (9th Cir. 1958) (where allegations of pleading are inconsistent with attached exhibit, exhibits fairly construed terms control); *Hudson v. Sherwood Securities Corp., et al.*, No. C-86-20344-WAL, 1989 WL 534960, at *1 (N.D.Cal. May 9, 1989) ("[w]hen the allegations of the complaint are refuted by an attached document, the court need not accept the allegations as being true"); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813, (5th Cir. 1940).

### D. Sarah A. Mayen Remains a Necessary and Indispensable Party.

Mr. Mayen disputes Sarah A. Mayen is an indispensable party because they are no longer married and because his lawsuit does not concern an alleged debt. (Opp., 21:1-4, 19-26.) In the same vein, he states the lawsuit actually relates to Shellpoint's efforts to collect on a debt. (Opp., 21:21-23.) The distinction Mr. Mayen draws is not only unclear, it is immaterial to the indispensability of Ms. Mayen.

Ms. Mayen is not only a co-borrower on the loan, she is a documented and of-record co-owner of the property, rendering her an indispensable party under Federal Rule of Civil Procedure 19. *See also Susilo v. Wells Fargo Bank, N.A.*, 2012 WL 5878201 at *6 (C.D. Cal. 2012) (court held "current owner of the property" is deemed a Rule 19 indispensable party). As a record owner, Ms. Mayen's interests in the property are directly affected by this litigation, and her absence would "impair or impede [her] ability to protect th[at] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Further, Shellpoint would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if she is not joined as an indispensable party, as she may subsequently file her own suit. Fed. R. Civ. P. 19(a)(1)(B)(ii).

### V. CONCLUSION

Mr. Mayen's first amended complaint faces insurmountable procedural and substantive hurdles, none of which were convincingly defended or otherwise remedied in the opposition. These deficiencies warrant dismissal and Shellpoint respectfully requests this Court grant its motion with prejudice.

Dated: January 5, 2018                Respectfully submitted,

                                             **AKERMAN LLP**

                                             By: */s/ Parisa Jassim*
                                                 Preston K. Ascherin
                                                 Parisa Jassim
                                            Attorneys for Defendant
                                            NEW PENN FINANCIAL, LLC dba
                                            SHELLPOINT MORTGAGE SERVICING

AKERMAN LLP
601 WEST 5TH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4                                                                                                    CASE NO. 3:17-CV-0050-JLS-MDO
**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**
43743115;1

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 601 West 5th Street, Suite 300, Los Angeles, CA 90071.

On **January 5, 2018**, I served the following documents

**DEFENDANT'S REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Julio Mayen<br>5335 Castle Peak Lane<br>Jamul, CA 91935 | Tel: 619.937.2307<br>Fax:<br>email:<br>mailto:jgersh@gershlegal.com ekultan@gmail.com | *Plaintiff in Pro Per* |

☒  (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐  (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 5, 2018, at Los Angeles, California.

Helen E. Serrano-Port
(Type or print name)                    (Signature)