AKERMAN LLP
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
ALICIA Y. HOU (SBN 254157)
Email: alicia.hou@akerman.com
601 West 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC dba SHELLPOINT MORTGAGE SERVICING,<br><br>　　　　Defendants | Case No. 3:17-CV-0050-JLS-MDO<br><br>Assigned to the Hon. Janis L. Sammartino<br><br>**DEFENDANT SHELLPOINT MORTGAGE SERVICING'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE SHELLPOINT'S REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date:<br>Date:   February 15, 2018<br>Time:   1:30 p.m.<br>Crtrm.: 4D<br><br>Complaint Filed:   January 11, 2017<br>Trial Date:   None |

New Penn Financial, LLC dba Shellpoint Mortgage Servicing submits this opposition to plaintiff Julio Mayen's motion to strike Shellpoint's reply supporting its motion to dismiss plaintiff's first amended complaint.

## I. INTRODUCTION

Plaintiff's motion to strike is not meaningfully supported by any authority. The only rule cited for striking Shellpoint's reply actually supports striking plaintiff's opposition, possibly timely filed but served six days late. It was delivered to our building one day before Shellpoint's reply was due. We did not receive the opposition until after a notice of non-opposition had been filed. Shellpoint's reply filed the next day should not be stricken.

## II. ARGUMENT

The **only** authority plaintiff refers to in his motion is Local Rule 7.1(e)(3). It requires reply memoranda be filed and served at least seven days prior to the associated hearing date. It does not provide relief for non-compliance.

Though plaintiff does not refer to Federal Rule of Civil Procedure 12(f), that rule does provide a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Reply memoranda are not "pleadings." See Fed. R. Civ. P. 7(a); see also *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). So Rule 12(f) does not apply. Even if it did, motions to strike are disfavored and "will usually be denied unless the allegations have no possible relations to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008). "Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd* on other grounds, 510 U.S. 517 (1994). Similarly, "impertinent" refers to allegations not responsive or relevant to the issues resolved in the action and which could not be admitted as evidence in the action. *Id.* Other than plaintiff's conclusory argument "Defendant/ Shelpoint's [sic] arguments are meritless" (Plaintiff's Motion at 2:10), he does not contend Shellpoint's reply memorandum contains improper matter. Even if he had, courts frequently require a

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

showing of prejudice by the moving party. *Securities and Exchange Comm'n v. Levin*, 232 F.R.D. 619, 624 (C.D. Cal. 2005).

Plaintiff does not even attempt to show prejudice. While the day-late filing may have inconvenienced the Court—for which we are contrite—it was occasioned by plaintiff's own failure to comply with the local rules. Ironically, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues . . . " *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Plaintiff's failure to timely serve resulted in spurious litigation (i.e., the instant motion).

Local Rule 7.1(e)(4) requires litigants such as plaintiff who cannot electronically file documents to serve oppositions by mail three days earlier than otherwise required under Local Rule 7.1(e)(2). Plaintiff was required to serve his opposition by mail seventeen calendar days before the January 11, 2018 hearing date for Shellpoint's motion to dismiss. That fell on Monday, December 25, 2017, a holiday, so his service deadline was the preceding Friday, December 22, 2017. See Fed. R. Civ. P. 5(a)(1)(C). **Plaintiff mail served his opposition six days late**, on December 28, 2017. (Plaintiff's Motion at 3:12-13; Declaration of Preston K. Ascherin filed herewith (**Ascherin Decl.**), ¶ 9.) Shellpoint's late filing of its reply is a symptom of prejudice to Shellpoint caused by plaintiff, rather than the other way around. By plaintiff's logic, the Court should strike his opposition, not Shellpoint's reply.

While the USPS did deliver the opposition prior to Shellpoint's filing of notice of plaintiff's apparent non-opposition, the late filing was not an "attempt [] to bamboozle and deceive the Court" as he contends. (Plaintiff's Motion at 2:22-23.) As far as we knew, plaintiff's opposition had not been received when the notice of non-opposition was filed. (Ascherin Decl., ¶ 11.) The opposition apparently arrived at our office after noon on January 4, 2018—the due date of Shellpoint's reply. (*Id.* at ¶¶ 9-10.) Had plaintiff timely served his opposition, Shellpoint would timely file its reply.

## III. CONCLUSION

Plaintiff's motion to strike has no basis.  Worse, he caused the very delay about which he complains.  The Court should deny plaintiff's motion.

Dated: February 1, 2018

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Preston K. Ascherin*
Preston K. Ascherin
Alicia Y. Hou
Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 601 West 5th Street, Suite 300, Los Angeles, CA 90071.

On **February 1, 2018**, I served the following documents

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNTIMELY REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Julio Mayen<br>15335 Castle Peak Lane<br>Jamul, CA  91935 | Tel:  619.937.2307<br>email: ekultan@gmail.com | *Plaintiff in Pro Per* |

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 1, 2018, at Los Angeles, California.

Suzanne I. Jimenez
(Type or print name)

*/s/ Suzanne I. Jimenez*
(Signature)