**AKERMAN LLP**
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>  Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC<br>dba SHELLPOINT MORTGAGE<br>SERVICING,<br><br>  Defendants | Case No. 3:17-CV-0050-JLS-MDD<br>Assigned to the Hon. Janis L. Sammartino<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES TO ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AS TO PLAINTIFF'S SECOND AMENDED COMPLAINT[1]**<br><br>Documents Filed Herewith<br>1. Notice of Motion to Dismiss<br>2. Proof of Service<br><br>Documents Previously Filed:<br>1. Request for Judicial Notice (Doc. 18-2)<br><br>Hearing Date:<br>Date: December 6, 2018<br>Time: 1:30 p.m.<br>Crtrm.: 4D<br><br>Complaint Filed: January 11, 2017<br>FAC Filed: September 20, 2017<br>SAC Filed: September 10, 2018<br>Trial Date: None |

---

[1] Mr. Mayen erroneously labels his latest filing a Third Amended Complaint.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mr. Mayen continues shifting theories to support his Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (**FDCPA**) claim. In his initial complaint, he based his claim on Shellpoint's purported failure to provide "account level documentation." With the FAC, Mr. Mayen focused on the content of Shellpoint's responses to his requests for information, arguing Shellpoint's letters failed to meet debt verification requirements under 15 U.S.C. §1692g(b). The court disagreed.

Now he contends Shellpoint violated the FDCPA and acted fraudulently in labeling itself a loan servicer and not a "debt collector." The distinction Mr. Mayen draws is entirely unsupported, yet is the sole basis for his $2,000,000.00 damages claim. The second amended complaint fails to state a claim and should be dismissed:

- **First**, judicial estoppel continues to bar this entire action due to Mr. Mayen's *three* prior bankruptcies.[2]

- **Second**, Mr. Mayen fails to allege facts supporting claims under the FDCPA. In granting Shellpoint's initial motion to dismiss, the court found Shellpoint is a debt collector under the FDCPA. (Doc. 11 at 8:12-10:11.) The court also found Shellpoint did not violate the FDCPA. (*Id.* at 10:12-11:23.) Mr. Mayen uses this order to accuse Shellpoint of violating the FDCPA and acting fraudulently by labeling itself a servicer, as opposed to a debt collector. This is not prohibited.

- **Third**, Mr. Mayen still omits Ms. Mayen, a necessary and indispensable party.[3] These incurable deficiencies warrant dismissing with prejudice.

///

///

---

[2] The court did not reach the judicial estoppel arguments in Shellpoint's motions to dismiss the original or the first amended complaint, granting the motions on other, independent grounds.

[3] Like Shellpoint's judicial estoppel arguments, the court did not consider this argument in its orders on the prior motions to dismiss, though neither does the SAC attempt to cure the deficiency.

## II. STATEMENT OF FACTS

### A. The Loan and Deed of Trust

On December 27, 2004, Julio Mayen and co-borrower Sarah A. Mayen borrowed $1,088,000.00 from Countrywide Home Loans, Inc., secured by a deed of trust on 15335 Castle Peak Lane, Jamul, California 91935. (Doc. 18-2 (Request for Judicial Notice), Ex. 1.) On June 13, 2011, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, recorded a document assigning the beneficial interest under the deed of trust to The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-Through Certificates, Series 2005-07. (*Id.*, Ex. 2.)

On February 29, 2016, the Law Offices of Les Zieve, as substituted trustee, recorded a notice of the Mayens' default of $633,368.93. (RJN, Ex. 3.) On June 27, 2016, that trustee recorded a notice of trustee's sale, with a total loan balance of $1,531,800.03. (RJN, Ex. 4.) No sale has taken place.

### B. Mr. Mayen's Bankruptcy Filings

On February 21, 2013, Mr. Mayen filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California, initiating case number 3:13-01660-LT13. (RJN, Exs. 5-6.) Mr. Mayen's schedules failed to disclose his claims against Shellpoint. (RJN, Ex. 7.) This first bankruptcy was discharged on May 23, 2013. (RJN, Ex. 5.)

