**AKERMAN LLP**
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
601 West 5th Street, Suite 300
Los Angeles, California 90071
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342

Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC dba SHELLPOINT MORTGAGE SERVICING,<br><br>　　　　Defendants | Case No. 3:17-CV-0050-JLS-MDO<br>Assigned to the Hon. Janis L. Sammartino<br><br>**DEFENDANT'S REPLY SUPPORTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Hearing Date:<br>Date:    December 6, 2018<br>Time:    1:30 p.m.<br>Crtrm.:   4D<br><br>Complaint Filed:  January 11, 2017<br>Trial Date:             None |

　　Shellpoint replies supporting its motion to dismiss plaintiff Julio Mayen's second amended complaint with prejudice.

## I. INTRODUCTION

For the third time, Mr. Mayen's opposition fails to meaningfully address substantive and procedural bars to relief. Relying on his own unsupported opinions, Mr. Mayen does not refute the deficiencies concerning judicial estoppel, his failure to connect Shellpoint's acts to alleged FDCPA violations, or Sarah Mayen's continued absence as a party. Instead, he now accuses Shellpoint of "trying to persuade" the court the Bank of New York Mellon "owns" his loan. The assertion is false. Mr. Mayen confuses entities and misunderstands the distinction between The Bank of New York Mellon (**BoNYM**) versus The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-07, Mortgage Pass-Through Certificates, Series 2005-07 (**BoNYM as trustee**).

As has been explained to Mr. Mayen countless times: Shellpoint services his loan on behalf of BoNYM *as trustee for the securitized trust*, not on behalf of BoNYM itself. The master servicer, as also explained in the exhibits attached to the opposition, is Bank of America, N.A[1].

## II. ARGUMENT

### A. Judicial Estoppel Bars This Case

Once again, Mr. Mayen insists he "withdrew" his prior bankruptcies, so they have "no bearing" on his complaint. (Opp., 11:22-24.) He later acknowledges failure to raise his claims, but states the omission was "unintentional." (Opp., 16:7.) These arguments miss the purpose of judicial estoppel.

Pendency of the bankruptcies when he filed suit and any purported "withdrawal" of the petitions are irrelevant, as is Mr. Mayen's underlying intent. *See Rose v. Beverly Health & Rehab. Servs., Inc.*, 356 B.R. 18, 25 (2005) ("…subjective intent of the

---

- [1] A "master servicer" is "the owner of the right to perform servicing. A master servicer may perform the servicing itself or do so through a subservicer." 12 C.F.R. § 1024.31. A "subservicer" is "a servicer that does not own the right to perform servicing, but that performs servicing on behalf of the master servicer." I*d*.

bankruptcy petitioner…is not relevant.  The duty of the bankruptcy petitioner is to disclose all actual and potential assets of the bankruptcy estate, not just those assets the petitioner may subjectively choose to pursue…Whether Plaintiff's intentions were innocent…does not directly enter into the determination of whether judicial estoppel applies").

Regardless of the disposition of Mr. Mayen's *three* bankruptcies, he did not schedule his present claims.  By 2016—when his two most recent bankruptcy petitions were filed—he was aware of the claims in this suit, which by his own account arose in 2014.  Once a debtor invokes bankruptcy relief and obtains its benefits, there is a duty to disclose all assets, including contingent and unliquidated claims.  In *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782-783 (9th Cir. 2001), "Hamilton clearly asserted inconsistent positions.  He failed to list his claims against State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the same claims." *Id*. at 784.  This nondisclosure was "the most compelling reason to bar him from prosecuting claims against State Farm." *Id*. at 785.

### B.   Mr. Mayen Confuses BoNYM and BoNYM as Trustee

Reviewing the motion to dismiss, the court "is limited to the facts as asserted within the four corners of the complaint and any attached documents." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).  Mr. Mayen's opposition brief introduces an entirely new—but equally untenable—theory Shellpoint misled him about the "owner" of his loan.  He contends BoNYM "reject[s] being the owner of his loan," while Shellpoint is "trying to persuade the court" otherwise.  (Opp. at 3:9-14.)  Shellpoint, however, never made any representations to this court or to Mr. Mayen suggesting BoNYM owned his loan.  Rather, Shellpoint accurately represented MERS assigned the beneficial interest in the deed of trust to BoNYM *as trustee* of the securitized trust—not the Bank of New York Mellon as a corporate entity.

District courts appreciate this distinction:

The features of residential mortgage-securitization trusts are well known in the recent annals of litigation. *See, e.g., Greenwich Fin. Svcs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23 (2d Cir.2010); *In re*

AKERMAN LLP
601 WEST 5TH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*IndyMac Mortgage–Backed Sec. Litig.*, 793 F.Supp.2d 637 (S.D.N.Y.2011). To raise funds for new mortgages, a mortgage lender sells pools of mortgages into trusts created to receive the stream of interest and principal payments from the mortgage borrowers. The right to receive trust income is parceled into certificates and sold to investors, called certificateholders. The trustee hires a mortgage servicer to administer the mortgages by enforcing the mortgage terms and administering the payments. The terms of the securitization trusts as well as the rights, duties, and obligations of the trustee, seller, and servicer are set forth in a Pooling and Servicing Agreement.

*BlackRock Financial Management Inc. v. Segregated Account of Ambac Assur. Corp.*, 673 F.3d 169, 173 (2nd Cir. 2012). Mr. Mayen presumably genuinely, though wrongly, equates BoNYM in its capacity as trustee for the trust with BoNYM in its own right. This confusion, however, does not give rise to a cognizable claim nor does it entitle to Mr. Mayen to a free home.

### C. Sarah A. Mayen Remains a Necessary and Indispensable Party

Ms. Mayen is not only a co-borrower on the loan, she is a documented and of-record co-owner of the property, rendering her an indispensable party under Federal Rule of Civil Procedure 19. *See also Susilo v. Wells Fargo Bank, N.A.*, 2012 WL 5878201 at *6 (C.D. Cal. 2012) (court held "current owner of the property" is deemed a Rule 19 indispensable party). As a record owner, Ms. Mayen's interests in the property are directly affected by this litigation, and her absence would "impair or impede [her] ability to protect th[at] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Shellpoint would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if she is not joined as an indispensable party, as she may subsequently file her own suit. Fed. R. Civ. P. 19(a)(1)(B)(ii).

///
///
///
///
///
///

## V. CONCLUSION

Like the two complaints before it, Mr. Mayen's second amended complaint faces insurmountable procedural and substantive hurdles, none of which were meaningfully addressed in his opposition. After nearly two years of litigation, these deficiencies warrant dismissal. Shellpoint respectfully requests this Court grant its motion, dismissing this action with prejudice.

Dated: November 29, 2018

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Parisa Jassim*
    Preston K. Ascherin
    Parisa Jassim
Attorneys for Defendant
NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE SERVICING

AKERMAN LLP
601 WEST 5TH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4
CASE NO. 3:17-CV-0050-JLS-MDO
**REPLY SUPPORTING MOTION TO DISMISS SAC**
47091383;1

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 601 West 5th Street, Suite 300, Los Angeles, CA 90071.

On **November 29, 2018**, I served the following documents

**DEFENDANT'S REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Julio Mayen<br>5335 Castle Peak Lane<br>Jamul, CA 91935 | Tel: 619.937.2307<br>Fax:<br>email: ekultan@gmail.com | *Plaintiff in Pro Per* |

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 29, 2018, at Los Angeles, California.

Helen E. Serrano-Port
(Type or print name)                    (Signature)