1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JULIO MAYEN,

                                    Plaintiff,

v.

NEW PENN FINANCIAL, LLC dba
SHELLPOINT MORTGAGE
SERVICING,

                                    Defendant.

Case No.: 17-CV-50 JLS (MDD)

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS**

(ECF No. 35)

22

23

24

25

26

27

28

    Presently before the Court is Defendant New Penn Financial, LLC dba Shellpoint
Mortgage Servicing's Motion to Dismiss Plaintiff's Second Amended Complaint ("Mot.,"
ECF No. 35). Also before the Court are Plaintiff Julio Mayen's Response in Opposition to
("Opp'n," ECF No. 37) and Defendant's Reply in Support of ("Reply," ECF No. 38) the
Motion. The Court vacated the hearing on the motion and took the matter under submission
pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 39. After considering the Parties'
arguments and the law, the Court **GRANTS** Defendant's Motion.

1

## BACKGROUND

On December 27, 2004, Plaintiff Julio Mayen purchased a residential property located at 15335 Castle Peak Lane, Jamul, California 91935 (the "Property") with a $1,088,000 loan, secured by a deed of trust on the Property, from Countrywide Home Loans, Inc. Second Amended Complaint ("SAC"), ECF No. 34 at 5. Plaintiff "allegedly defaulted on the loan" on March 1, 2009. *Id.* at 6. On January 7, 2014, Plaintiff alleges that he received a letter from Resurgent Capital Services L.P. ("Resurgent") stating that Resurgent acquired the servicing rights of Plaintiff's defaulted loan. *Id.*; Ex. A-1. In response, Plaintiff claims he "sent Resurgent a debt validation letter disputing the amount and validity of the debt" on January 31, 2014. *Id.*; Ex. B. On March 4, 2014, Plaintiff alleges he received a letter from Resurgent and Defendant Shellpoint indicating that the entities had merged and Resurgent transferred servicing rights to Defendant Shellpoint. *Id.*; Ex. C. In response, Plaintiff claims he "sent Shellpoint a 2nd Request for Debt Validation letter disputing the amount and validity of the debt" on March 31, 2014. *Id.*; Ex. D.

In response to his letters disputing his debt, Plaintiff alleges "Shellpoint . . . provided documents as if Plaintiff . . . requested a Qualified Written Request (QWR) instead of account-level documents substantiating the amount and validity of the debt." *Id.*; Ex. E. In addition, Plaintiff alleges that Defendant Shellpoint sent Plaintiff seven demands for payment without providing any "account-level documentation substantiating the amount of the debt." *Id.* at 6–7; Exs. F-1–F-7.

Plaintiff filed suit against Defendant on January 11, 2017, alleging causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* ("RFDCPA"). *See generally* ECF No. 1. Plaintiff brought three claims against Defendant: (1) Defendant's continued collection activity of a disputed debt violates FDCPA Section 1692g(b); (2) Defendant's false representation of the character and amount of Plaintiff's debt violates FDCPA Section 1692e(2)A; and (3) Defendant's violations of the FDCPA

constitute violations of the RFDCPA. *See generally id.* On March 17, 2017, Defendant moved to dismiss Plaintiff's complaint or for a more definite statement. ECF No. 6. The Court granted Defendant's motion and granted Plaintiff leave to amend. ECF No. 11.

Plaintiff then filed his First Amended Complaint ("FAC"), in which he alleged causes of action under the FDCPA and the RFDCPA. *See* FAC at 7–8. Defendant moved to dismiss, ECF No. 18, and the Court granted Defendant's motion, with leave to amend. ECF No. 29.

After failing timely to file an amended complaint, the Court issued an Order to Show Cause, ordering the case dismissed if Plaintiff failed to file his SAC within thirty days. ECF No. 33. Plaintiff then filed his SAC,[1] (ECF No. 34), which led to the present motions. In his SAC, Plaintiff alleges that Defendant acted fraudulently in violation of the FDCPA and RFDCPA. SAC at 10. Plaintiff seeks damages and the dismissal of all foreclosure proceedings. *See id.* at 13.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[1] Plaintiff's amended complaint is captioned "Third Amended Complaint." SAC at 1. The Court assumes he meant "Second Amended Complaint" and will refer to it as such.