On August 22, 2016, Mr. Mayen filed a second chapter 13 bankruptcy petition in the Southern District, initiating case number 3:16-05104-LT13. (RJN, Exs. 8-9.) Mr. Mayen again failed to disclose his claims. (RJN, Ex. 10.) The second bankruptcy was discharged on January 11, 2017. (RJN, Ex. 8.)

On November 28, 2016, Mr. Mayen filed a *third* chapter 13 bankruptcy petition in the Southern District, initiating case number 3:16-07181-LT13. (RJN, Exs. 11-12.) He failed to disclose his claims again. (RJN, Ex. 13.) The third bankruptcy was dismissed on March 7, 2017. (RJN, Ex. 14.)

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of claims alleged. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

## IV. ARGUMENT

### A. Judicial Estoppel Bars this Entire Case

Mr. Mayen's claims should be held judicially estopped because he failed to disclose them in his three bankruptcy proceedings. Judicial estoppel is meant to prevent litigants from "playing fast and loose" with the courts by advancing inconsistent positions in the same, or different, cases. *See Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 783 (9th Cir. 2001); *Aguilar v. Lerner*, 32 Cal. 4th 974, 986 (2004). The doctrine applies when: "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (*i.e.*, the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Aguilar* at 986.

The SAC alludes to conduct between 2014 and 2016. (SAC, 6 and attached exhibits.) Two of his three bankruptcies were initiated later but neither mention his dispute here. (RJN, Exs. 8-14.) Under the bankruptcy code, all of a debtor's interests in property at the time his petition is filed, including any claims he may have, must be added to the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). Mr. Mayen abused the bankruptcy process by failing to schedule the claims he now alleges against Shellpoint. (*See* RJN, Exs. 7, 10, 13.) When a debtor fails to disclose all assets, he is judicially estopped from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Without judicial estoppel, the debtor "would gain a windfall by receiving the protection of the bankruptcy court without having disclosed a potential asset while retaining the possibility of a settlement or verdict" on the undisclosed claim. *Caviness v. England,* No. CIV S-04-2388 GEB DAD PS, 2007 WL 1302522, at *10-11 (E.D. Cal. May 3, 2007).

The same is true even where the bankruptcy is ultimately dismissed, as with Mr. Mayen's third bankruptcy. (ECF No. 18-2, Ex. 14.) *See Swendsen v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-02082, 2014 WL 1155794, at *6 (E.D. Cal. Mar. 21, 2014) ("Here, Plaintiff received the benefit of automatic stays under the bankruptcy code for both of his bankruptcies [including his second dismissed bankruptcy]. The bankruptcy court assumed the truth of Plaintiff's schedules, which stated that he did not have any potential claims when indeed he did."); *Sharp v. Nationstar Mortgage LLC*, No. 14-CV-00831, 2014 WL 4365116, at *6 (N.D. Cal. Sept. 3, 2014) (applying judicial estoppel where plaintiff's successive bankruptcy petitions were dismissed).

**B.   No Claim for "FDCPA, CCC and Fraud Violations"**

The latest iteration of Mr. Mayen's FDCPA claim is his third attempt to viably manipulate his allegations to survive dismissal. He fails. To state a claim under the FDCPA, a plaintiff must show: (1) he is a consumer; (2) the debt arises out of a transaction entered into for personal, family, or household purposes; (3) the defendant

qualifies as a debt collector under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA. *Freeman v. ABC Legal Servs., Inc.*, 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011). The only code provision alluded to by Mr. Mayen is 15 U.S.C. § 1692g(b) (SAC, 7:8), which this court has twice found Shellpoint did not violate. (Docs. 11 at 10:12-12:20 and 28 at 8:14-13:13.)