17-CV-50 JLS (MDD)

*Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must construe the complaint and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). When a plaintiff appears pro se, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson*, 295 F.3d at 895. Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Furthermore, "before dismissing a pro se complaint the

4

district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## ANALYSIS

Defendant moves to dismiss Plaintiff's claims on three grounds: (1) judicial estoppel based on Plaintiff's three prior bankruptcies; (2) failure to state a claim under either the FDCPA or the RFDCPA; and (3) failure to include a necessary and indispensable party—co-borrower, Sarah A. Mayen. *See generally* Mot. The Court addresses each in turn.

### I. Judicial Estoppel

Defendant argues that judicial estoppel bars Plaintiff's claims because he failed to disclose his claims against Defendant in three previous bankruptcy proceedings. *See* Mot. at 1, 4–5. Plaintiff filed three voluntary bankruptcy petitions: the first petition was filed in February 2013 and dismissed in May 2013; the second was filed in August 2016 and dismissed in January 2017; and the third was filed in November 2016 and dismissed on March 7, 2017. *Id.* at 3. Plaintiff does not dispute he failed to disclose the present claims in those petitions. Opp'n at 16. He instead "pleads legal ignorance" because "Plaintiff is neither an attorney, lawyer, or law firm." *Id.* Plaintiff insists that his "oversight of leaving this claim out of the bankruptcies was purely unintentional." *Id.*

"Under the judicial estoppel doctrine, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 742–43 (2001) (citing *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Although there is no set formula, the Supreme Court has outlined three factors for courts to consider:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that

17-CV-50 JLS (MDD)

either the first or the second court was misled. Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750–51 (citations and quotations omitted). These factors are not "inflexible prerequisites or an exhaustive formula"; indeed, "[a]dditional considerations may inform the doctrine's application in specific factual contexts." *Id.* at 751.

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001); *see also Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause of action in bankruptcy schedules and disclosure statements estops the debtor from prosecuting that cause of action). This general rule "prevent[s] a party from gaining an advantage by taking inconsistent positions, but also [promotes] general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." *Hamilton*, 270 F.3d at 782 (citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)) (internal quotation marks omitted).

After weighing the applicable factors, the Court finds Plaintiff is judicially estopped from bringing his claims here. First, Plaintiff asserted inconsistent positions in his bankruptcies and the present case. The relevant events underlying this litigation occurred before Plaintiff filed his second and third bankruptcies and, therefore, Plaintiff had "knowledge of enough facts to know [of] a potential cause of action" against Defendants before he filed his bankruptcies. *See id.* at 784. Plaintiff concedes that he failed to disclose the claims against Defendant in his bankruptcy schedules. Opp'n at 16. Plaintiff has thus taken inconsistent positions. *See Hamilton*, 270 F.3d at 784 (finding the plaintiff "clearly asserted inconsistent positions" when "[h]e failed to list his claims against [the defendant] as an asset on his bankruptcy schedules, and then later sued [the defendant] on the same claims").

Second, the Court finds the bankruptcy court "accepted" Plaintiff's position. Plaintiff contends that he "withdrew all three of his bankruptcies prior to any judicial review" and, therefore, "they have no bearing on his Complaint." Opp'n at 11. Although the two relevant bankruptcies ended in dismissals, Plaintiff enjoyed the benefit of the automatic bankruptcy stays pursuant to 11 U.S.C. § 362 in both cases. This is sufficient to conclude the bankruptcy court accepted Plaintiff's position. *See Hamilton*, 270 F.3d at 784–85 (holding bankruptcy court need not actually discharge debt to accept a position and, instead, "may accept the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways," including an automatic stay); *see also Sharp v. Nationstar Mortgage, LLC*, No. 14-CV-00831-LHK, 2015 WL 106844, at *5 (N.D. Cal. Jan. 7, 2015) (finding automatic stay sufficient to meet judicial acceptance factor).