Beyond the singular reference to 15 U.S.C. § 1692g(b), Mr. Mayen fails to connect Shellpoint's conduct to any FDCPA provision. Instead, he accuses Shellpoint of violating the FDCPA by holding itself out to be the "servicer" of the loan, when in fact it was a "debt collector." (SAC, 8:15-27.) Confusing the two concepts, Mr. Mayen claims because Shellpoint is "merely a 'debt collector,'" it cannot "masquerade" as the "servicer." (SAC, 10:1-5.) In making this claim, Mr. Mayen relies on the court's prior order granting Shellpoint's motion to dismiss the original complaint but finding Shellpoint qualifies as a debt collector under the FDCPA because "the debt was in default at the time it was assigned to [Shellpoint]." (Doc. 11 at 10:4-11.)

Nowhere did the court find Shellpoint is not *also* Mr. Mayen's loan servicer; nor is there authority to support a debt collector cannot also be a mortgage servicer. And, while the law is unsettled on whether a loan servicer can qualify as a debt collector, those cases that do affirmatively find loan servicers also acted as debt collectors for purposes of the FDCPA in no way suggest the "debt collector" label is mutually exclusive with an entity's role as "servicer." *See, e.g., Heejoon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 683 (D. Haw. 2017) (citing *Amini v. Bank of Am. Corp.*, No. C11-0974RSL, 2013 WL 1898211, at *4 (W.D. Wash. May 6, 2013)) (a mortgage servicer is a "'debt collector' if the debt was in default when it took over the servicing obligations," even if the ownership of the loan remains with the original lender); *Yarney v. Ocwen Loan Servicing, LLC*, 929 F. Supp. 2d 569, 575 (W.D. VA 2013) ("Ocwen, the loan servicer in this case, is a debt collector under the meaning of the FDCPA"). Assuming Shellpoint qualifies as a debt collector here, that does not negate its role as servicer. More importantly, even as a debt collector, Shellpoint cannot be

liable under the FDCPA unless it "engages in activities prohibited by the FDCPA," none of which have been alleged. *Fitzgerald v. Bosco Credit, LLC*, No. 16-CV-01473-MEJ, 2016 WL 3844333, at *5 (N.D. Cal. July 15, 2016)

### C. Sarah A. Mayen is a Necessary and Indispensable Party

Mr. Mayen is one of two borrowers on this loan. (RJN, Ex. 1.) Co-borrower Sarah A. Mayen, is not a named party and, in her absence, the court cannot hear this case. A party to a contract generally is a necessary and indispensable party. *Martin v. City of Corning*, 25 Cal.App.3d 165, 169 (1972); *accord Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."); *see also School Dist. of the City of Pontiac v. Sec. of the U.S. Dep't of Ed.*, 584 F.3d 253 (6th Cir. 2009) ("It is hornbook law that all parties to a contract are necessary in an action challenging its validity or interpretation."). The loan agreement was plainly a contract. *See, e.g.*, *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 478-80 (1989) (recognizing loan agreement is a contract).

Ms. Mayen is a co-borrower on the loan whose rights and obligations would be impacted by the outcome in this case and it cannot go forward without her.

///
///
///
///
///
///
///
///
///

## V. CONCLUSION

For the third time, Mr. Mayen's complaint requires Shellpoint and the court to speculate on the factual bases for his claims and states no plausible ground for his suit. On top of these factual deficiencies, Mr. Mayen's claims are judicially estopped by his bankruptcies, and his claims cannot proceed without Sarah A. Mayen.  Having given him three opportunities to state a claim, the court should now dismiss Mr. Mayen's second amended complaint with prejudice.

Dated: October 1, 2018                                       Respectfully submitted,

**AKERMAN LLP**

By: */s/ Parisa Jassim*
       Preston K. Ascherin
       Parisa Jassim
Attorneys for Defendant
NEW PENN FINANCIAL, LLC
dba SHELLPOINT MORTGAGE SERVICING

AKERMAN LLP
601 West Fifth Street, Suite 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

7                                                       CASE NO. 3:16-CV-04472-MMC
**MEMORANDUM OF POINTS AND AUTHORITIES**
46441192;1