Third, Plaintiff derived an unfair advantage through his failure to disclose the claims. Plaintiff received the benefit of the automatic stays without having disclosed all of his potential assets. *See Hamilton*, 270 F.3d at 785 (finding plaintiff derived an unfair advantage because plaintiff enjoyed "the benefit of . . . an automatic stay"). Further, by not disclosing the claims, Plaintiff "deceived the bankruptcy court and thus undermined the integrity of the bankruptcy process." *See Sharp*, 2015 WL 106844, at *5; *see also HPG Corp. v. Aurora Loan Servs., LLC*, 436 B.R. 569, 578 (E.D. Cal. 2010) ("Where a debtor files successive petitions and obtains successive stays without full disclosure of all assets, the debtor derives an unfair advantage if he can later recover on undisclosed claims, and the bankruptcy system is laid bare for abuse.").

Plaintiff argues his failure to include the claims in his bankruptcies was a mistake due to legal ignorance. Opp'n at 16. The mistake, according to Plaintiff, was an "oversight" and "purely unintentional." *Id.* The Court agrees with Plaintiff that, even when the factors weigh in favor of applying judicial estoppel, "it may be appropriate to resist application of [the doctrine] 'when a party's prior position was based on inadvertence or mistake.'" *New Hampshire v. Maine*, 532 U.S. 742, 753 (2001). When a plaintiff-debtor asserts that the omission of a claim from a bankruptcy schedule is due to "inadvertence or

17-CV-50 JLS (MDD)

mistake" and reopens the prior bankruptcy proceedings to correct the mistake, the district court should apply an ordinary interpretation of "inadvertence or mistake." *Ah Quin v. Cnty. of Kauai Dept. of Transp.*, 733 F.3d 267, 277 (9th Cir. 2013). When, however, "a plaintiff-debtor has *not* reopened bankruptcy proceedings, a narrow exception" for inadvertence or mistake is appropriate. *Id.* at 272 (emphasis in original). Under this narrow interpretation, the court "asks only whether the debtor knew about the claim when he or she filed the bankruptcy schedules and whether the debtor had a motive to conceal the claim." *Id.* at 271. When knowledge of the claims is shown, this interpretation amounts to a presumption of manipulation because "the motive to conceal a claim from the bankruptcy court is, as other courts have explained, nearly always present." *Id.* (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005); *In re Coastal Plains, Inc.*, 179 F.3d 197, 212–13 (5th Cir. 1999)).

Here, after filing the present action, Plaintiff did not reopen his bankruptcy proceedings to reflect these claims. The Court therefore applies a presumption of manipulation. *See Ah Quin*, 733 F.3d at 272–73. The Court finds Plaintiff had knowledge of the claims when he filed his second and third bankruptcies and had a motive to conceal. And although Plaintiff cries "legal ignorance," Defendant has now raised this issue in three motions, giving Plaintiff three opportunities to correct his previously filed bankruptcies. He has failed to do so. Based on these facts, the Court concludes that Plaintiff's failure to include the claims in the bankruptcy schedules was not based on inadvertence or mistake. Accordingly, the Court finds that Plaintiff should be judicially estopped from pleading the present claims, **GRANTS** Defendant's Motion, and **DISMISSES** Plaintiff's SAC.

## II.  Failure to State a Claim

Defendant argues that, even if Plaintiff's claims are not judicially estopped, Plaintiff fails to allege facts sufficient to state a claim under the FDCPA or the RFDCPA. *See* Mot. at 1. The Court addresses each claim in turn.

///

///

### A. FDCPA Claims

Plaintiff contends that Defendant violated sections 1692g and 1692e(5) of the FDCPA. *See generally* SAC. First, the Court finds that Plaintiff fails to sufficiently plead his claims under section 1692g. In its previous Orders, the Court found that Defendant's letters met the initial disclosure requirements of section 1692g(a) and that "because Defendant's letters met the verification requirements under the FDCPA, Plaintiff fails to state a claim under 15 U.S.C. § 1692g(b)." ECF No. 29 at 13. Plaintiff alleges the same relevant facts and timeline in his SAC as his FAC, *see generally* SAC, simply re-stating that Defendant provided "false and misleading Qualified Written Request (QWR) documentation . . . instead of the requested authenticated, account-level documents verifying the amount, validity of the debt, and the true 'Creditor's' name and address." *Id.* at 6. The Court previously found that the letter in response to Plaintiff's request sufficiently stated in writing the amount demanded and the amount Defendant claimed was owed. *See* ECF No. 29 at 11. Plaintiff does not allege any new facts that suggest the Court should reassess its prior holding and, thus, the Court again finds that Plaintiff failed to state a claim under section 1692g(b).

Next, the Court finds that Plaintiff fails to sufficiently plead his claims under section 1692e. The Court previously found Plaintiff's original complaint failed to state a claim under this section because "Plaintiff's debt validation letter was untimely and Defendant was under no obligation to verify the debt." ECF No. 11 at 13. The Court dismissed Plaintiff's section 1692e claim in his FAC for failure to state a claim because Defendant's correspondence to Plaintiff were not false, misrepresentative, or misleading. ECF No. 29 at 14–15. Now, in his SAC, Plaintiff alleges that Defendant's documents were all fraudulent because the Court previously ruled that Defendant is a debt collector but Defendant's documents state that they are a "servicer." *See* SAC at 8. Plaintiff alleges that Defendant "masqueraded as the 'Servicer' on all of Plaintiff's account paperwork, all while knowing he was merely a 'debt collector' with no legal right or power to file a foreclosure case against Plaintiff." *Id.* at 10. Plaintiff also alleges that "Defendant knowingly filed

9

fraudulent federal documents by stating it was the 'Servicer' . . . when Defendant knew it was only a 'Debt Collector.'" *Id.* at 12.

The Court finds this allegation not sufficient to state a claim. The Court's determination that Defendant qualifies as a debt collector for purposes of the FDCPA does not preclude it from also appropriately labeling itself as a servicer. The Court cannot find, and the parties have not provided, any authority that states the terms are mutually exclusive. Perhaps most importantly, Plaintiff does not state any facts alleging how Defendant's use of the label "servicer" was false misleading.

Even taking all of Plaintiff's facts as true, the Court finds he has failed to plead sufficient allegations to sustain claims under the FDCPA.

### B.    RFDCPA Claims

Plaintiff alleges that Defendant's actions constitute violations of the RFDCPA under California Civil Code sections 1788.13 and 1788.17. *See* SAC at 7, 12. As California's version of the FDCPA, the RFDCPA "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17). Therefore, whether a debt collector's conduct "violates the [RFDCPA] turns on whether it violates the FDCPA." *Id.* Because Plaintiff's RFDCPA claims are based on the same allegations as his FDCPA claims, the analysis above, *see supra* section II.A, applies here as well and Plaintiff's RFDCPA claims must also fail.

### III.   Failure to Include a Necessary and Indispensable Party

Finally, Defendant argues that Plaintiff's failure to join Sarah A. Mayen, a co-borrower on the mortgage loan, as an indispensable party is a sufficient basis for dismissal. Mot. at 6. Because the Court has determined Plaintiff's claims are judicially estopped and Plaintiff fails to state a claim, the Court need not reach this argument.

### IV.   Leave to Amend

Finally, the Court must consider whether to grant leave to amend. When determining whether to grant leave to amend, Federal Rule of Civil Procedure 15(a)(2)

17-CV-50 JLS (MDD)

instructs Courts to "freely give leave when justice so requires."  Leave to amend, however, may be denied at the District Court's discretion for reasons including "repeated failure to cure deficiencies by amendments previously allowed, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is a strong showing that amendment would be futile based on Plaintiff's repeated failures to cure known deficiencies.  Plaintiff has had three opportunities to re-plead his causes of action with sufficient factual allegations to state a claim for relief. Plaintiff has not amended his complaint to state new causes of action; rather, each amendment attempted to cure the factual deficiencies the Court noted in this and prior Orders.  Each complaint failed. Failure to correct identified deficiencies "is a strong indication that the plaintiffs have no additional facts to plead."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)).  Moreover, the Court has now ruled that judicial estoppel constitutes a separate ground for dismissal, one that Plaintiff cannot —and previously has taken no steps to—cure.  Based on these facts, the Court **DENIES** leave to amend.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 35) **WITHOUT LEAVE TO AMEND**.  This ends the litigation.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated:  August 12, 2019

Hon. Janis L. Sammartino
United States District Judge